VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice*)
FCCimino@venable.com
Megan S. Woodworth (*pro hac vice*)
MSWoodworth@venable.com
Charles J. Monterio, Jr. (*pro hac vice*)
CJMonterio@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Attorneys for Plaintiff*
*Viavi Solutions Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PLATINUM OPTICS TECHNOLOGY INC., <br><br> Defendant. | Case No. 5:20-cv-05501-EJD <br><br> **PLAINTIFF VIAVI SOLUTIONS INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ENTRY OF PROTECTIVE ORDER** |

Viavi submits that its proposed phrase, "low angle shift optical filters," is more appropriate for use in any prosecution bar provision in this litigation than PTOT's broad use of "optical filters" or even their revised proposal of "optical interference filters."  Viavi's phrase more closely reflects the subject matter of the patents-in-suit.  And the proper subject matter of a prosecution bar should be coextensive with the subject matter of the patents-in-suit.  *See Cheah IP LLC v. Plaxo, Inc.*, 2009 WL 1190331, at *2–3 (N.D. Cal. May 4, 2009) (citing *Cummins–Allison Corp. v. Glory, Ltd.*, 2003 U.S. Dist. LEXIS 23653, at *31–32 (N.D. Ill. Dec. 31, 2003) (a bar against prosecution relating to the subject matter of the patents-in-suit is the language routinely employed when imposing a patent prosecution bar).

The three patents-in-suit: U.S. Patent Nos. 9,354,369, 9,588,269 and 10,222,526 (collectively, "the Asserted Patents.") descend from the same technical disclosure, which is directed to optical filters that achieve a low center wavelength shift with change in incidence angle – which is commonly known as "low angle shift optical filters."

In general, an optical filter is a device that selectively transmits light of different wavelengths.  Almost all filters exhibit interference properties as they have layers of varying index and spectral properties which are primarily the result of interference.  They have an infinite variety of attributes in terms of the materials used, the wavelengths of light they transmit and suppress, their optical characteristics and the type of optical system in which they are deployed.  As the Asserted Patents explain, an optical filter's characteristics are controlled by selecting different materials for the layers that create it and changing their respective count and thickness.

The Asserted Patents describe specific optical filters that are useful for gesture-recognition systems and other 3D sensing systems.  *Id*. at 1:24-29.  In such systems, these optical filters transmit reflected "light to [a] 3D image sensor, while substantially blocking ambient light" that would otherwise make it to the 3D sensor.  *Id*. at 1:30-38.  These optical filters *use an "improved" hydrogenated silicon material* "to reduce the number of layers, the total coating thickness, and the center-wavelength shift with change in incidence angle."  *Id.* at 2:20-23.  They are designed to have a "wide angle acceptance range," so that they can receive light over a range of incident angles, such as between 0° to 30°.  *Id*. at 7:55-59.  The Asserted Patents teach ways

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

1  of *"tuning" the hydrogenated silicon material* to have suitable optical properties that achieve the
2  described advantages.  *Id.* at 4:66-5:4; *see e.g.*, *id.* at 6:7-7:6.  The Asserted Patents' focus – and
3  the proper scope of any prosecution bar – is directed to these "low angle shift optical filters."

4  The relevant inquiry is whether the subject matter relates to an optical filter that uses a
5  high index material such as hydrogenated silicon to achieve a low center wavelength shift, i.e.,
6  "low angle shift optical filters" – not simply whether it is an optical filter.  Contrary to PTOT's
7  proposal, the Asserted Patents do not generically encompass all forms of optical filters.  PTOT's
8  proposed phrase encompasses infinite forms of optical filters (e.g., square bandpass, wide
9  bandpass, long wavepass, short wavepass, variable filter, polarizing filters, antireflective
10 coatings, beamsplitting filters, etc.) – all beyond the subject matter of the Asserted Patents.  In
11 fact, the generic phrase "optical filter" is so broad it encompasses nearly 28,000 patents (based
12 on a search conducted in the USPTO Patent Database).  By contrast, a similar search limited to
13 patents including "angle shift" and "filter" reduces the resulting patents to about 600, including
14 the Asserted Patents.[1]  In sum, PTOT's proposed prosecution bar is overly broad in its defined
15 scope as well as the activities it would preclude that do not relate to claim scope directly.

16 Dated: January 20, 2021          By:          VENABLE LLP

17                                                      */s/ William A. Hector*
                                                        Frank C. Cimino, Jr. (*pro hac vice*)
18                                                      FCCimino@venable.com
                                                        Megan S. Woodworth (*pro hac vice*)
19                                                      MSWoodworth@venable.com

---

[1] Viavi understands PTOT intends to concede that "optical filters" is too broad and alternatively proposes "optical interference filters."  That phrase, however, likewise unnecessarily encompasses prior art and forms of optical filters that do not relate to the subject matter of the Asserted Patents as explained above.  The USPTO reports more than 10,600 issued patent results that discuss interference with "optical filters."  Moreover, the "optical interference filter" phrase provides no more of a bright line test for attorneys than "optical filters."  Contrary to PTOT's potential assertions, absorptive and interference filters are not mutually exclusive.  Optical filters can have absorptive and interference properties, especially at different wavelengths.  Simply having interference properties does not necessarily make it an interference filter as light has interference properties at every interface it goes through or interacts with (e.g., reflects).

|   |   |
|---|---|
| 1 | |
| 2 | Charles J. Monterio, Jr. (*pro hac vice*) |
|   | CJMonterio@venable.com |
|   | 600 Massachusetts Avenue, NW |
| 3 | Washington, D.C. 20001 |
|   | Telephone: (202) 344-4569 |
| 4 | Facsimile: (202) 344-8300 |

Charles J. Monterio, Jr. (*pro hac vice*)
CJMonterio@venable.com
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4569
Facsimile: (202) 344-8300

William A. Hector
WAHector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3738
Facsimile: (415) 653-3755

*Attorneys for Viavi Solutions Inc.*

-3-

CASE NO. 5:20-CV-05501-EJD

VIAVI'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ENTRY OF PROTECTIVE ORDER