UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

VIAVI SOLUTIONS INC.,

      Plaintiff,

      v.

PLATINUM OPTICS TECHNOLOGY INC.,

      Defendant.

Case No. 5:20-cv-05501-EJD-SvK

**STIPULATED PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

      2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

-1-

1   of Civil Procedure 26(c).

2       2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

3   well as their support staff).

4       2.4    Designating Party: a Party or Non-Party that designates information or items that

5   it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7       2.5    Disclosure or Discovery Material: all items or information, regardless of the

8   medium or manner in which it is generated, stored, or maintained (including, among other things,

9   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

10   responses to discovery in this matter.

11       2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to

12   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

13   as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

14   competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

15   or of a Party's competitor.

16       2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

17   Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

18   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

19   less restrictive means.

20       2.8    House Counsel: attorneys who are employees of a party to this action. House

21   Counsel does not include Outside Counsel of Record or any other outside counsel.

22       2.9    Non-Party: any natural person, partnership, corporation, association, or other legal

23   entity not named as a Party to this action.

24       2.10    Outside Counsel of Record: attorneys who are not employees of a party to this

25   action but are retained to represent or advise a party to this action and have appeared in this

26   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

27   that party.

28       2.11    Party: any party to this action, including all of its officers, directors, employees,

-2-

1  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2     2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

3  Material in this action.

4     2.13    Professional Vendors: persons or entities that provide litigation support services

5  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

6  organizing, storing, or retrieving data in any form or medium) and their employees and

7  subcontractors.

8     2.14    Protected Material: any Disclosure or Discovery Material that is designated as

9  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10    2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a

11 Producing Party.

12 3.    SCOPE

13    The protections conferred by this Stipulation and Order cover not only Protected Material

14 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

15 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

16 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

17 However, the protections conferred by this Stipulation and Order do not cover the following

18 information: (a) any information that is in the public domain at the time of disclosure to a

19 Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

20 a result of publication not involving a violation of this Order, including becoming part of the

21 public record through trial or otherwise; and (b) any information known to the Receiving Party

22 prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

23 obtained the information lawfully and under no obligation of confidentiality to the Designating

24 Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

25 4.    DURATION

26    Even after final disposition of this litigation, the confidentiality obligations imposed by

27 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

28 order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

-3-

1  claims and defenses in this action, with or without prejudice; or (2) final judgment herein after

2  the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this

3  action, including the time limits for filing any motions or applications for extension of time

4  pursuant to applicable law.

5  5.       DESIGNATING PROTECTED MATERIAL

6       5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

7  or Non-Party that designates information or items for protection under this Order must take care

8  to limit any such designation to specific material that qualifies under the appropriate standards.

9  To the extent it is practical to do so, the Designating Party must designate for protection only

10  those parts of material, documents, items, or oral or written communications that qualify – so

11  that other portions of the material, documents, items, or communications for which protection is

12  not warranted are not swept unjustifiably within the ambit of this Order.

13       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

14  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

15  unnecessarily encumber or retard the case development process or to impose unnecessary

16  expenses and burdens on other parties) expose the Designating Party to sanctions.

17       If it comes to a Designating Party's attention that information or items that it designated

18  for protection do not qualify for protection at all or do not qualify for the level of protection

19  initially asserted, that Designating Party must promptly notify all other parties that it is

20  withdrawing the mistaken designation.

21       5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

22  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

23  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

24  designated before the material is disclosed or produced.  Designation in conformity with this

25  Order requires:

26       (a)     for information in documentary form (e.g., paper or electronic documents,

27  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

28  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

-4-

1   EYES ONLY" to each page that contains protected material. If only a portion or portions of the

2   material on a page qualifies for protection, the Producing Party also must clearly identify the

3   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

4   each portion, the level of protection being asserted.

5          A Party or Non-Party that makes original documents or materials available for inspection

6   need not designate them for protection until after the inspecting Party has indicated which

7   material it would like copied and produced. During the inspection and before the designation, all

8   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

10  copied and produced, the Producing Party must determine which documents, or portions thereof,

11  qualify for protection under this Order. Then, before producing the specified documents, the

12  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

14  Material. If only a portion or portions of the material on a page qualifies for protection, the

15  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

16  markings in the margins) and must specify, for each portion, the level of protection being

17  asserted.

18              (b)     for testimony given in deposition or in other pretrial or trial proceedings,

19  that the Designating Party identify on the record, before the close of the deposition, hearing, or

20  other proceeding, all protected testimony and specify the level of protection being asserted.

21  When it is impractical to identify separately each portion of testimony that is entitled to

22  protection and it appears that substantial portions of the testimony may qualify for protection, the

23  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

24  is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

25  which protection is sought and to specify the level of protection being asserted. Only those

26  portions of the testimony that are appropriately designated for protection within the 21 days shall

27  be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

28  Party may specify, at the deposition or up to 21 days afterwards if that period is properly

-5-

1    invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

2    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3            Parties shall give the other parties notice if they reasonably expect a deposition, hearing

4    or other proceeding to include Protected Material so that the other parties can ensure that only

5    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

6    (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

7    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9            Transcripts containing Protected Material shall have an obvious legend on the title page

10   that the transcript contains Protected Material, and the title page shall be followed by a list of all

11   pages (including line numbers as appropriate) that have been designated as Protected Material

12   and the level of protection being asserted by the Designating Party. The Designating Party shall

13   inform the court reporter of these requirements. Any transcript that is prepared before the

14   expiration of a 21-day period for designation shall be treated during that period as if it had been

15   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

16   otherwise agreed. After the expiration of that period, the transcript shall be treated only as

17   actually designated.

18            (c)    for information produced in some form other than documentary and for

19   any other tangible items, that the Producing Party affix in a prominent place on the exterior of

20   the container or containers in which the information or item is stored the legend

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a

22   portion or portions of the information or item warrant protection, the Producing Party, to the

23   extent practicable, shall identify the protected portion(s) and specify the level of protection being

24   asserted.

25            5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

26   designate qualified information or items does not, standing alone, waive the Designating Party's

27   right to secure protection under this Order for such material. Upon timely correction of a

28   designation, the Receiving Party must make reasonable efforts to assure that the material is

Case No. 5:20-CV-05501-EJD-SVK

STIPULATED PROTECTIVE ORDER

1 treated in accordance with the provisions of this Order.

2 6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

3      6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of

4 confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

5 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

6 burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

7 challenge a confidentiality designation by electing not to mount a challenge promptly after the

8 original designation is disclosed.

9      6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution

10 process by providing written notice of each designation it is challenging and describing the basis

11 for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

12 notice must recite that the challenge to confidentiality is being made in accordance with this

13 specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

14 good faith and must begin the process by conferring directly (in voice to voice dialogue; other

15 forms of communication are not sufficient) within 14 days of the date of service of notice. In

16 conferring, the Challenging Party must explain the basis for its belief that the confidentiality

17 designation was not proper and must give the Designating Party an opportunity to review the

18 designated material, to reconsider the circumstances, and, if no change in designation is offered,

19 to explain the basis for the chosen designation. A Challenging Party may proceed to the next

20 stage of the challenge process only if it has engaged in this meet and confer process first or

21 establishes that the Designating Party is unwilling to participate in the meet and confer process in

22 a timely manner.

23      6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court

24 intervention, the Parties shall file a joint discovery letter brief in compliance with the procedures

25 set forth in ¶ 7 of Magistrate Judge van Keulen's Civil and Discovery Referral Matters Standing

26 Order (June 2020).

27      The burden of persuasion in any such challenge proceeding shall be on the Designating

28 Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

-7-

1  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

2  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

3  file a motion to retain confidentiality as described above, all parties shall continue to afford the

4  material in question the level of protection to which it is entitled under the Producing Party's

5  designation until the court rules on the challenge.

6  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7         7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed

8  or produced by another Party or by a Non-Party in connection with this case only for

9  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

10 disclosed only to the categories of persons and under the conditions described in this Order.

11 When the litigation has been terminated, a Receiving Party must comply with the provisions of

12 section 15 below (FINAL DISPOSITION). Protected Material must be stored and maintained by

13 a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the

14 persons authorized under this Order.

15        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

16 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

17 disclose any information or item designated "CONFIDENTIAL" only to:

18        (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

19 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

21 Bound" that is attached hereto as Exhibit A;

22        (b)     the officers, directors, and employees (including House Counsel) of the

23 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

24 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25        (c)     Experts (as defined in this Order) of the Receiving Party to whom

26 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

27

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any
28 electronic Protected Material in password-protected form.

-8-

1    and Agreement to Be Bound" (Exhibit A);

2                    (d)      the court and its personnel;

3                    (e)      court reporters and their staff, professional jury or trial consultants, and

4    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

5    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6                    (f)      during their depositions, witnesses in the action to whom disclosure is

7    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

8    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

9    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

10   separately bound by the court reporter and may not be disclosed to anyone except as permitted

11   under this Stipulated Protective Order; and

12                   (g)      the author or recipient of a document containing the information or a

13   custodian or other person who otherwise possessed or knew the information.

14           7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

15   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

16   Designating Party, a Receiving Party may disclose any information or item designated

17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

18                   (a)      the Receiving Party's Outside Counsel of Record in this action, as well as

19   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

21   Bound" that is attached hereto as Exhibit A;

22                   (b)      Experts of the Receiving Party (1) to whom disclosure is reasonably

23   necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

24   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

25   have been followed];

26                   (c)      the court and its personnel;

27                   (d)      court reporters and their staff, professional jury or trial consultants, and

28   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

-9-

1    have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

2              (e)      the author or recipient of a document containing the information or a

3    custodian or other person who otherwise possessed or knew the information.

4          7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

6              (a)      Unless otherwise ordered by the court or agreed to in writing by the

7    Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

8    information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

9    EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating

10   Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

11   EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert,

12   (2) sets forth the full name of the Expert and the city and state of his or her primary residence,

13   (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

14   employer(s), (5) identifies each person or entity from whom the Expert has received

15   compensation or funding for work in his or her areas of expertise or to whom the expert has

16   provided professional services, including in connection with a litigation, at any time during the

17   preceding five years, and (6) identifies (by name and number of the case, filing date, and location

18   of court) any litigation in connection with which the Expert has offered expert testimony,

19   including through a declaration, report, or testimony at a deposition or trial, during the preceding

20   five years.

21             (b)      A Party that makes a request and provides the information specified in the

22   preceding respective paragraphs may disclose the subject Protected Material to the identified

23   Expert unless, within 14 days of delivering the request, the Party receives a written objection

24   from the Designating Party. Any such objection must set forth in detail the grounds on which it is

25   based.

26             (c)      A Party that receives a timely written objection must meet and confer with

27   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

28   agreement within seven days of the written objection. If no agreement is reached, the Parties

-10-

1  shall file a joint discovery letter brief in compliance with the procedures set forth in ¶ 7 of

2  Magistrate Judge van Keulen's Civil and Discovery Referral Matters Standing Order (June

3  2020).

4         In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

5  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

6  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7  8.       PROSECUTION BAR

8         Absent written consent from the Producing Party, any individual who receives access to

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved

10  in the prosecution of patents or patent applications relating to an optical interference filter having

11  a high refractive index layer that includes hydrogen and silicon, including without limitation the

12  patents asserted in this action and any patent or application claiming priority to or otherwise

13  related to the patents asserted in this action, before any foreign or domestic agency, including the

14  United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph,

15  "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

16  the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this

17  paragraph does not include representing a party challenging a patent before a domestic or foreign

18  agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

19  reexamination). Any counsel who has reviewed information designated HIGHLY CONFIDENTIAL

20  – ATTORNEYS' EYES ONLY under the Protective Order is permitted to participate in post-grant

21  proceedings (i.e., patent challenging proceedings) before any domestic or foreign agency (including,

22  but not limited to, inter partes review (IPR), post-grant review, a reissue protest, an opposition before

23  a foreign agency, ex parte reexamination or inter partes reexamination), but may not participate in

24  drafting or amending claims as part of those proceedings.  This Prosecution Bar shall begin when

25  access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first

26  received by the affected individual and shall end two (2) years after final termination of this

27  action.

28

-11-

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
<u>LITIGATION</u>

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>
<u>LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

-12-

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

-13-

1  produced material is subject to a claim of privilege or other protection, the obligations of the

2  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

3  provision is not intended to modify whatever procedure may be established in an e-discovery

4  order that provides for production without prior privilege review. Pursuant to Federal Rule of

5  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

6  communication or information covered by the attorney-client privilege or work product

7  protection, the parties may incorporate their agreement in the stipulated protective order

8  submitted to the court.

9  13.    MISCELLANEOUS

10      13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

11  seek its modification by the court in the future.

12      13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

13  Order no Party waives any right it otherwise would have to object to disclosing or producing any

14  information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

15  no Party waives any right to object on any ground to use in evidence of any of the material

16  covered by this Protective Order.

17      13.3    Filing Protected Material. Without written permission from the Designating Party

18  or a court order secured after appropriate notice to all interested persons, a Party may not file in

19  the public record in this action any Protected Material. A Party that seeks to file under seal any

20  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be

21  filed under seal pursuant to a court order authorizing the sealing of the specific Protected

22  Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

23  request establishing that the Protected Material at issue is privileged, protectable as a trade

24  secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

25  Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then

26  the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

27  Rule 79-5(e)(2) unless otherwise instructed by the court.

28

14.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   February 3, 2021

*/s/ Frank C. Cimino, Jr.*

Frank C. Cimino, Jr. (*pro hac vice*)
FCCimino@venable.com
Megan S. Woodworth (*pro hac vice*)
MSWoodworth@venable.com
Charles J. Monterio, Jr. (*pro hac vice*)
CJMonterio@venable.com
VENABLE LLP
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA  94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Attorneys for Plaintiff Viavi Solutions Inc.*

-15-

1

2    DATED:    February 3, 2021                    */s/ David S. Bloch*
                                                   David S. Bloch (SBN 184530)
3                                                  blochd@gtlaw.com
                                                   GREENBERG TRAURIG, LLP
4                                                  Four Embarcadero Center, Suite 3000
                                                   San Francisco, California 94111
5                                                  Telephone: 415.655.1300
                                                   Facsimile: 415.520.5609

6                                                  Vivian S. Kuo (*pro hac vice* to be filed)
                                                   kuov@gtlaw.com
7                                                  Andrew Sommer (*pro hac vice* to be filed)
                                                   sommera@gtlaw.com
8                                                  GREENBERG TRAURIG, LLP
                                                   2101 L Street, NW, Suite 1000
9                                                  Washington, DC  20037
                                                   Telephone: 202.331.3100
10                                                 Facsimile: 202.261.4747

11                                                 *Attorneys for Defendant*
                                                   *Platinum Optics Technology Inc.*

12

13   PURSUANT TO STIPULATION, IT IS SO ORDERED.

14
     DATED: _____          _____
15                                         Honorable Edward J. Davila
                                           United States District/Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

-16-