# Exhibit 1

(Redacted Version of Document Sought to be Sealed)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIAVI SOLUTIONS INC., § § § Plaintiff, § § v. § § PLATINUM OPTICS TECHNOLOGY INC., § § Defendant. § § | Case No. 5:20-cv-05501-EJD |

**PLAINTIFF VIAVI SOLUTIONS INC.'S FIRST SET OF INTERROGATORIES
TO DEFENDANT PLATINUM OPTICS TECHNOLOGY INC. (NOS. 1-18)**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Viavi Solutions Inc. ("Viavi"), by and through its undersigned counsel, hereby issues these Interrogatories and requests that Defendant Platinum Optics Technology Inc. answer each of the following Interrogatories separately, fully, completely, in writing, and under oath, within thirty (30) days of service hereof, in accordance with the Federal Rules of Civil Procedure and the Definitions and Instructions provided below.

**DEFINITIONS**

1. The "'369 patent" means U.S. Patent No. 9,354,369.

2. The "'269 patent" means U.S. Patent No. 9,588,269.

3. The "'995 patent" means U.S. Patent No. 9,945,995.

4. The "'526 patent" means U.S. Patent No. 10,222,526.

5. "Asserted Patents" means the '369, '269, and '526 patents collectively.

6. "Asserted Claims" means the claims of the Asserted Patents identified in the Complaint filed by Viavi on August 7, 2020 and all exhibits thereto or identified in Viavi's

1

Infringement Contentions served on December 3, 2020, and any additional claims identified by Viavi during this litigation as being infringed.

7. "Accused Filter" means any optical filter comprising at least two layers of Hydrogenated Silicon manufactured by PTOT made, used, sold, offered for sale, or imported into the United States by PTOT, any third party on behalf of PTOT, or any other third party since May 1, 2020, including, but not limited to, any optical filter comprising at least two layers of Hydrogenated Silicon manufactured by PTOT provided to a third party that is subsequently incorporated into products that are sold, offered for sale, or imported into the United States.

8. "Accused Sensor" means any lens or sensor assembly, or lens or sensor module that includes an Accused Filter, which is manufactured or sold by PTOT.

9. "Accused Device" means any mobile phone or tablet computer made, used, sold, offered for sale, or imported into the United States, whose componentry includes an Accused Filter and/or Accused Sensor, including, but not limited to, ███████████████████████ ██████

10. "Accused Product" means all Accused Filters, Accused Sensors, and Accused Devices collectively.

11. "Hydrogenated Silicon" includes any hydrogenated silicon layer including nitrogen or nitride and hydrogenated silicon nitride.

12. "Low Angle Shift Filter Product" means any optical filter product with a center wavelength shift less than 20 nm (nanometers) when an incidence angle changes from 0º to 30º.

13. "Viavi Low Angle Shift Filter" means any optical filter comprising at least two layers of Hydrogenated Silicon manufactured by Viavi.

2

14. "Action" means and refers to the above-captioned civil action, Case No. 5:20-cv-05501-EJD

15. "Complaint" means and refers to the complaint filed by Viavi, including all exhibits attached thereto, in this Action.

16. "Related Foreign Actions" means and refers to patent infringement lawsuits between Viavi and PTOT in China and Taiwan concerning PTOT's infringement of foreign counterparts to the Asserted Patents.

17. "Communication" means every manner of disclosure, transfer, or exchange of information whether orally or by Document or whether face-to-face, by telephone, mail, e-mail, telegram, telex, or telefax, personal delivery, social media, or otherwise.

18. "Describe in detail" as referred to herein shall mean to set forth with particularity and precision the underlying facts and substance of the requested matter and to Identify any natural person, company, business entity, document, meeting, communication, and any other fact, person, or thing involved in or related to that matter.

19. "Document" means each and every writing, whether an original, a draft, or a copy, however reproduced, and each and everything from which information can be processed or transcribed, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including, but not limited to, the examples set forth in Federal Rules of Evidence 1001. Any Document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified and/or produced as a separate Document.

20. "Identify" means:

    a. when used with reference to a Document, state the Bates number(s) of the Document;

    b. when used with reference to an oral communication, state the time and place of the oral communication, identify the person who made the oral communication and each person who was present (in person or by telephone or other communications means) when it was made, state its subject matter and contents, and identify each document which refers thereto or which was prepared as a consequence of the oral communication;

    c. when used with reference to a person, state the person's full name, correct employer, job title, and address; and

    d. when used with reference to a Thing, present for examination or describe the Thing and its location in a manner sufficient to differentiate that particular Thing.

21. "Person" means any natural person or any business, legal or governmental entity or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or other entity.

22. "PTOT," "You," or "Your" means Platinum Optics Technology Inc., and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all officers, employees, investors, representatives, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing.

23. "Thing" has the meaning prescribed in Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a Document, in Your possession, custody, or control.

24.     The terms "concerning," "relate to," "related to" or "relating to" shall mean embodying, pertaining, involving, constituting, commenting upon, comprising, reflecting, discussing, describing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

25.     The words "and," "or" or "and/or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

26.     The terms "any" and "all" shall include "each and every."

27.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.     Each Interrogatory shall be answered based on Your entire knowledge, from all sources, after an appropriate and good faith inquiry has been made and a search has been conducted.

2.     These Interrogatories are continuing in nature so as to require You to timely supplement its responses to the extent called for by the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California.

3.     If Your answer to any of the Interrogatories derives from a Document, Identify and produce such Document.

4.     If any Document, Thing, or source of information that is identified in a response to an Interrogatory has been lost or destroyed, or is otherwise missing, state, with regard to such: (a) the date of such destruction or loss; (b) the reason for such destruction or loss; (c) the identity of the person or persons who destroyed or lost the Document, Thing, or source of information; and (d) the identity of the person or persons who authorized such destruction.

5. If You cannot answer any Interrogatory in full, answer to the extent possible, explain why You cannot answer the remainder, state the nature of the information and knowledge that You can furnish, and provide a supplemental response when You obtain more information.

6. In the event You object to any Interrogatory or subpart, respond to that portion which is unobjectionable and to specifically identify that portion of the Interrogatory that is allegedly objectionable.

7. To the extent that You allege that the meaning of any term in these Interrogatories is unclear, vague, and/or ambiguous, You are to assume a reasonable meaning, state that assumed reasonable meaning, and answer the Interrogatory on the basis of that assumed reasonable meaning.

8. If You maintain that any exemption(s) or privilege(s) exists, You shall fully and completely identify the specific exemption or privilege that You claim exists as to the Interrogatory, and to the extent that any information is withheld on the basis of such exemption or privilege, state the following: the specific ground(s) for not producing the information, Document or Thing in full; the bases for such a claim of privilege or immunity; and identification of the information, Document, or material for which such privilege or immunity is asserted, including, but not limited to, describing the nature of the Document (e.g., letter, memorandum, electronic mail, etc.); summarize the subject matter of the Document; the name of the Document; the number of pages in the Document; the name, address and title of its author, each addressee, each person to whom a copy of the Document or Thing has been sent or received; and the date of the Document.

9. In identifying any relevant Documents, whether or not those Documents are presently in existence, attach the Document or refer to the Document by Bates number; or alternatively, state: the date of the Document; the name and address of its author(s); the name and

address of each addressee; the name and address of each recipient; the type of Document (e.g. "letter," "memorandum"); the present location and the custodian of the original, or if unknown, its last known location and custodian; the present location and custodian of each copy, or if unknown, its last known location or custodian; if any Document is no longer in your possession, custody or control, describe the disposition of the Document, the reason or reasons for such disposition, and the date thereof; and the subject matter thereof.

10. In identifying any relevant persons, state the person's: full name; present business address, or if unavailable, last known business address; present home address, if a natural person, or if unavailable, last known business affiliation, if a natural person, or if unavailable, last known business affiliation; and the job title and description of the duties and responsibilities of such person, including all changes thereto.

11. In identifying any relevant Communications not reflected in any Document, state a brief description of the subject matter communicated; the date on which it took place; the means of communication (e.g., "personal conversation," "telephone"); the place or places where it occurred; and the identity of each person who participated in the Communication.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Accused Filters made, used, sold, offered for sale, or imported into the United States by PTOT, a third party on behalf of PTOT, or any third party, and for each such use, sale, offer for sale, or importation of the Accused Filters, Identify:

- Your internal product identifiers;
- The date of each sale or importation;
- The quantity of the Accused Filters sold or imported;

- If applicable, the identity of the third party making, using, selling, offering for sale, or importing into the United States on behalf of PTOT;

- Product identifiers used externally by the third party (if different than Your internal identifiers); and

- The products in which each Accused Filter is, or was to be, incorporated,

and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

**INTERROGATORY NO. 2**

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify and Describe in detail, or illustrate (via cross-sectional image or otherwise), the filter structure of the Accused Filter including a detailed description of each formed layer, including, but not limited to, a layer's (1) chemical composition and concentration of each element in the layer, (2) material identity (such as, *e.g.*, Hydrogenated Silicon, silicon dioxide, aluminum oxide, titanium dioxide, niobium pentoxide, and/or tantalum pentoxide), (3) thickness, (4) refractive indices over a wavelength range of 800 to 1100 nm, and (5) extinction coefficients over the wavelength range of 800 to 1100 nm, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

**INTERROGATORY NO. 3**

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify and Describe in detail, or illustrate (via transmission scan or otherwise), the wavelength range of the passband of the Accused Filter, the full width at half maximum of the passband of the Accused Filter, the blocking level of the Accused Filter outside the passband between a wavelength range of 400 to 1100 nm, and the center wavelength shift (in nanometers) of the Accused Filter when an

incidence angle changes from 0º to 30º, and Identify the most knowledgeable person(s) regarding Your response.

**INTERROGATORY NO. 4**

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify and Describe in detail Your technique or method for forming or depositing the Hydrogenated Silicon layers in each Accused Filter, including, but not limited to, identification of all materials or chemicals present in and operational parameters for any deposition chamber.

**INTERROGATORY NO. 5**

Identify and Describe in detail all information that You were provided by any third party including, but not limited to, ▇▇▇▇▇ related to any request to manufacture or supply the Accused Filters, including, but not limited to, any technical requirements or optical characteristics for such filters and any information related to any Accused Sensor or Accused Product into which such filters would be incorporated, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

**INTERROGATORY NO. 6**

Identify and Describe in detail all information that You were provided by any third party including, but not limited to, ▇▇▇▇▇ related to any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

**INTERROGATORY NO. 7**

Identify the date on which You first knew of, or had access to, any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, the identifier of any such Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Describe in detail the circumstances in which You first

9

became aware of, or had access to, any such Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

**INTERROGATORY NO. 8**

Identify and Describe in detail any testing, analysis, reverse engineering, deconstruction, modeling, or investigations that You did or had commissioned on Your behalf on any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Identify the most knowledgeable person(s) regarding Your response in this Interrogatory.

**INTERROGATORY NO. 9**

Describe in detail all steps You have taken or commissioned to design around or avoid infringement of the Asserted Patents.

**INTERROGATORY NO. 10**

Describe in detail all circumstances surrounding when You first knew of, or became aware of, any of the Asserted Patents or foreign or United States patent related to the Asserted Patents, and Identify all analysis that You performed or were provided regarding the scope of the Asserted Patents or foreign or United States patent related to the Asserted Patents and/or whether any such patents cover any Accused Product.

**INTERROGATORY NO. 11**

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify all revenue, profits, and costs associated with the Accused Filters and the number of units made, used, offered for sale, sold and/or imported into the United States since May 1, 2020.

**INTERROGATORY NO. 12**

Identify all license agreements, indemnification agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product development agreements, joint venture agreements, or co-development agreements for intellectual property that You entered into (as licensor or licensee) that concern, relate to, or cover any Accused Products.

**INTERROGATORY NO. 13**

If You contend that any Accused Products identified in Your response to Interrogatory No. 1 do not directly or indirectly infringe any of the Asserted Claims, explain in detail the bases for Your contention and Identify all Documents supporting Your contention, including all facts supporting Your contention that "the accused filter comprises hydrogenated silicon nitride instead of hydrogenated silicon" and the optical characteristics of each such filter as a whole and for each such identified individual layer, and Identify the most knowledgeable person(s) regarding Your Response to this Interrogatory. *See* Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 15.

**INTERROGATORY NO. 14**

Identify the level of skill, experience, education, and/or training of one of ordinary skill in the art of the Asserted Patents.

**INTERROGATORY NO. 15**

Identify and Describe in detail all non-infringing alternatives or substitutes for the claimed inventions of the Asserted Claims, and Describe in detail the basis for Your understanding that any such alternative would be acceptable to one or more of Your customers.

**INTERROGATORY NO. 16**

If You contend that any Asserted Patent is unenforceable, explain in detail the bases for Your contention and Identify all Documents supporting Your contention, including all facts that support Your contentions that "the '269, '369 and '526 Patents are unenforceable" for "inequitable conduct" and "for failure to name the correct inventors of the alleged inventions." Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 15-16.

**INTERROGATORY NO. 17**

To the extent You contend that any accused infringement of any Asserted Patent is licensed, explain in detail the bases for Your contention and Identify all Documents supporting Your contention, including all facts that support Your contention that "Viavi's claims for relief are barred in part by licenses granted by Viavi to PTOT or by the doctrine of patent exhaustion." Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 16-17.

**INTERROGATORY NO. 18**

Explain in detail the bases for and Identify all Documents supporting Your contention, including all facts that support Your contention that Viavi's claims "for relief are statutorily limited in whole or part by Title 35 of the United States Code," including Your contention that Viavi's "claims for damages are limited under 35 U.S.C. § 287(b)(2)," and more specifically that Viavi "is barred from recovering damages from PTOT prior to the date PTOT had actual notice that it was allegedly infringing the claims of the Asserted Patents." Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 16.

Dated: December 3, 2020               Respectfully submitted, by

                                      */s/ Charles J. Monterio, Jr.*
                                      Frank C. Cimino, Jr.
                                      Megan S. Woodworth

Charles J. Monterio, Jr.
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC  20001
Telephone: (202) 344-4389
Facsimile: (202) 344-8300

*Counsel for Plaintiff Viavi Solutions Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on this 3rd day of December, 2020 via electronic mail, upon all counsel of record.

/s/ *Armands Chagnon*
Armands Chagnon - Paralegal