# Exhibit 2

(Redacted Version of
Document Sought to be Sealed)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VIAVI SOLUTIONS INC., | § | Case No. 5:20-cv-05501-EJD |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PLATINUM OPTICS TECHNOLOGY INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF VIAVI SOLUTIONS INC.'S FIRST SET OF REQUESTS FOR**
**PRODUCTION TO DEFENDANT PLATINUM OPTICS TECHNOLOGY INC.**
**(NOS. 1-81)**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Viavi Solutions Inc. ("Viavi"), by and through its undersigned counsel, hereby requests that Defendant Platinum Optics Technology Inc. produce for inspection and copying the documents and things set forth below at the offices of Venable LLP, 600 Massachusetts Avenue, NW, Washington, DC 20001, or another location by mutual agreement between the parties, within thirty (30) days of service hereof, in accordance with the Federal Rules of Civil Procedure and the Definitions and Instructions provided below.

## DEFINITIONS

1.     The "'369 patent" means U.S. Patent No. 9,354,369.

2.     The "'269 patent" means U.S. Patent No. 9,588,269.

3.     The "'995 patent" means U.S. Patent No. 9,945,995.

4.     The "'526 patent" means U.S. Patent No. 10,222,526.

5.     "Asserted Patents" means the '369, '269, and '526 patents collectively.

6.     "Asserted Claims" means the claims of the Asserted Patents identified in the Complaint filed by Viavi on August 7, 2020 and all exhibits thereto or identified in Viavi's

Infringement Contentions served on December 3, 2020, and any additional claims identified by Viavi during this litigation as being infringed.

7.      "Accused Filter" means any optical filter comprising at least two layers of Hydrogenated Silicon manufactured by PTOT made, used, sold, offered for sale, or imported into the United States by PTOT, any third party on behalf of PTOT, or any other third party since May 1, 2020, including, but not limited to, any optical filter comprising at least two layers of Hydrogenated Silicon manufactured by PTOT provided to a third party that is subsequently incorporated into products that are sold, offered for sale, or imported into the United States.

8.      "Accused Sensor" means any lens or sensor assembly, or lens or sensor module that includes an Accused Filter, which is manufactured or sold by PTOT.

9.      "Accused Device" means any mobile phone or tablet computer made, used, sold, offered for sale, or imported into the United States, whose componentry includes an Accused Filter and/or Accused Sensor, including, but not limited to, ████████████████████████ ███████

10.      "Accused Product" means all Accused Filters, Accused Sensors, and Accused Devices collectively.

11.      "Hydrogenated Silicon" includes any hydrogenated silicon layer including nitrogen or nitride and hydrogenated silicon nitride.

12.      "Low Angle Shift Filter Product" means any optical filter product with a center wavelength shift less than 20 nm (nanometers) when an incidence angle changes from 0º to 30º.

13.      "Viavi Low Angle Shift Filter" means any optical filter comprising at least two layers of Hydrogenated Silicon manufactured by Viavi.

14.     "Action" means and refers to the above-captioned civil action, Case No. 5:20-cv-05501-EJD

15.     "Complaint" means and refers to the complaint filed by Viavi, including all exhibits attached thereto, in this Action.

16.     "Related Foreign Actions" means and refers to patent infringement lawsuits between Viavi and PTOT in China and Taiwan concerning PTOT's infringement of foreign counterparts to the Asserted Patents.

17.      "Communication" means every manner of disclosure, transfer, or exchange of information whether orally or by Document or whether face-to-face, by telephone, mail, e-mail, telegram, telex, or telefax, personal delivery, social media, or otherwise.

18.     "Describe in detail" as referred to herein shall mean to set forth with particularity and precision the underlying facts and substance of the requested matter and to Identify any natural person, company, business entity, document, meeting, communication, and any other fact, person, or thing involved in or related to that matter.

19.     "Document" means each and every writing, whether an original, a draft, or a copy, however reproduced, and each and everything from which information can be processed or transcribed, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including, but not limited to, the examples set forth in Federal Rules of Evidence 1001.  Any Document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified and/or produced as a separate Document.

20.     "Identify" means:

a.   when used with reference to a Document, state the Bates number(s) of the Document;

b.   when used with reference to an oral communication, state the time and place of the oral communication, identify the person who made the oral communication and each person who was present (in person or by telephone or other communications means) when it was made, state its subject matter and contents, and identify each document which refers thereto or which was prepared as a consequence of the oral communication;

c.   when used with reference to a person, state the person's full name, correct employer, job title, and address; and

d.   when used with reference to a Thing, present for examination or describe the Thing and its location in a manner sufficient to differentiate that particular Thing.

21.     "Person" means any natural person or any business, legal or governmental entity or association, including, but not limited to, any individual, company, corporation, division, joint venture, partnership, unincorporated association, or other entity.

22.     "PTOT," "You," or "Your" means Platinum Optics Technology Inc., and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all officers, employees, investors, representatives, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing.

23.     "Thing" has the meaning prescribed in Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a Document, in Your possession, custody, or control.

24.     The terms "concerning," "relate to," "related to" or "relating to" shall mean embodying, pertaining, involving, constituting, commenting upon, comprising, reflecting, discussing, describing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatsoever with the subject matter in question.

25.     The words "and," "or" or "and/or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

26.     The terms "any" and "all" shall include "each and every."

27.     The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.     Each Request shall be answered based on Your entire knowledge, from all sources, after an appropriate and good faith inquiry has been made and a search has been conducted.

2.     These Requests are continuing in nature so as to require You to timely supplement its responses to the extent called for by the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California.

3.     If any Document or Thing responsive to the Requests has been lost or destroyed, or is otherwise missing, state, with regard to such: (a) the date of such destruction or loss; (b) the reason for such destruction or loss; (c) the identity of the person or persons who destroyed or lost the Document or Thing; and (d) the identity of the person or persons who authorized such destruction.

4.     If You cannot answer any Request in full, answer to the extent possible, explain why You cannot answer the remainder, state the nature of the information and knowledge that You can furnish, and provide a supplemental response when You obtain more information.

5.      In the event You object to any Request or subpart, respond to that portion which is unobjectionable and to specifically identify that portion of the Request that is allegedly objectionable.

6.      To the extent that You allege that the meaning of any term in these Requests is unclear, vague, and/or ambiguous, You are to assume a reasonable meaning, state that assumed reasonable meaning, and answer the Request on the basis of that assumed reasonable meaning.

7.      If You maintain that any exemption(s) or privilege(s) exists, You shall fully and completely identify the specific exemption or privilege that You claim exists as to the Request, and to the extent that any information, Document, or Thing, in whole or in part, is withheld on the basis of such exemption or privilege, state the following: the specific ground(s) for not producing the information, Document or Thing in full; the bases for such a claim of privilege or immunity; and identification of the information, Document, or material for which such privilege or immunity is asserted, including, but not limited to, describing the nature of the Document (e.g., letter, memorandum, electronic mail, etc.); summarize the subject matter of the Document; the name of the Document; the number of pages in the Document; the name, address and title of its author, each addressee, each person to whom a copy of the Document or Thing has been sent or received; and the date of the Document.  To the extent that any Communication, in whole or in part, is withheld on the basis of any exemption(s) or privilege(s), state a brief description of the subject matter communicated; the date on which it took place; the means of communication (e.g., "personal conversation," "telephone"); the place or places where it occurred; and the identity of each person who participated in the Communication.

8.      All Documents and Things that are responsive, in whole or in part, to any portion of any Request shall be produced in their entirety, including all attachments and enclosures thereto.

9.      In response to each Request, You shall state whether any material has been or will be redacted from Documents.  You shall also state all bases for the redaction.  Redactions should be clearly indicated at each location in a Document where a redaction was made.

10.      All Documents and Things produced should be produced in the matter, form, and sequence in which they are kept in the ordinary course of business, including, where applicable, any index tabs, file dividers, labels, designations, or information as to the location of the Documents and Things, or specify the paragraph and subparagraph of the Request pursuant to which each Document or Thing is produced.

11.      If no Documents or Things are responsive to a particular Request, please state that no responsive Documents or Things exist.

## REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Things relating to or referencing any Accused Filter made, used, sold, offered for sale, or imported into the United States, directly or indirectly, by PTOT, a third party on behalf of PTOT, or any third party, including, but not limited to, █████████████████ ██████████████████████████████████████████████

### REQUEST FOR PRODUCTION NO. 2:

All Documents and Things relating to or referencing any Accused Sensor into which an Accused Filter is, or was to be, incorporated.

### REQUEST FOR PRODUCTION NO. 3:

All Documents and Things relating to or referencing any Accused Device into which an Accused Filter is, or was to be, incorporated.

**REQUEST FOR PRODUCTION NO. 4:**

Three representative samples (with packaging and any accompanying instruction, technical specification, brochure, and/or other documentation) of each Accused Filter.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Things sufficient to show, on a monthly basis: (1) the identity of each person or entity that has, directly or indirectly, supplied, provided, sold, and/or transferred each Accused Filter to any third party, including, but not limited to, ███████████████ (2) the unit quantity of each Accused Filter supplied, sold, or imported into the United States since May 1, 2020; (3) product identifiers used externally by the third party; and (4) the products in which each Accused Filter is, or was to be, incorporated.

**REQUEST FOR PRODUCTION NO. 6:**

All sales records, receipts, purchase orders, and invoices relating to or referencing any Accused Filter.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Things relating to or referencing any decision by You to design, manufacture, supply, offer to sell, sell, and/or import into the United States any Accused Filter (whether standing alone or as a component of any Accused Sensors and/or Accused Devices).

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Things relating to or concerning Your knowledge or awareness that any product, device, or module incorporating any Accused Filter would be manufactured, used, offered for sale, sold, and/or imported into the United States.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Things relating to or referencing the manufacture, distribution, importation, and/or exportation of any Accused Filter, including but not limited to the supply chain for any Accused Filter (whether standing alone or as a component of any Accused Sensor and/or Accused Device).

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Things concerning any design, manufacturing, processing, engineering, and/or implementation of the Accused Filters and/or prototypes thereof.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Things relating to, referencing, or referenced by individuals, including but not limited to Your employees, involved in the design, manufacturing, processing, engineering, and/or implementation of the Accused Filters and/or prototypes thereof.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Things concerning any research and development, measurements, experiments, evaluations, studies, analyses, and/or tests that led to any Accused Filter and/or prototypes thereof, regardless of whether such activities were performed by or for You, including, but not limited to, any decision to initiate, continue, discontinue, collaborate, or alter any research and development, measurements, experiments, evaluations, studies, analyses, and/or tests performed relating in any way to any Accused Filter.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Things relating to, referencing, or referenced by individuals, including but not limited to Your employees, involved in the research and development, measurements,

experiments, evaluations, studies, analysis, and/or tests that led to any Accused Filter and/or prototypes thereof.

## REQUEST FOR PRODUCTION NO. 14:

Documents and Things sufficient to show the filter structure of each Accused Filter, including any coating layers and substrate used, including but not limited to Documents and Things identifying each layer's chemical composition and element concentration in the layer, material identity (such as, *e.g.*, Hydrogenated Silicon, silicon dioxide, aluminum oxide, titanium dioxide, niobium pentoxide, and/or tantalum pentoxide), thickness, refractive indices over a wavelength range of 800 to 1100 nm, and extinction coefficients over a wavelength range of 800 to 1100 nm.

## REQUEST FOR PRODUCTION NO. 15:

Documents and Things sufficient to show the chemical composition and concentration of each element in each individual layer forming each Accused Filter, including any coating layers and substrate used, and including, but not limited to, any testing results, simulation results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

## REQUEST FOR PRODUCTION NO. 16:

Documents and Things sufficient to show the thickness of each individual layer forming each Accused Filter, including any coating layers and substrate used, and including but not limited to any testing results, simulations results, and/or measurements obtained from the Accused Filter, Accused Sensors, and/or Accused Devices.

## REQUEST FOR PRODUCTION NO. 17:

Documents and Things sufficient to show the optical characteristics of each individual layer forming each Accused Filter and the optical characteristics of the Accused Filter as a whole.

**REQUEST FOR PRODUCTION NO. 18:**

Documents and Things sufficient to show the refractive indices of each individual layer forming each Accused Filter over a wavelength range of 800 to 1100 nm, including any coating layers and substrate used, and including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**REQUEST FOR PRODUCTION NO. 19:**

Documents and Things sufficient to show the extinction coefficients of each individual layer forming each Accused Filter over a wavelength range of 800 to 1100 nm, including any coating layers and substrate used, and including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**REQUEST FOR PRODUCTION NO. 20:**

Documents and Things sufficient to show the wavelength range of the passband of each Accused Filter, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**REQUEST FOR PRODUCTION NO. 21:**

Documents and Things sufficient to show the center wavelength shift (in nanometers) of each Accused Filter when an incidence angle changes from 0º to 30º, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**REQUEST FOR PRODUCTION NO. 22:**

Documents and Things sufficient to show the blocking level of each Accused Filter outside the passband between a wavelength range of 400 to 1100 nm, including but not limited to any

testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**REQUEST FOR PRODUCTION NO. 23:**

Documents and Things sufficient to show the transmittance characteristics of each Accused Filter in a wavelength range of 400 to 1100 nm, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**REQUEST FOR PRODUCTION NO. 24:**

Documents and Things sufficient to show the full width at half maximum of the passband of each Accused Filter, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**REQUEST FOR PRODUCTION NO. 25:**

Documents and Things sufficient to show Your technique or method for forming or depositing the Hydrogenated Silicon layers in each Accused Filter, including but not limited to Documents and Things identifying the apparatus used to create or form the Hydrogenated Silicon layers, including the identification of all materials or chemicals present in and operational parameters for any deposition chamber.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Things concerning any research and development relating to use of Hydrogenated Silicon in optical filter products.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show the first use of Hydrogenated Silicon in Your optical filter products and first commercial filter product sold or manufactured by You using Hydrogenated Silicon.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Things concerning any research and development relating to Low Angle Shift Filter Product.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show the first prototype made by You of a Low Angle Shift Filter Product.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show the first commercial sale of a Low Angle Shift Filter Product manufactured or developed by You.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Things relating to or referencing any comparison of any Accused Filter with any Asserted Claim.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Things relating to or referencing whether any Accused Filter would or would not infringe any Asserted Claim.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Things concerning any attempt by You or on behalf of You to design around any Asserted Claim.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Things You contend or will contend supports any defense that any Accused Filter does not infringe one or more of the Asserted Claims.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents that support or refute Your statement in Paragraph 3 of Your Defenses and Paragraphs 9, 14, 19, and 24 of Your Counterclaims stating that "the accused filter comprises hydrogenated silicon nitride instead of hydrogenated silicon." *See* Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 15, 18-19.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents that support or refute Your contention that hydrogenated silicon nitride is not hydrogenated silicon or an equivalent thereof, including, but not limited to, any Documents comparing, or testing performed by You or on Your behalf to evaluate such materials.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Things relating to non-infringing alternatives or substitutes for the claimed inventions of the Asserted Claims.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Things relating to or referencing Your policies or practices concerning patent clearances, right to use opinions, and/or other mechanisms to avoid infringement of patents, including the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Things You contend or will contend supports any defense that any Asserted Claim is invalid and/or unenforceable.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Things that You believe to be prior art to any Asserted Claim.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Things relating to or referencing any prior art or validity search or investigation made by or on behalf of You concerning any Asserted Claim, including, but not limited to, Documents and Things reporting, analyzing, describing, or otherwise associated with such search or investigation.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Things relating to or referencing any study, analysis, or opinion concerning any Asserted Claim and/or the infringement/non-infringement, validity/invalidity, scope, interpretation and/or enforceability of the Asserted Claims.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Things relating to or referencing any commercial success achieved by the Accused Products, including, but not limited to, any surveys, reviews, ratings, market approval, consumer approval, market praise, awards, articles, industry acclaims, and all other indications of the commercial success associated with the Accused Products.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and Things relating to or referencing any commercial success achieved by the Viavi Low Angle Shift Filters, including, but not limited to, any surveys, reviews, ratings, market approval, consumer approval, market praise, awards, articles, industry acclaims, and all other indications of the commercial success associated with the Viavi Low Angle Shift Filters.

**REQUEST FOR PRODUCTION NO. 45:**

All annual, quarterly, or other periodic financial reports or statements from You, audited or un-audited, related to any Accused Filter or any Low Angle Shift Product since January 1, 2017.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Things relating to press releases concerning any Accused Filter (whether standing alone or as a component of any Accused Sensor and/or Accused Device).

**REQUEST FOR PRODUCTION NO. 47:**

Documents and Things sufficient to show, on a monthly basis since May 1, 2020 to the present, the number of units sold and/or supplied, sales prices and volume, gross and net revenues, gross and net profits, and costs for each Accused Filter.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Things relating to or referencing Viavi, including but not limited to Viavi Low Angle Shift Filters.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Things relating to or referencing Your first knowledge or awareness of any of the Asserted Patents, any applications leading to the same, and/or any foreign or United States patents or application related thereto, such as for example in connection with the Related Foreign Actions, including, but not limited to, the identity of the individual(s) who gained such knowledge or awareness, the circumstances under which the knowledge was acquired or awareness was made, and any actions taken by You as a result of acquiring knowledge or becoming aware of any of the Asserted Patents, any applications leading to the same, and/or any foreign or United States patents or applications related thereto.

**REQUEST FOR PRODUCTION NO. 50:**

Documents and Things sufficient to show the date on which You first knew of, or had access to, any Viavi Low Angle Shift Filter Product, including, but not limited to, the identity of the individual(s) who gained such knowledge or access, the circumstances under which the knowledge or access was acquired, and any actions taken by You as a result of acquiring such knowledge of or access to the Viavi Low Angle Shift Filter Product.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Things relating to or referencing any comparisons of any Viavi Low Angle Shift Filter with any Accused Filter and/or prototypes thereof.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Things relating to or referencing the purchase, testing, reverse engineering, deconstruction, copying, disassembling, examination, measurement, technical or competitive analysis, modeling, simulation, investigation, and/or evaluation of any Viavi Low Angle Shift Filter, You did or had commissioned on Your behalf (including any such activities performed on any device, sensor, module, or product incorporating any Viavi Low Angle Shift Filter).

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Things relating to or referencing the purchase, testing, reverse engineering, deconstruction, copying, disassembling, examination, measurement, technical or competitive analysis, modeling, simulation, investigation, and/or evaluation of any Low Angle Shift Filter Product You did or had commissioned on Your behalf (including any such activities performed on any device, sensor, module, or product incorporating any Low Angle Shift Filter Product).

**REQUEST FOR PRODUCTION NO. 54:**

All marketing, advertising, and sales materials that contain any reference to any Accused Filter, including, but not limited to, all catalogs, price lists, technical specifications, new product announcements, brochures, proposals, solicitations, presentations, and advertisements.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Things relating to or referencing any marketing, advertising, and/or sales of any Accused Filter, including, but not limited to, all market analyses, forecasts, business plans, projections, presentations, and reports.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show Your organizational and corporate structure, including Your parent corporations, subsidiaries, and affiliates, and including the corporate structure of any entity involved in the design, development, manufacturing, marketing, importing, and/or sales of any Accused Filter.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show the corporate nature of Your business, including, but not limited to, subsidiaries, divisions, and business units; their relationship to You; and the employee hierarchy of Your business with respect to the marketing, sales, design, manufacturing, research, development, importation, exportation, and commercialization of the Accused Filters, including, but not limited to, the reporting relationships of officers, directors, managers, research scientists, engineers, designers, employees, and agents of You whose duties and/or responsibilities relate in any way to the Accused Filters.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify the past or current officers, directors, managers, research scientists, engineers, designers, employees, staffs, operators, and agents of Yours, or any third parties, whose duties and/or responsibilities relate in any way to the Accused Products, and their individual job description, duties, or responsibilities.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Things relating to or referencing Your document retention and destruction policies, including any document hold and/or retention memoranda relating to this action.

**REQUEST FOR PRODUCTION NO. 60:**

All United States and non-U.S. patent applications or patents, whether pending, abandoned, issued, or expired, of Yours that relate to or concern any of the Accused Filters or the subject matter related thereto.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Things relating to or referencing the patent applications or patents responsive to the preceding Request for Production, the prosecution of those patents, or the prosecution of any application related to those patents (including reissues, reexaminations, or continuations thereof).

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Things relating to or referencing any patents or patent applications filed by, issued to, assigned to, owned by, or licensed to You anywhere in the world, that You contend describes, depicts, or covers any Accused Filter.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Things You intend to rely on to support Your positions relating to the scope and interpretation of any claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Things relating to or concerning Your understanding, discussion, and/or definition of the level of skill, experience, education, and/or training of one of ordinary skill in the art of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Things relating to or concerning Your understanding, measurement, discussion, and/or use of the term "passband" in connection with the Accused Filters.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Things relating to or concerning Your understanding, measurement, discussion, and/or use of the terms "blocking level" and/or "optical density" (or OD) in connection with the Accused Filters.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show Your relationship with ███████████████ including, but not limited to, manufacturer, supplier, importer, wholesaler, and retailer relationships.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Things You were provided by any third party, including, but not limited to, ██████████████ relating to any request to design, manufacture, and/or supply the Accused Filters, including, but not limited to, Documents and Things concerning any technical requirements or optical characteristics for such filters and/or any Accused Sensor or Accused Product into which such filters would be incorporated.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Things referring or relating to any testing, evaluation, or comparison performed by or on behalf of You to confirm whether the Accused Filters meet any technical requirements or optical characteristics identified in the Documents referenced in preceding Request for Production.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Things You were provided by any third party, including, but not limited to, ███████████████████ relating to any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Things referring or relating to any feedback from customers or downstream users of the Accused Filters regarding the operation, quality, or any other performance related issues of any Accused Filter.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents relating to or referencing any Communication between You and any third party, including, but not limited to, ███████████████, that concerns Viavi, the Complaint, the Accused Filters, this Action, and/or the Related Foreign Actions, or the subject matter of any of the foregoing.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents and Things relating to or referencing any litigation, action, and/or proceeding, involving any Accused Filter (excluding this Action and the Related Foreign Actions), including, but not limited to, any litigation, action, and/or proceeding in the United States or elsewhere.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Things relating to or referencing any agreements, such as an insurance agreement, hold harmless agreement, or indemnification agreement, entered into or executed by You concerning:  (1) Your obligation to defend and/or indemnify any third party with respect to a patent infringement claim concerning the Accused Filter; or (2) a third party's obligation to defend and/or indemnify You with respect to a patent infringement claim concerning the Accused Filters.

**REQUEST FOR PRODUCTION NO. 75:**

Any patent agreements, including, but not limited to, licenses, relating to any Accused Filter and/or Low Angle Shift Filter Product.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Things relating to or referencing any license agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product development agreements, joint venture agreements, or co-development agreements for intellectual property that You are involved (as licensor or licensee), whether in draft form or executed, involving any Accused Filter.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents and Things produced or received in response to third party subpoenas served in this Action.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents and Things relating to, referring to, or concerning all fact witnesses, expert witnesses, or persons that You expect to rely on in any way in this Action, and any Documents and Things furnished to, shown to, produced by, or received from any fact witness, expert witness, or person that You expect to use as a fact witness or expert witness in this Action.

**REQUEST FOR PRODUCTION NO. 79:**

Documents and Things sufficient to identify all competitors of Yours with respect to any

Accused Filters and their respective market shares.

**REQUEST FOR PRODUCTION NO. 80:**

Documents and Things that support Your contention that there is a justiciable case or

controversy over PTOT's infringement of the'995 patent.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents identified in response to, or relate in any way to, Your responses to Viavi's

First Set of Interrogatories (Nos. 1-18).

Dated: December 3, 2020                    Respectfully submitted, by

                                           */s/ Charles J. Monterio, Jr.*
                                           Frank C. Cimino, Jr.
                                           Megan S. Woodworth
                                           Charles J. Monterio, Jr.
                                           VENABLE LLP
                                           600 Massachusetts Avenue, NW
                                           Washington, DC  20001
                                           Telephone: (202) 344-4389
                                           Facsimile: (202) 344-8300

                                           *Counsel for Plaintiff Viavi Solutions Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on this 3rd day of December, 2020 via electronic mail, upon all counsel of record.

<u>/s/ Armands Chagnon</u>
Armands Chagnon - Paralegal