# Exhibit 3
### (Redacted Version of
### Document Sought to be Sealed)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VIAVI SOLUTIONS INC., | § § § | Case No. 5:20-cv-05501-EJD |
| Plaintiff, | § § | |
| v. | § § | |
| PLATINUM OPTICS TECHNOLOGY INC., | § § § | |
| Defendant. | § § | |

---

## DEFENDANT PLATINUM OPTICS TECHNOLOGY INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-81)

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the Northern District of California, Defendant Platinum Optics Technology Inc. ("Defendant" or "PTOT"), by and through its attorneys, hereby objects and responds to Plaintiff Viavi Solutions Inc.'s ("Plaintiff" or "Viavi") First Set of Requests for Production (Nos. 1-81) dated December 3, 2020 (the "Requests").

## PRELIMINARY STATEMENTS

PTOT's investigation in this case is ongoing. Subject to its objections, PTOT's responses provided herein are based upon information and documents presently available to and understood by PTOT and its attorneys, and PTOT reserves the right to modify, supplement, or amend these responses pursuant to Federal Rules of Civil Procedure 26(e) as discovery and its investigation progress. PTOT reserves its right to rely, at any time including trial, upon subsequently discovered information or information omitted from the specific responses set forth below as a result of mistake, oversight, or inadvertence.

PTOT responds to these Requests as it interprets and understands the Requests and based only upon such information and documents as are presently available and specifically known to PTOT.  If Plaintiff subsequently asserts an interpretation of the Requests that differs from PTOT's understanding, PTOT reserves the right to supplement its objections and responses herein.

Any statement made by PTOT that it will produce documents does not constitute a representation that PTOT possesses any such documents, or that such documents or things exist. Furthermore, PTOT does not waive any objections it may have on the grounds of relevance, authenticity, admissibility, attorney-client privilege, attorney work product, and/or any other privilege or immunity.  PTOT expressly reserves the right, at any time, to object to the wording, implication, and/or characterization of any response to a Request.

Nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any response, and/or to the truth or accuracy of any statement or characterization contained in the Requests.

## **GENERAL OBJECTIONS**

PTOT responds and objects to the Requests as set forth below.  The following General Objections shall be applicable to, and shall be incorporated by reference in, PTOT's response to each Request, whether or not mentioned expressly in any particular response.  PTOT does not waive any of its General Objections by stating specific responses and objections to any particular Request or by failing to repeat a General Objection.

1.      PTOT objects to each Request to the extent it seeks to impose any burdens inconsistent with or in addition to PTOT's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, the Local Patent Rules for the Northern District of California, or any order of this Court.

2

2.      PTOT objects to each Request to the extent it seeks information that is protected under, the attorney-client privilege, the work product immunity doctrine, common-interest privilege, and/or any other applicable privilege, prohibition, limitation, or immunity from disclosure.  Inadvertent production of such information shall not constitute a waiver of any applicable privilege, doctrine, immunity, or objection including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, proportionality, work product, privilege, and/or admissibility as evidence.

3.      PTOT objects to the Requests to the extent they seek information that is confidential or proprietary.  To the extent any of the Requests call for PTOT's confidential or proprietary information or documents, PTOT will disclose such information and documents pursuant to a Protective Order entered in this case.[1]

4.      PTOT objects to each Request to the extent it calls for the production of documents or things not in PTOT's possession, custody, or control and/or not obtainable by means of a reasonably diligent search.

5.      PTOT objects to each Request to the extent it requires PTOT to produce information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party.  PTOT will produce such information if and when it obtains the necessary approvals.

6.      PTOT objects to each Request to the extent it seeks information that is already in Plaintiff's possession or available from a public source.

---

[1] PTOT notes that the parties submitted a Stipulated Protective Order on January 6, 2021 where the only disputed issue was the form of the patent prosecution bar.  PTOT will designate and disclose confidential information consistent with the terms of the parties' agreed-upon Protective Order.

7.      PTOT objects to each Request to the extent it is overly broad, unduly burdensome, irrelevant, and/or not proportional to the needs of this case.

8.      PTOT objects to each Request to the extent it is duplicative or cumulative of another Request.

9.      PTOT objects to each Request to the extent it calls for a legal conclusion.  PTOT further objects to each Request to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions in order to respond.

10.     PTOT objects to each Request to the extent it is not limited in time.  PTOT also objects to each Request to the extent it goes beyond the temporal scope of permitted discovery.

11.     PTOT objects to each Request to the extent that it exceeds the scope of permissible discovery by calling for the production of documents and/or things that are neither relevant to any claim or defense in this litigation nor proportional to the needs of the case.

12.     PTOT objects to each Request to the extent it has been asked and answered by other discovery means, thus requiring no further response.

13.     PTOT objects to each Request to the extent it uses terms that are ambiguous, vague, undefined, unclear, confusing, or subject to multiple possible definitions.

14.     PTOT objects to each Request to the extent it seeks disclosure of any information that may comprise confidential or proprietary information or trade secrets.

15.     PTOT objects to each Request to the extent it requires the production of "all" documents and things, "all" or "any" documents, or otherwise seeks "all" or "any" information or "all facts" relating to the subject of the Request.  *See e.g., Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at

*5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).

16.     PTOT objects to each Request to the extent it seeks the production of email.  PTOT understands the parties have submitted a Stipulation & Order Re: Discovery of Electronically Stored Information that provides that Requests for Production under Federal Rules of Civil Procedure 34 and 45 shall not include email.  PTOT will cooperate to produce email discovery in accordance with the parties' Stipulation.

17.     PTOT objects to Plaintiff's Definitions in their entirety as overly broad, unduly burdensome, and as vague and ambiguous.  Moreover, PTOT objects to the purported definitions of "Communication," "Document," "Thing," "Identify," "Describe in detail," "concerning," "relate to," "related to," "relating to," "all," "any," "and/or," "Person" and any other definition that is outside of the scope of the applicable rules including the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, and the Local Patent Rules for the Northern District of California.  PTOT will interpret these terms only to the extent required by the applicable rules for the purposes of responding to the Requests.

18.     PTOT objects to Plaintiff's definition of "PTOT," "You" and/or "Your" as overly broad to the extent it covers non-parties.  PTOT construes these terms to mean and be limited to Platinum Optics Technology Inc. and will provide information as it exists within the relevant business records of Platinum Optics Technology Inc.

19.     PTOT objects to Plaintiff's definition of "Asserted Claims" as vague, ambiguous, overly broad and unduly burdensome as it seeks to include "any additional claims identified by Viavi during this litigation as being infringed."  For purposes of these Requests, PTOT construes "Asserted Claims" to mean and be limited to the claims identified in Plaintiff's Infringement

Contentions dated December 3, 2020 (the "Infringement Contentions"). Specifically, PTOT construes "Asserted Claims" to include: (1) claims 1, 4, 5, 8, 10, 11, 14, and 16-21 of U.S. Patent No. 9,354,369; (2) claims 1, 5-7, 11, 13-15, 18, 22-27 of U.S. Patent No. 9,588,269; and (3) claims 20, 21, 25, and 27-30 of U.S. Patent No. 10,222,526.

20.     PTOT objects to Plaintiff's definition of "Accused Filter" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is not meaningfully limited in scope, fails to identify specific products, and/or requires PTOT to perform a technical analysis.  Specifically, PTOT objects to this definition as overly broad in scope to the extent it includes "**any** optical filter comprising at least two layers of Hydrogenated Silicon manufactured by PTOT" (emphasis added) and hereby incorporates by reference its objections to the definition of "Hydrogenated Silicon." PTOT also objects to this definition to the extent it seeks information outside of the possession, custody, or control of PTOT and assumes that PTOT knowingly supplies optical filters for incorporation into downstream products that may be sold, offered for sale, or imported into the United States.  As a general matter, PTOT cannot and does not track whether its customers or their customers use, sell, offer for sale, or import into the United States downstream products that contain PTOT's filters.  PTOT also objects to the definition to the extent it prematurely seeks to construe a disputed claim term prior to the claim construction phase of the case.  PTOT also objects to the inclusion of products in the definition of "Accused Filter" that fall outside of the scope of Plaintiff's contentions.  PTOT will treat this term to mean and be limited to the optical filters that are specifically identified by Viavi in its Infringement Contentions, i.e., the "11246" optical filter. PTOT contends that because the "11246" filter was sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements (VIAVI006131 and VIAVI006137), and moreover has not been manufactured or sold since May 1, 2020, this filter does not and cannot

infringe any of the Asserted Claims of the Asserted Patents.  Moreover, PTOT denies that the product identified by Viavi has been used, sold, offered for sale, or imported into the United States by PTOT or any third party on behalf of PTOT since May 1, 2020.  PTOT lacks information as to whether any other third party may have used, sold, offered for sale, or imported into the United States the identified product since May 1, 2020.

21.     PTOT objects to Plaintiff's definition of "Accused Sensor" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is not meaningfully limited in scope, fails to identify specific products, and/or requires PTOT to perform a technical analysis.  PTOT further objects to this definition as overly broad in scope to the extent it includes "***any*** lens or sensor assembly, or lens or sensor module" (emphasis added).  PTOT hereby incorporates by reference its objections to the definition of "Accused Filter."  PTOT is not aware of any "lens or sensor assembly" or "lens or sensor module" that incorporates the filters identified by Viavi.  However, the Accused Filters identified by Viavi were sold to Viavi through intermediaries such that information regarding any "Accused Sensor" that includes the accused filters is equally available to Viavi and is already within Viavi's custody, control or possession.

22.     PTOT objects to Plaintiff's definition of "Accused Device" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is not meaningfully limited in scope, fails to identify specific products, and/or requires PTOT to perform a technical analysis.  PTOT further objects to this definition as overly broad in scope to the extent it includes "***any*** mobile phone or tablet computer made, used, sold, offered for sale, or imported into the United States whose componentry includes an Accused Filter and/or Accused Sensor" (emphasis added). PTOT also objects to this definition to the extent it seeks information outside of the possession, custody, or control of PTOT and assumes that PTOT knowingly supplies optical filters for incorporation into

downstream products that may be sold, offered for sale, or imported into the United States.  As a general matter, PTOT cannot and does not track whether its customers or their customers use, sell, offer for sale, or import into the United States downstream products that contain PTOT's filters. PTOT hereby incorporates by reference its objections to the definitions of "Accused Filter" and "Accused Sensor."  PTOT is not aware of any "mobile phone or tablet computer" that incorporates the filters identified by Viavi, nor has Viavi shown how the identified filters relate to any mobile phone or tablet made, used, sold, offered for sale, or imported into the United States by ███. However, the Accused Filters identified by Viavi were sold to Viavi through intermediaries such that information regarding any "Accused Device" that includes the accused filters is equally available to Viavi and is already within Viavi's custody, control or possession.  Moreover, in acquiring the Accused Filters, Viavi's agent claimed that the filters were for a "Security Camera." PTOT provided the filters to Viavi's agent with that understanding but does not know or have any way to know whether Viavi's agent has indeed procured the filters for the represented stated purpose or some other purposes, except that Viavi has since submitted documents indicating that at least some of those filters were used for purposes of litigation.

23.     PTOT objects to Plaintiff's definition of "Accused Product" and incorporates by reference its objections to the definitions of "Accused Filter," "Accused Sensor," and "Accused Device" as stated above.  In addition, PTOT also objects to this definition as overly broad to the extent it seeks to include products other than those that are specifically identified by Viavi in its Infringement Contentions, i.e., the "11246" optical filter.  For the purposes of these Interrogatories, PTOT will limit the term "Accused Product" to mean the "11246" optical filter.

24.     PTOT objects to Plaintiff's definition of "Hydrogenated Silicon" in that it is vague, ambiguous, overly broad, unduly burdensome, and requires PTOT to perform a technical analysis

in order to ascertain the scope of the definition. The phrase "any hydrogenated silicon layer including nitrogen or nitride" is vague, ambiguous and confusing in the context of the definition of "hydrogenated silicon." It is not clear what Viavi intends to encompass by defining "hydrogenated silicon" by reference to layers that include nitrogen or nitride. Additionally, PTOT further objects to defining "hydrogenated silicon" as meaning "hydrogenated silicon nitride" because hydrogenated silicon nitride is a different material than hydrogenated silicon. Therefore, PTOT limits its responses to requests for information and documents concerning "hydrogenated silicon" to hydrogenated silicon materials whether crystalline or amorphous in form. PTOT also objects to the definition to the extent it prematurely seeks to construe a disputed claim term prior to the claim construction phase of the case. PTOT further objects to this definition as overly broad on the basis that Viavi has not accused any filters with any hydrogenated silicon nitride (or other nitrogen-containing materials). In addition, PTOT also objects to this definition as overly broad to the extent it seeks to include products other than those that are specifically identified by Viavi in its Infringement Contentions, i.e., the "11246" optical filter. For the purposes of these Interrogatories, PTOT will treat this term to mean and be limited to that product.

25.     PTOT objects to Plaintiff's definition of "Low Angle Shift Filter Product" in that it is vague, ambiguous, overly broad, unduly burdensome, and requires PTOT to perform a technical analysis in order to ascertain the scope of the definition. PTOT further objects to this definition as overly broad in scope to the extent it includes "***any*** optical filter" (emphasis added). PTOT further objects to the definition to the extent it includes products that are irrelevant to the claims and defenses in this case and/or unknown to PTOT, and to the extent it is not sufficiently limited in time or scope. PTOT also contends that discovery regarding unidentified filter products is not proportional to the needs of the case and render any requests incorporating this definition

overly broad and unduly burdensome.  For the purposes of these Interrogatories, PTOT will provide further specific objections tailored to the specific requests.

26.     PTOT objects to Plaintiff's definition of "Viavi Low Angle Shift Filter" in that it is vague, ambiguous, overly broad, unduly burdensome, and requires PTOT to perform a technical analysis in order to ascertain the scope of the definition.  PTOT further objects to this definition as overly broad in scope to the extent it includes "***any*** optical filter" (emphasis added).  PTOT further objects to the definition to the extent it includes products that are irrelevant to the claims and defenses in this case and/or unknown to PTOT, and to the extent it is not sufficiently limited in time or scope.  For the purposes of these Interrogatories, PTOT will treat this term to mean and be limited to those Viavi products identified by Viavi in Section D of its Infringement Contentions ("VIAVI'S PRODUCTS").

27.     PTOT objects to Plaintiff's definition of "Related Foreign Actions" as vague and ambiguous and will interpret this term as it is reasonably understood by PTOT, which shall mean the case filed in Taiwan captioned as *Viavi Solutions Inc. v. Platinum Optics Technology Inc.*, Intellectual Property Court, Civil Case No. 19 (2019), and the case filed in China captioned as *Viavi Solutions Inc. v. Platinum Optics Technology Inc.*, Suzhou Intermediate People's Court, Suzhou IP Tribunal, Case No. 392 (2019).

28.     PTOT objects to Plaintiff's "Instructions" to the extent they purport to require discovery obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California.

29.     PTOT's statement that responsive documents will be produced does not constitute a representation that such documents exist, but only that a reasonable search for such documents has been or will be made.  By responding to the Requests, PTOT does not waive any objection that

may be applicable to: (a) the use by Plaintiff of any documents provided in a response; or (b) the admissibility, relevancy, materiality, or proportionality of any of the documents to any issue in this case.  Moreover, any agreement herein to produce documents does not supersede any agreements made between the parties regarding document production, including e-discovery.

30.     PTOT objects to the time frame requested by Plaintiff for producing documents in response to the Requests and will produce documents on a rolling basis starting on or around February 8, 2021, and ending a reasonable time before the close of fact discovery in this case. Without obligating itself to do so, PTOT anticipates that the production of documents responsive to the Requests will substantially complete within 45 days of the date of these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Things relating to or referencing any Accused Filter made, used, sold, offered for sale, or imported into the United States, directly or indirectly, by PTOT, a third party on behalf of PTOT, or any third party, including, but not limited to, ███████████████████████ ████████████████████████████████

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding "any" Accused Filter used, sold offered for sale, or imported into the United States by "any" third party. Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT also objects to this Request as it does not describe with reasonable particularity what is being sought. *See Caves v. Beechcraft Corp.*, 2016 WL 355491 at *5 (N.D. Okla. Jan. 29, 2016). PTOT also objects to the inclusion of products in the definition of "Accused Filter" that fall outside of the scope of Plaintiff's contentions. PTOT will interpret "Accused Filter" to mean and be limited to the optical filter specifically identified by Viavi in its Infringement Contentions, i.e., the "11246" optical filter. PTOT contends that because these filters were sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements (VIAVI006131 and VIAVI006137), and moreover have not been manufactured or sold since May 1, 2020, they do not and cannot infringe any of the Asserted Claims of the Asserted Patents. Moreover, PTOT denies that the Accused Filters identified by Viavi have been used, sold, offered for sale, or imported into

the United States by PTOT or any third party on behalf of PTOT since May 1, 2020, and lacks

knowledge as to whether "any third party" may have used, sold, offered for sale, or imported into

the United States the identified products since May 1, 2020.

Subject to and without waiving any of the foregoing objections, PTOT responds that the

Accused Filters identified by Viavi have not been used, sold, offered for sale, or imported into the

United States by PTOT or any third party on behalf of PTOT since May 1, 2020, and PTOT lacks

knowledge as to whether "any third party" may have used, sold, offered for sale, or imported into

the United States the Accused Filters since May 1, 2020.  Accordingly, based on its objections and

PTOT's understanding of the materials sought by this Request, PTOT will not search for

responsive documents because no such documents exist.  However, in accordance with Patent

Local Rule 3-4(a), PTOT has produced documents sufficient to show the structure, function, or

operation of the Accused Filters identified by Viavi, i.e., the "11246" optical filter.

## REQUEST FOR PRODUCTION NO. 2:

All Documents and Things relating to or referencing any Accused Sensor into which an Accused
Filter is, or was to be, incorporated.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things" regarding "any" Accused Sensor.

Requests for "all documents," "all facts," or "all information" relating to a particular claim or

allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2

(S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4,

2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3

(S.D. Cal. June 18, 2009).  PTOT further objects to this Request as vague, ambiguous, and seeking

wholly irrelevant information to the extent it concerns "any Accused Sensor into which an Accused Filter . . . was to be[] incorporated" and to the extent the phrase "was to be[] incorporated" improperly broadens the scope of "Accused Sensor" as defined by Plaintiff.

Subject to and without waiving any of the foregoing objections, PTOT has no knowledge of "any Accused Sensor" into which the Accused Filters were to be incorporated. In acquiring the Accused Filters, Viavi's agent claimed that the filters were for a "Security Camera." PTOT provided the filters to Viavi's agent with that understanding but does not know or have any way to know whether Viavi's agent has indeed procured the filters for the represented stated purpose or some other purposes, except that Viavi has since submitted documents indicating that at least some of those filters were used for purposes of litigation. Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Things relating to or referencing any Accused Device into which an Accused Filter is, or was to be, incorporated.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding "any" Accused Device. Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT also objects to this Request as vague and ambiguous to the extent

it uses the term "Accused Device" in a way that is inconsistent with the definition provided for by Plaintiff.  (*See also* General Objection ¶22.)  PTOT further objects to this Request as vague, ambiguous, and seeking wholly irrelevant information to the extent it concerns "any Accused Device into which an Accused Filter . . . was to be[] incorporated" and to the extent that the phrase "was to be[] incorporated" improperly broadens the scope of "Accused Device" as defined by Plaintiff.

Subject to and without waiving any of the foregoing objections, PTOT has no knowledge of "any Accused Device" into which the Accused Filters were to be incorporated.  Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 4:

Three representative samples (with packaging and any accompanying instruction, technical specification, brochure, and/or other documentation) of each Accused Filter.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

PTOT objects to this Request on the basis that it is vague and ambiguous in its use of the phrase "representative samples."  PTOT further objects to this Request as vague and ambiguous to the extent it seeks "other documentation" along with the requested samples and to the extent the phrase "packaging and any accompanying instruction, technical specification, brochure, and/or other documentation" renders the Request overly broad, unduly burdensome, and not proportional to the needs of the case.  PTOT also objects to this Request to the extent it seeks "samples" already in Viavi's possession, custody, or control because the Accused Filters identified by Viavi were sold to Viavi through intermediaries.

Subject to and without waiving any of the foregoing objections, PTOT is willing to meet and confer with counsel for Plaintiff in order to attempt to understand the scope of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Things sufficient to show, on a monthly basis: (1) the identity of each person or entity that has, directly or indirectly, supplied, provided, sold, and/or transferred each Accused Filter to any party, including, but not limited to, ████████████████████ (2) the unit quantity of each Accused Filter supplied, sold, or imported into the United States since May 1, 2020; (3) product identifiers used externally by the third party; and (4) the products in which each Accused Filter is, or was to be, incorporated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it encompasses "*each* person and entity that has, directly or indirectly, supplied, provided, sold, and/or transferred *each* Accused Filter to *any* third party." PTOT objects to this .

Subject to and without waiving any of the foregoing objections, PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT or any third party on behalf of PTOT since May 1, 2020, and PTOT lacks knowledge as to whether "any third party" may have "supplied, provided, sold, and/or transferred" the Accused Filters since May 1, 2020. Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 6:**

All sales records, receipts, purchase orders, and invoices relating to or referencing any Accused Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll" sales records, receipts, purchase orders, and invoices regarding the Accused Filters. PTOT further objects to this Request because it is not sufficiently

limited in time or geographic scope and, as a result, seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, such as sales records, receipts, purchase orders, and invoices that predate May 1, 2020.

Subject to and without waiving any of the foregoing objections, PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020.  Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 7:

All Documents and Things relating to or referencing any decision by You to design, manufacture, supply, offer to sell, sell, and/or import into the United States any Accused Filter (whether standing alone or as a component of any Accused Sensors and/or Accused Devices).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  PTOT also objects to this Request to the extent it calls for the production of documents and things that predate May 1, 2020, thereby seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.  PTOT further objects to this Request on the basis that it is vague and ambiguous in its use of the term "decision" and, as a result, encompasses "any decision" by PTOT in connection with the Accused Filters, Accused Sensors, or Accused Devices.

Subject to and without waiving any of the foregoing objections, PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020.  Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Things relating to or concerning Your knowledge or awareness that any product, device, or module incorporating any Accused Filter would be manufactured, used, offered for sale, sold, and/or imported into the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request. PTOT also objects to this Request to the extent it calls for the production of documents and things that predate May 1, 2020, thereby seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Subject to and without waiving any of the foregoing objections, PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020, and PTOT lacks knowledge as to whether any downstream products incorporating the Accused Filters have been used, offered for sale, sold, or imported into the United States since May 1, 2020. Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Things relating to or referencing the manufacture, distribution, importation, and/or exportation of any Accused Filter, including but not limited to the supply chain for any Accused Filter (whether standing alone or as a component of any Accused Sensor and/or Accused Device).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the

Request.  PTOT also objects to this Request to the extent it calls for the production of documents and things that predate May 1, 2020, thereby seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.  PTOT further objects to this Request as vague and ambiguous to the extent it seeks information concerning the "supply chain" for the Accused Filters.

Subject to and without waiving any of the foregoing objections, PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020.  Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Things concerning any design, manufacturing, processing, engineering, and/or implementation of the Accused Filters and/or prototypes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  PTOT further objects to this Request as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it concerns "prototypes."  Moreover, PTOT objects to this Request as vague and ambiguous to the extent it seeks information regarding any "processing," "engineering," and/or "implementation" of the Accused Filters.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request regarding the Accused Filters, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Things relating to, referencing, or referenced by individuals, including but not limited to Your employees, involved in the design, manufacturing, processing, engineering, and/or implementation of the Accused Filters and/or prototypes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request. PTOT further objects to this Request as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it concerns "prototypes." PTOT also objects to this Request as vague and ambiguous to the extent it seeks information regarding individuals "involved" in the "processing," "engineering," and/or "implementation" of the Accused Filters. Moreover, PTOT objects to this Request to the extent the phrase "referencing, or referenced by" is vague, ambiguous, and renders the Request indefinite in scope. PTOT will limit any search to documents related to the design and manufacturing of the Accused Filters.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request regarding the Accused Filters, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Things concerning any research and development, measurements, experiments, evaluations, studies, analyses, and/or tests that led to any Accused Filter and/or prototypes thereof, regardless of whether such activities were performed by or for You, including, but not limited to, any decision to initiate, continue, discontinue, collaborate, or alter any research and development, measurements, experiments, evaluations, studies, analyses, and/or tests performed relating in any way to any Accused Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  (*See also* General Objection ¶15.)  PTOT further objects to this Request as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it concerns "prototypes."  PTOT also objects to this Request as overly broad and unduly burdensome because it encompasses "any research and development, measurements, experiments, evaluations, studies, analyses, and/or tests that led to any Accused Filter" or "relating in any way to any Accused Filter," "regardless of whether such activities were performed by or for [PTOT]."  Moreover, PTOT objects to this Request as vague and ambiguous to the extent it seeks information regarding "any decision to initiate, continue, discontinue, collaborate, or alter" any of the foregoing activities.   PTOT will limit any search to documents related to the development and testing of the Accused Filters.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Things relating to, referencing, or referenced by individuals, including but not limited to Your employees, involved in the research and development, measurements, experiments, evaluations, studies, analysis, and/or tests that led to any Accused Filter and/or prototypes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the

Request.  PTOT also objects to this Request as seeking information that is neither relevant to any

party's claims or defenses nor proportional to the needs of the case to the extent it concerns

"prototypes."  PTOT also objects to this Request as overly broad and unduly burdensome to the

extent it seeks information regarding individuals "involved in the research and development,

measurements, experiments, evaluations, studies, analysis, and/or tests" concerning the Accused

Filters.  Moreover, PTOT objects to this Request to the extent the phrase "referencing, or

referenced by" is vague, ambiguous, and renders the Request indefinite in scope.  PTOT also

objects to this Request as overly burdensome and unreasonably cumulative to the extent it appears

to seek materials that are duplicative of materials sought by Request No. 12.

Subject to and without waiving any of the foregoing objections, PTOT is willing to meet

and confer with counsel for Plaintiff in order to attempt to understand the scope of materials sought

by this Request that is not already covered by Request No. 12.

## REQUEST FOR PRODUCTION NO. 14:

Documents and Things sufficient to show the filter structure of each Accused Filter, including any
coating layers and substrate used, including but not limited to Documents and Things identifying
each layer's chemical composition and element concentration in the layer, material identity (such
as, *e.g.*, Hydrogenated Silicon, silicon dioxide, aluminum oxide, titanium dioxide, niobium
pentoxide, and/or tantalum pentoxide), thickness, refractive indices over a wavelength range of
800 to 1100 nm, and extinction coefficients over a wavelength range of 800 to 1100 nm.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it encompasses "any coating layers and substrate used" in "each Accused

Filter."  PTOT further objects to this Request as vague and ambiguous to the extent it seeks

information regarding the "filter structure" of each Accused Filter and the "material identity" of

each layer in the Accused Filter.  PTOT also objects to this Request to the extent it prematurely

seeks information that may be the subject of expert discovery, and to the extent it requires PTOT

to engage in legal or expert analysis and/or render expert opinions.  PTOT also objects to this

Request because it is unreasonably cumulative of Plaintiff's other Requests including, e.g.,

Request Nos. 15, 16, 18, and 19.

Subject to and without waiving any of the foregoing objections, PTOT will produce

relevant, non-privileged documents responsive to this Request, to the extent any such documents

are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 15:

Documents and Things sufficient to show the chemical composition and concentration of each
element in each individual layer forming each Accused Filter, including any coating layers and
substrate used, and including, but not limited to, any testing results, simulation results, and/or
measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests the composition and concentration of "each" element in "each"

layer forming "each" Accused Filter.  PTOT further objects to this Request as cumulative of

Plaintiff's Request No. 14 and incorporates by reference PTOT's objections in response thereto.

Moreover, PTOT objects to this Request on the basis that the phrase "any testing results, simulation

results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused

Device" is vague and ambiguous and, to the extent understood, renders this Request overly broad,

unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also

objects to this Request to the extent it concerns testing or measurements for any Accused Sensor

and Accused Device because PTOT does not manufacture those products.

23

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 16:

Documents and Things sufficient to show the thickness of each individual layer forming each Accused Filter, including any coating layers and substrate used, and including but not limited to any testing results, simulations results, and/or measurements obtained from the Accused Filter, Accused Sensors, and/or Accused Devices.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests the thickness of "each" layer forming "each" Accused Filter. PTOT further objects to this Request as cumulative of Plaintiff's Request No. 14 and incorporates by reference PTOT's objections in response thereto. Moreover, PTOT objects to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from the Accused Filter, Accused Sensors, and/or Accused Devices" is vague and ambiguous and, to the extent understood, renders this Request overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case. PTOT also objects to this Request to the extent it concerns the Accused Sensors and Accused Devices because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 17:

Documents and Things sufficient to show the optical characteristics of each individual layer forming each Accused Filter and the optical characteristics of the Accused Filter as a whole.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests the optical characteristics of "each" layer forming "each" Accused Filter and the optical characteristics of the Accused Filter "as a whole." In either instance, PTOT also objects to this Request on the basis that it is vague and ambiguous in its use of the term "optical characteristics," and further objects to this Request to the extent the phrase "the Accused Filter as a whole" is vague and ambiguous.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

Documents and Things sufficient to show the refractive indices of each individual layer forming each Accused Filter over a wavelength range of 800 to 1100 nm, including any coating layers and substrate used, and including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests the refractive indices of "each" layer forming "each" Accused Filter. PTOT further objects to this Request as cumulative of Plaintiff's Request No. 14 and incorporates by reference PTOT's objections in response thereto. PTOT reiterates that this Request improperly requires PTOT to perform an expert and/or legal analysis. Moreover, PTOT objects to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device" is

vague and ambiguous and, to the extent understood, renders this Request overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it concerns the Accused Sensor and Accused Device because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

Documents and Things sufficient to show the extinction coefficients of each individual layer forming each Accused Filter over a wavelength range of 800 to 1100 nm, including any coating layers and substrate used, and including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests the extinction coefficients of "each" layer forming "each" Accused Filter.  PTOT further objects to this Request as cumulative of Plaintiff's Request No. 14 and incorporates by reference PTOT's objections in response thereto.  PTOT reiterates that this Request improperly requires PTOT to perform an expert and/or legal analysis.  Moreover, PTOT objects to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device" is vague and ambiguous and, to the extent understood, renders this Request overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it concerns the Accused Sensor and Accused Device because PTOT does not manufacture those products.

26

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

Documents and Things sufficient to show the wavelength range of the passband of each Accused Filter, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

PTOT objects to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device" is vague and ambiguous and, to the extent understood, renders this Request overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it concerns the Accused Sensor and Accused Device because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Documents and Things sufficient to show the center wavelength shift (in nanometers) of each Accused Filter when an incidence angle changes from 0º to 30º, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

PTOT objects to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device" is vague and ambiguous and, to the extent understood, renders this Request overly broad,

unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it concerns the Accused Sensor and Accused Device because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

Documents and Things sufficient to show the blocking level of each Accused Filter outside the passband between a wavelength range of 400 to 1100 nm, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

PTOT to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device" is vague and ambiguous and, to the extent understood, renders this Request overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it concerns the Accused Sensor and Accused Device because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

Documents and Things sufficient to show the transmittance characteristics of each Accused Filter in a wavelength range of 400 to 1100 nm, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

PTOT objects to this Request to the extent the phrase "transmittance characteristics" is vague and ambiguous.  PTOT further objects to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device" is vague and ambiguous and, to the extent understood, renders this Request overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it concerns the Accused Sensor and Accused Device because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 24:

Documents and Things sufficient to show the full width at half maximum of the passband of each Accused Filter, including but not limited to any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

PTOT objects to this Request on the basis that the phrase "any testing results, simulations results, and/or measurements obtained from any Accused Filter, Accused Sensor, and/or Accused Device" is vague and ambiguous and, to the extent understood, renders this Request overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it concerns the Accused Sensor and Accused Device because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

29

**REQUEST FOR PRODUCTION NO. 25:**

Documents and Things sufficient to show Your technique or method for forming or depositing the Hydrogenated Silicon layers in each Accused Filter, including but not limited to Documents and Things identifying the apparatus used to create or form the Hydrogenated Silicon layers, including the identification of all materials or chemicals present in and operational parameters for any deposition chamber.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

PTOT objects to this Request on the basis that the term "Hydrogenated Silicon" is vague and ambiguous and hereby incorporates by reference its objection to that term.  PTOT further objects to this Request as vague and ambiguous to the extent it requests the identification of all "materials," "chemicals," and "operational parameters" in connection with "any deposition chamber."  Moreover, PTOT objects to this Request to the extent it improperly seeks a legal conclusion and/or prematurely requests an expert opinion as the term "Hydrogenated Silicon" is a required claim element for the Asserted Claims of the Asserted Patents.  PTOT further objects to this Request to the extent it is directed solely at PTOT's trade secret and proprietary know-how and as overly broad, unduly burdensome, and neither relevant to either party's claims or defenses nor proportional to the needs of the case because none of the Asserted Claims of the Asserted Patents are directed to the "technique" or "method" of depositing layers in filters.  Accordingly, PTOT will not search for or produce responsive documents in light of the irrelevancy of the requested information and the ambiguity and undue burden associated with this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Things concerning any research and development relating to use of Hydrogenated Silicon in optical filter products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things concerning any research and development." Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT also objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it generally seeks information regarding the "use of Hydrogenated Silicon in optical filter products" regardless of whether such products are accused of infringement in this case. PTOT also objects to this Request on the basis that the term "Hydrogenated Silicon layers" is vague and ambiguous and will limit the term as interpreted by PTOT. PTOT further objects to this Request on the basis that it is vague and ambiguous and overly broad in its reference to the phrase "use . . . in optical filter products."

Based on its objections, PTOT will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show the first use of Hydrogenated Silicon in Your optical filter products and first commercial filter product sold or manufactured by You using Hydrogenated Silicon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it calls for the production of documents concerning Hydrogenated Silicon in "Your optical filter products," regardless of whether such products are accused of infringement

in this case.  PTOT also objects to this Request on the basis that it is vague and ambiguous in its

references to "first use" and "first commercial filter product sold or manufactured by [PTOT]."

Based on its objections, PTOT will not search for or produce documents responsive to this

Request.

## REQUEST FOR PRODUCTION NO. 28:

All Documents and Things concerning any research and development relating to Low Angle Shift
Filter Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things" concerning "any research and

development relating to Low Angle Shift Filter Product."   Requests for "all documents," "all

facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry*

*v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion*

*Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York*,

No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).  PTOT also

objects to this Request as overly broad and unduly burdensome to the extent it seeks information

about filter products that have not been identified or accused of infringement by Viavi.

Based on its objections, PTOT will not search for or produce documents responsive to this

Request.

## REQUEST FOR PRODUCTION NO. 29:

Documents sufficient to show the first prototype made by You of a Low Angle Shift Filter Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.  PTOT further objects to this Request as vague, ambiguous, and seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it concerns "the first prototype. . . of a Low Angle Shift Filter Product" and does not seek information about filter products accused of infringement by Viavi.

Based on its objections, PTOT will not search for or produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 30:

Documents sufficient to show the first commercial sale of a Low Angle Shift Filter Product manufactured or developed by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks information about filter products that have not been identified or accused of infringement by Viavi.  PTOT also objects to this Request on the basis that the phrase "the first commercial sale of a Low Angle Shift Filter Product" is vague and ambiguous.

Based on its objections, PTOT will not search for or produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 31:

All Documents and Things relating to or referencing any comparison of any Accused Filter with any Asserted Claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

PTOT objects to this Request because, as written, it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine.  *See e.g., Burlington*

*Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir.

2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D.

Cal. Oct. 15, 2018).

Based on its objections, PTOT will not search for or produce documents responsive to this

Request.

## REQUEST FOR PRODUCTION NO. 32:

All Documents and Things relating to or referencing whether any Accused Filter would or would
not infringe any Asserted Claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

PTOT objects to this Request because, as written, it seeks information that is protected

from disclosure by the attorney-client privilege and work product doctrine.  *See e.g., Burlington*

*Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir.

2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D.

Cal. Oct. 15, 2018).

Based on its objections, PTOT will not search for or produce documents responsive to this

Request.  However, subject to and without waiving any of the foregoing objections, PTOT will

serve its contentions and/or expert report(s) in accordance with the schedule set by the Court.

## REQUEST FOR PRODUCTION NO. 33:

All Documents and Things concerning any attempt by You or on behalf of You to design around
any Asserted Claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

PTOT objects to this Request because, as written, it seeks information that is protected

from disclosure by the attorney-client privilege and work product doctrine.  *See e.g., Burlington*

*Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir.

2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Based on its objections, PTOT will not search for or produce documents responsive to this Request.  However, subject to and without waiving any of the foregoing objections, PTOT will serve its contentions and/or expert report(s) in accordance with the schedule set by the Court.

## REQUEST FOR PRODUCTION NO. 34:

All Documents and Things You contend or will contend supports any defense that any Accused Filter does not infringe one or more of the Asserted Claims.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

PTOT objects to this Request because, as written, it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine.  *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT identifies parties' Settlement Agreements (VIAVI006131 and VIAVI006137) and will serve its contentions and/or expert report(s) in accordance with the schedule set by the Court.

## REQUEST FOR PRODUCTION NO. 35:

All Documents that support or refute Your statement in Paragraph 3 of Your Defenses and Paragraphs 9, 14, 19, and 24 of Your Counterclaims stating that "the accused filter comprises hydrogenated silicon nitride instead of hydrogenated silicon." *See* Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 15, 18-19.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents" regarding the subject of the Request.

Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018). PTOT also objects to this Request as it seeks information regarding claim construction prior to the issuance of a claim construction ruling. Moreover, PTOT objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.

Subject to and without waiving any of the foregoing objections, PTOT responds that Plaintiff has not accused any product with hydrogenated silicon nitride of infringing any Asserted Claims. Accordingly, PTOT will not search for or produce documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents that support or refute Your contention that hydrogenated silicon nitride is not hydrogenated silicon or an equivalent thereof, including, but not limited to, any Documents comparing, or testing performed by You or on Your behalf to evaluate such materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents" regarding the subject of the Request.

Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018). PTOT also objects to this Request as it seeks information regarding claim construction prior to the issuance of a claim construction ruling. Moreover, PTOT objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.

Subject to and without waiving any of the foregoing objections, PTOT responds that Plaintiff has not accused any product with hydrogenated silicon nitride of infringing any Asserted Claims. Accordingly, PTOT will not search for or produce documents responsive to this Request at this time.

## REQUEST FOR PRODUCTION NO. 37:

All Documents and Things relating to non-infringing alternatives or substitutes for the claimed inventions of the Asserted Claims.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the

Request.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).  PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine.  *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).  PTOT also objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.  Moreover, PTOT objects to this Request as it seeks information regarding claim construction prior to the issuance of a claim construction ruling.

Subject to and without waiving any of the foregoing objections, PTOT is willing to meet and confer with counsel for Plaintiff in order to attempt to understand the scope of this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Things relating to or referencing Your policies or practices concerning patent clearances, right to use opinions, and/or other mechanisms to avoid infringement of patents, including the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

PTOT objects to this Request because, as written, it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine.  *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, based on PTOT's understanding of the materials sought by this Request, PTOT responds that it will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Things You contend or will contend supports any defense that any Asserted Claim is invalid and/or unenforceable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

PTOT objects to this Request because, as written, it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT will serve its contentions and/or expert report(s) in accordance with the schedule to be set by the Court, and will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Things that You believe to be prior art to any Asserted Claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

PTOT objects to this Request because, as written, it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D.

Cal. Oct. 15, 2018).  Therefore, PTOT will not search for or produce documents responsive to this

Request.

Subject to and without waiving any of the foregoing objections, PTOT will serve its

contentions and/or expert report(s) in accordance with the schedule to be set by the Court, and will

produce relevant, non-privileged documents responsive to this Request, to the extent any such

documents are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 41:

All Documents and Things relating to or referencing any prior art or validity search or investigation
made by or on behalf of You concerning any Asserted Claim, including, but not limited to,
Documents and Things reporting, analyzing, describing, or otherwise associated with such search
or investigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

PTOT objects to this Request because, as written, it seeks information that is protected

from disclosure by the attorney-client privilege and work product doctrine.  *See e.g., Burlington*

*Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir.

2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D.

Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT responds that based

on its current investigation and understanding of the documents sought by this Request, no such

documents exist that are not protected from disclosure.

## REQUEST FOR PRODUCTION NO. 42:

All Documents and Things relating to or referencing any study, analysis, or opinion concerning
any Asserted Claim and/or the infringement/non-infringement, validity/invalidity, scope,
interpretation and/or enforceability of the Asserted Claims.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

PTOT objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.   PTOT further objects to this Request as it seeks information regarding claim construction prior to the issuance of a claim construction ruling. Moreover, PTOT objects to this Request because it is unreasonably cumulative of Plaintiff's other Requests including, e.g., Request Nos. 31, 32, 34-37, and 39-41.   PTOT also objects to this Request because, as written, it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine.   *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT responds that based on its current investigation and understanding of the documents sought by this Request, no such documents exist that are not protected from disclosure.

## REQUEST FOR PRODUCTION NO. 43:

All Documents and Things relating to or referencing any commercial success achieved by the Accused Products, including, but not limited to, any surveys, reviews, ratings, market approval, consumer approval, market praise, awards, articles, industry acclaims, and all other indications of the commercial success associated with the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

PTOT objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.   PTOT also objects to this Request because each of the phrases used in the Request, including "surveys," "reviews," "ratings," "market approval," "consumer approval," "articles," "industry acclaims," as well as "other indications of the commercial success associated with the Accused Products" is vague and ambiguous.

Subject to and without waiving any of the foregoing objections, PTOT will interpret

"Accused Filter" to mean and be limited to the optical filters that are specifically identified by

Viavi in its Infringement Contentions, i.e., the "11246" optical filter.  Accordingly, based on

PTOT's understanding of the materials sought by this Request, PTOT responds that it will not

search for responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 44:

All Documents and Things relating to or referencing any commercial success achieved by the
Viavi Low Angle Shift Filters, including, but not limited to, any surveys, reviews, ratings, market
approval, consumer approval, market praise, awards, articles, industry acclaims, and all other
indications of the commercial success associated with the Viavi Low Angle Shift Filters.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

PTOT objects to this Request to the extent it prematurely seeks information that may be

the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert

analysis and/or render expert opinions.  PTOT also objects to this Request because each of the

phrases used in the Request, including "surveys," "reviews," "ratings," "market approval,"

"consumer approval," "articles," "industry acclaims," as well as "other indications of the

commercial success associated with the Viavi Low Angle Shift Filters" is vague and ambiguous.

Subject to and without waiving any of the foregoing objections, based on PTOT's

understanding of the materials sought by this Request, PTOT responds that it will not search for

responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 45:

All annual, quarterly, or other periodic financial reports or statements from You, audited or un-
audited, related to any Accused Filter or any Low Angle Shift Product since January 1, 2017.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll" financial reports or statements and to the extent it is not

limited to the Accused Filters but encompasses the financials of "any Low Angle Shift Product"

including products that are not sold or offered for sale by PTOT and products that are not accused

of infringement in this case.  (*See* General Objection ¶25.)  PTOT further objects to this Request

to the extent it requests documents from as early as January 1, 2017, thereby seeking information

that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Specifically, Viavi has released its claims in connection with PTOT's products that were sold or

manufactured prior to May 1, 2020 pursuant to the parties' Settlement Agreements and, therefore,

information predating May 1, 2020 is neither relevant to any party's claims or defenses nor

proportional to the needs of the case.  PTOT also objects to this Request because it is compound

and broadly seeks financial information on "any Accused Filter" as well as "any Low Angle Shift

Product."

Subject to and without waiving any of the foregoing objections, PTOT responds that the

Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020.  Accordingly,

based on its objections and PTOT's understanding of the materials sought by this Request, PTOT

will not search for responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 46:

All Documents and Things relating to press releases concerning any Accused Filter (whether
standing alone or as a component of any Accused Sensor and/or Accused Device).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the

Request.  Requests for "all documents," "all facts," or "all information" relating to a particular

claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT also objects to this Request to the extent it concerns any Accused Sensor and Accused Device because PTOT does not manufacture those products.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 47:

Documents and Things sufficient to show, on a monthly basis since May 1, 2020 to the present, the number of units sold and/or supplied, sales prices and volume, gross and net revenues, gross and net profits, and costs for each Accused Filter.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020. Accordingly, based on PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 48:

All Documents and Things relating to or referencing Viavi, including but not limited to Viavi Low Angle Shift Filters.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request and to the extent it concerns unidentified Viavi Low Angle Shift Filters. Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially

defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016);

*Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp.*

*of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).

PTOT also objects to this Request to the extent it seeks information that is protected from

disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington*

*Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir.

2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D.

Cal. Oct. 15, 2018).

      Subject to and without waiving any of the foregoing objections, PTOT is willing to meet

and confer with counsel for Plaintiff in order to attempt to understand the scope of this Request.

## REQUEST FOR PRODUCTION NO. 49:

All Documents and Things relating to or referencing Your first knowledge or awareness of any of
the Asserted Patents, any applications leading to the same, and/or any foreign or United States
patents or application related thereto, such as for example in connection with the Related Foreign
Actions, including, but not limited to, the identity of the individual(s) who gained such knowledge
or awareness, the circumstances under which the knowledge was acquired or awareness was made,
and any actions taken by You as a result of acquiring knowledge or becoming aware of any of the
Asserted Patents, any applications leading to the same, and/or any foreign or United States patents
or applications related thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

      PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the

Request. Requests for "all documents," "all facts," or "all information" relating to a particular

claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114,

at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug.

4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at

*3 (S.D. Cal. June 18, 2009).  PTOT also objects to this Request to the extent it calls for the production of documents and things that predate May 1, 2020, thereby seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Moreover, PTOT objects to this Request on the basis that it is vague and ambiguous in its use of the phrase "any applications leading to the same" and further on the basis that the phrase "any foreign or United States patents or application related thereto" is vague, ambiguous and, to the extent understood, overly broad, unduly burdensome, and neither relevant nor proportional to the needs of this case.  PTOT also objects to this Request to the extent it seeks information that is as readily available to Viavi as it is to PTOT, including information regarding the Related Foreign Actions.

Subject to and without waiving any of the foregoing objections, PTOT responds that it became aware of the Asserted Patents in 2018 in connection with the Related Foreign Actions. However, Viavi has released its claims in connection with PTOT's products that were sold or manufactured prior to May 1, 2020 pursuant to the parties' Settlement Agreements.  Accordingly, based on PTOT's current investigation and understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist that are relevant to any party's claims or defenses.

## REQUEST FOR PRODUCTION NO. 50:

Documents and Things sufficient to show the date on which You first knew of, or had access to, any Viavi Low Angle Shift Filter Product, including, but not limited to, the identity of the individual(s) who gained such knowledge or access, the circumstances under which the knowledge or access was acquired, and any actions taken by You as a result of acquiring such knowledge of or access to the Viavi Low Angle Shift Filter Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it concerns unidentified Viavi Low Angle Shift Filters.  PTOT also objects

to this Request because, as written, it seeks information that is protected from disclosure by the

attorney-client privilege and work product doctrine.  *See e.g., Burlington Northern & Santa Fe Ry*

*Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v.*

*Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT responds that based

on its understanding of the materials sought by this Request, PTOT will not search for responsive

documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 51:

All Documents and Things relating to or referencing any comparisons of any Viavi Low Angle
Shift Filter with any Accused Filter and/or prototypes thereof.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the

Request and to the extent it concerns unidentified Viavi Low Angle Shift Filters. PTOT further

objects to this Request as seeking information that is neither relevant to any party's claims or

defenses nor proportional to the needs of the case to the extent it concerns "prototypes."  PTOT

also objects to this Request on the ground that the term "any comparisons" is vague and ambiguous

and further renders this Request overly broad and unduly burdensome.  PTOT also objects to this

Request because, as written, it seeks information that is protected from disclosure by the attorney-

client privilege and work product doctrine.  *See e.g., Burlington Northern & Santa Fe Ry Co. v.*

*U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall,*

*Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT responds that based on its understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Things relating to or referencing the purchase, testing, reverse engineering, deconstruction, copying, disassembling, examination, measurement, technical or competitive analysis, modeling, simulation, investigation, and/or evaluation of any Viavi Low Angle Shift Filter, You did or had commissioned on Your behalf (including any such activities performed on any device, sensor, module, or product incorporating any Viavi Low Angle Shift Filter).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request and to the extent it concerns unidentified Viavi Low Angle Shift Filters. PTOT also objects to this Request on the basis that it uses vague and ambiguous terms including, but not limited to, the "testing," "reverse engineering," "deconstruction," "copying," "disassembling," "measurement," "modeling," "simulation," "technical or competitive analysis," "investigation," and "evaluation" of such products, and is further vague and ambiguous to the extent it seeks information regarding "any device, sensor, module, or product incorporating any [such products]." PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT responds that based on its understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Things relating to or referencing the purchase, testing, reverse engineering, deconstruction, copying, disassembling, examination, measurement, technical or competitive analysis, modeling, simulation, investigation, and/or evaluation of any Low Angle Shift Filter Product You did or had commissioned on Your behalf (including any such activities performed on any device, sensor, module, or product incorporating any Low Angle Shift Filter Product).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request and to the extent it concerns unidentified Low Angle Shift Filter Products that have not been identified or accused of infringement by Viavi.   PTOT also objects to this Request on the basis that it uses vague and ambiguous terms including, but not limited to, the "testing," "reverse engineering," "deconstruction," "copying," "disassembling," "measurement," "modeling," "simulation," "technical or competitive analysis," "investigation," and "evaluation" of such products, and is further vague and ambiguous to the extent it seeks information regarding "any device, sensor, module, or product incorporating any [such products]."   PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine.   *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT responds that based on its understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 54:**

All marketing, advertising, and sales materials that contain any reference to any Accused Filter, including, but not limited to, all catalogs, price lists, technical specifications, new product announcements, brochures, proposals, solicitations, presentations, and advertisements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll . . . materials" regarding the subject of the Request. Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT objects to this Request to the extent it requires the production of documents that predate May 1, 2020, thereby seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. PTOT also objects to this Request as vague and ambiguous to the extent it requests all "new product announcements," "proposals," "solicitations," and "presentations."

Subject to and without waiving any of the foregoing objections, PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020. Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Things relating to or referencing any marketing, advertising, and/or sales of any Accused Filter, including, but not limited to, all market analyses, forecasts, business plans, projections, presentations, and reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Request to the extent it requires the production of documents that predate May 1, 2020, thereby seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.  PTOT also objects to this Request on the basis that it uses phrases that are vague and ambiguous including, without limitation, "business plans," "forecasts," "projections," "presentations," and "reports," which further renders this Request overly broad and unduly burdensome to the extent it is understood.

Subject to and without waiving any of the foregoing objections, PTOT responds that the Accused Filters identified by Viavi have not been sold by PTOT since May 1, 2020.  Accordingly, based on its objections and PTOT's understanding of the materials sought by this Request, PTOT will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show Your organizational and corporate structure, including Your parent corporations, subsidiaries, and affiliates, and including the corporate structure of any entity involved in the design, development, manufacturing, marketing, importing, and/or sales of any Accused Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.  PTOT also objects to this Request as vague, ambiguous, and calling for speculation to the extent it concerns the corporate structure of "any entity involved in the design, development, manufacturing, marketing, importing, and/or sales of any Accused Filter."

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show the corporate nature of Your business, including, but not limited to, subsidiaries, divisions, and business units; their relationship to You; and the employee hierarchy of Your business with respect to the marketing, sales, design, manufacturing, research, development, importation, exportation, and commercialization of the Accused Filters, including, but not limited to, the reporting relationships of officers, directors, managers, research scientists, engineers, designers, employees, and agents of You whose duties and/or responsibilities relate in any way to the Accused Filters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.  PTOT also objects to this Request on the basis that the phrase "corporate nature . . . of [PTOT's] business" is vague, ambiguous, and calling for speculation as to the scope of the Request.  PTOT further objects to this Request as vague and ambiguous to the extent it relates to

"subsidiaries, divisions, and business units" and "their relationship to [PTOT]," and to the extent it seeks information regarding the "employee hierarchy" and "reporting relationships" in PTOT. Moreover, PTOT objects to this Request as vague, ambiguous, overly broad, and unduly burdensome to the extent it encompasses activities regarding the "commercialization" of the Accused Filters and persons "whose duties and/or responsibilities relate in any way to the Accused Filters."

Subject to and without waiving any of the foregoing objections, PTOT is willing to meet and confer with counsel for Plaintiff in order to attempt to understand the scope of this Request.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify the past or current officers, directors, managers, research scientists, engineers, designers, employees, staffs, operators, and agents of Yours, or any third parties, whose duties and/or responsibilities relate in any way to the Accused Products, and their individual job description, duties, or responsibilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

PTOT objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it concerns "any third parties[] whose duties and/or responsibilities relate in any way to the Accused Products" and does not relate to the Accused Filters identified by Viavi. PTOT also objects to this Request because it encompasses "past and current" information without a relevant timeframe, which renders the Request overly broad and unduly burdensome. PTOT further objects to this Request as vague and ambiguous to the extent it seeks the identification of PTOT's "research scientists," "engineers," "designers," "staffs," "operators," and "agents," "whose duties and/or responsibilities relate in any way to the Accused Products" and their "job description, duties, or responsibilities."

Subject to and without waiving any of the foregoing objections, PTOT is willing to meet

and confer with counsel for Plaintiff in order to attempt to understand the scope of this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Things relating to or referencing Your document retention and destruction
policies, including any document hold and/or retention memoranda relating to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking

information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the

Request.  Requests for "all documents," "all facts," or "all information" relating to a particular

claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114,

at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug.

4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at

*3 (S.D. Cal. June 18, 2009).  PTOT also objects to this Request to the extent it seeks information

that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or

any other applicable privilege or protection.  *See e.g., In re eBay Seller Antitrust Litig.*, No. C 07-

01882 JF (RS), 2007 WL 2852364, at *3 (N.D. Cal. Oct. 2, 2007) (document retention notices

protected under attorney client privilege and the work product doctrine).

Subject to and without waiving any of the foregoing objections, PTOT will produce

relevant, non-privileged documents responsive to this Request, to the extent any such documents

are located after a reasonable search.  PTOT, however, will not search for or produce "any

document hold and/or retention memoranda relating to this action" because, as written, this portion

of the Request is directed solely at privileged information.

**REQUEST FOR PRODUCTION NO. 60:**

All United States and non-U.S. patent applications or patents, whether pending, abandoned, issued, or expired, of Yours that relate to or concern any of the Accused Filters or the subject matter related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll" documents regarding the subject of the Request. Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions. PTOT further objects to this Request as overboard and unduly burdensome since published patent applications and patents comprised of public information and therefore are equally accessible to Viavi. PTOT also objects to this Request on the basis that it is cumulative of Plaintiff's other Requests including, e.g., Request No. 62.

Subject to and without waiving any of the foregoing objections, based on its understanding of the materials sought by this Request, PTOT responds that it will not search for responsive documents because no such documents exists.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Things relating to or referencing the patent applications or patents responsive to the preceding Request for Production, the prosecution of those patents, or the prosecution of

any application related to those patents (including reissues, reexaminations, or continuations thereof).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request. Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT also objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection. For example, documents generated by PTOT's patent counsel in the course of prosecution may be privileged. *See In re Insogna*, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *8 (S.D. Cal. Jan. 3, 2020). PTOT further objects to this Request as overboard and unduly burdensome since published patent applications and patents comprised of public information and therefore are equally accessible to Viavi.

Subject to and without waiving any of the foregoing objections, based on its understanding of the materials sought by this Request, PTOT responds that it will not search for responsive documents because no such documents exists.

**REQUEST FOR PRODUCTION NO. 62:**

All Documents and Things relating to or referencing any patents or patent applications filed by, issued to, assigned to, owned by, or licensed to You anywhere in the world, that You contend describes, depicts, or covers any Accused Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).  PTOT further objects to this Request to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions in connection with whether a patent or patent application "describes, depicts, or covers any Accused Filter" in order to ascertain the scope of the Request.  PTOT also objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.  For example, documents generated by PTOT's patent counsel in the course of prosecution may be privileged.  *See In re Insogna*, No. 3:19-CV-1589-LAB-AHG, 2020 WL 85487, at *8 (S.D. Cal. Jan. 3, 2020).  PTOT also objects to this Request on the basis that it is cumulative of Plaintiff's other Requests including, e.g., Request No. 60. PTOT further objects to this Request as overboard and unduly burdensome since published patent applications and patents comprised of public information and therefore are equally accessible to Viavi.

Subject to and without waiving any of the foregoing objections, based on its understanding of the materials sought by this Request, PTOT responds that it will not search for responsive documents because no such documents exists.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Things You intend to rely on to support Your positions relating to the scope and interpretation of any claims of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  PTOT also objects to this Request to the extent it is not limited to the Asserted Claims but, instead, encompasses the scope and interpretation of "any claims of the Asserted Patents." PTOT further objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.

Subject to and without waiving any of the foregoing objections, PTOT will serve its contentions and/or expert report(s) in accordance with the schedule set by the Court, and will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Things relating to or concerning Your understanding, discussion, and/or definition of the level of skill, experience, education, and/or training of one of ordinary skill in the art of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  PTOT also objects to this Request to the extent it prematurely seeks information that

may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.  Moreover, PTOT objects to this Request to the extent it is not limited to the Asserted Claims but, instead, broadly seeks information regarding the Asserted Patents.

Subject to and without waiving any of the foregoing objections, PTOT will serve its contentions and/or expert report(s) in accordance with the schedule set by the Court, and will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Things relating to or concerning Your understanding, measurement, discussion, and/or use of the term "passband" in connection with the Accused Filters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regard the subject of the Request. PTOT also objects to this Request because "measurement, discussion, and/or use of the term 'passband'" is vague and ambiguous.  PTOT also objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions.  PTOT further objects to this Request as it seeks information regarding claim construction prior to the issuance of a claim construction ruling.

Subject to and without waiving any of the foregoing objections, PTOT will serve its contentions and/or expert report(s) in accordance with the schedule set by the Court.  Further, in accordance with Patent Local Rule 3-4(a), PTOT has produced documents sufficient to show the

structure, function, or operation of the Accused Filters identified by Viavi, i.e., the "11246" optical filter.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents and Things relating to or concerning Your understanding, measurement, discussion, and/or use of the terms "blocking level" and/or "optical density" (or OD) in connection with the Accused Filters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regard the subject of the Request. PTOT also objects to this Request because "measurement, discussion, and/or use of the terms 'blocking level' and/or 'optical density' (or OD)" is vague and ambiguous. PTOT also objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, and to the extent it requires PTOT to engage in legal or expert analysis and/or render expert opinions. PTOT further objects to this Request as it seeks information regarding claim construction prior to the issuance of a claim construction ruling.

Subject to and without waiving any of the foregoing objections, PTOT will serve its contentions and/or expert report(s) in accordance with the schedule set by the Court. Further, in accordance with Patent Local Rule 3-4(a), PTOT has produced documents sufficient to show the structure, function, or operation of the Accused Filters identified by Viavi, i.e., the "11246" optical filter.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show Your relationship with ███████████████ including, but not limited to, manufacturer, supplier, importer, wholesaler, and retailer relationships.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks information related to third parties to which PTOT has not sold the Accused Filters since May 1, 2020.  The Accused Filters were sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements and have not been manufactured or sold since May 1, 2020.  PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by third-party confidentiality rights, and/or any other applicable privilege or protection.

Based on its objections, PTOT will not search for or produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 68:

All Documents and Things You were provided by any third party, including, but not limited to, ███████████████████ relating to any request to design, manufacture, and/or supply the Accused Filters, including, but not limited to, Documents and Things concerning any technical requirements or optical characteristics for such filters and/or any Accused Sensor or Accused Product into which such filters would be incorporated.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 68:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).  PTOT also objects to the Request to the extent it seeks information related to third parties to which PTOT has not sold the Accused Filters since May 1, 2020.  The

Accused Filters were sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements and have not been manufactured or sold since May 1, 2020. On information and belief, Viavi is therefore in possession of materials provided by Viavi or its intermediaries to PTOT in connection with the Accused Filters. PTOT further objects to this Request to the extent the terms "technical requirements" and "optical characteristics" are vague and ambiguous and to the extent it calls for speculation as to whether any Accused Filter "would be incorporated" into any Accused Sensor or Accused Product. PTOT also objects to this Request to the extent it seeks information that is protected from disclosure by third-party confidentiality rights, and/or any other applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, PTOT is willing to meet and confer with counsel for Plaintiff in order to attempt to understand the scope of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Things referring or relating to any testing, evaluation, or comparison performed by or on behalf of You to confirm whether the Accused Filters meet any technical requirements or optical characteristics identified in the Documents referenced in preceding Request for Production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

PTOT objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" referring to "any testing, evaluation, or comparison" in connection with the "technical requirements" or "optical characteristics" referenced in Plaintiff's Request No. 68.  PTOT hereby incorporates by reference its objections to Request No. 68.

Subject to and without waiving any of the foregoing objections, PTOT is willing to meet and confer with counsel for Plaintiff in order to attempt to understand the scope of this Request.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Things You were provided by any third party, including, but not limited to, ███████████████████████ relating to any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of this Request. Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Request as overly broad to the extent it seeks information related to unidentified Viavi Low Angle Shift Filters or Low Angle Shift Filter Products that have not been identified or accused by infringement by Viavi. PTOT also objects to this Request to the extent it seeks information that is protected from disclosure by third-party confidentiality rights, and/or any other applicable privilege or protection.

Based on its objections, PTOT will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Things referring or relating to any feedback from customers or downstream users of the Accused Filters regarding the operation, quality, or any other performance related issues of any Accused Filter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of this Request.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT also objects to this Request as overly burdensome to the extent it seeks information already in Viavi's possession, custody, or control, as the Accused Filters were ordered by Viavi through intermediaries such that Viavi may be in possession of materials provided by Viavi or its intermediaries to PTOT in connection with ordering the Accused Filters. PTOT also objects to this Request as vague and ambiguous as it concerns "feedback from customers or downstream users" and to the extent it seeks materials regarding "any other performance related issues" regarding the Accused Filters.

Subject to and without waiving any of the foregoing objections, based on PTOT's understanding of the materials sought by this Request, PTOT responds that it will not search for responsive documents because no such documents exist.

## REQUEST FOR PRODUCTION NO. 72:

All Documents relating to or referencing any Communication between You and any third party, including, but not limited to, ███████████████████ that concerns Viavi, the Complaint, the Accused Filters, this Action, and/or the Related Foreign Actions, or the subject matter of any of the foregoing.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

PTOT objects to this Request on the basis that it is vague and ambiguous in its wording, including the use of "any third party" and the reference to "the subject matter of any of the foregoing."  PTOT further objects to this Request because, as written, it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine.  *See e.g.,*

*Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149

(9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at

*3-4 (N.D. Cal. Oct. 15, 2018).  Accordingly, PTOT will not search for or produce documents

responsive to this Request.

However, subject to and without waiving any of the foregoing objections, and to the extent

this Request does not call for privileged information, PTOT is willing to meet and confer with

counsel for Plaintiff in order to attempt to understand the scope of this Request.

## REQUEST FOR PRODUCTION NO. 73:

All Documents and Things relating to or referencing any litigation, action, and/or proceeding,
involving any Accused Filter (excluding this Action and the Related Foreign Actions), including,
but not limited to, any litigation, action, and/or proceeding in the United States or elsewhere.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

PTOT objects to this Request on the basis that the phrase any "action, and/or proceeding,

involving any Accused Filter" is vague and ambiguous.  To the extent understood, however, PTOT

objects to this Request because, as written, it seeks information that is protected from disclosure

by the attorney-client privilege and work product doctrine.  *See e.g., Burlington Northern & Santa*

*Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc.*

*v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15,

2018).  Accordingly, PTOT will not search for or produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 74:

All Documents and Things relating to or referencing any agreements, such as an insurance
agreement, hold harmless agreement, or indemnification agreement, entered into or executed by
You concerning: (1) Your obligation to defend and/or indemnify any third party with respect to a
patent infringement claim concerning the Accused Filter; or (2) a third party's obligation to defend
and/or indemnify You with respect to a patent infringement claim concerning the Accused Filters.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" referencing "any agreements" concerning the subject of the Request.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Request to the extent the phrase "patent infringement claim concerning the Accused Filter [or Filters]" is vague and ambiguous.  PTOT also objects to this Request to the extent it requires PTOT to engage in legal analysis in order to ascertain the scope of the Request.  Moreover, PTOT objects to this Request to the extent it seeks information that is protected from disclosure by third-party confidentiality rights, and/or any other applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, based on PTOT's understanding of the materials sought by this Request, PTOT responds that it will not search for responsive documents because no such documents exist.

**REQUEST FOR PRODUCTION NO. 75:**

Any patent agreements, including, but not limited to, licenses, relating to any Accused Filter and/or Low Angle Shift Filter Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

PTOT objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks any "patent agreements" and to the extent it concerns "Low Angle Shift Filter Product."  PTOT further objects to this Request to the extent it seeks

information that is protected from disclosure by third-party confidentiality rights, and/or any other applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent such documents relate to the Accused Filters and are located after a reasonable search.  However, PTOT will not search for or produce documents responsive to this Request that relate to "Low Angle Shift Filter Product" in light of the irrelevancy of the information and the undue burden resulting from that portion of the Request.

## REQUEST FOR PRODUCTION NO. 76:

All Documents and Things relating to or referencing any license agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product development agreements, joint venture agreements, or co-development agreements for intellectual property that You are involved (as licensor or licensee), whether in draft form or executed, involving any Accused Filter.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" regarding the subject of the Request.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Request as vague and ambiguous to the extent it seeks "purchase agreements," "product development agreements," and "co-development agreements for intellectual property" involving the Accused Filters.  Moreover, PTOT objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-

client privilege, work product doctrine, third-party confidentiality rights, and/or any other applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 77:

All Documents and Things produced or received in response to third party subpoenas served in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

PTOT objects to this Request as premature because neither party has served any third party subpoenas in this case.  Therefore, PTOT will not search for or produce documents responsive to this Request at this time.

## REQUEST FOR PRODUCTION NO. 78:

All Documents and Things relating to, referring to, or concerning all fact witnesses, expert witnesses, or persons that You expect to rely on in any way in this Action, and any Documents and Things furnished to, shown to, produced by, or received from any fact witness, expert witness, or person that You expect to use as a fact witness or expert witness in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

PTOT objects to this Request as overly broad, unduly burdensome, and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it requests "[a]ll Documents and Things" concerning PTOT's witnesses in this case and further encompasses "any Documents and Things furnished to, shown to, produced by, or received from" those witnesses.  Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective.  *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV.

07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT also objects to this Request as vague and ambiguous to the extent is seeks information regarding "persons that [PTOT] expect[s] to rely on in any way" in this case. PTOT further objects to this Request as premature in light of the stage of discovery in this case. Moreover, PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018). Accordingly, PTOT will not search for or produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 79:**

Documents and Things sufficient to identify all competitors of Yours with respect to any Accused Filters and their respective market shares.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

PTOT objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it encompasses "all competitors" with respect to the Accused Filters and "their respective market shares." PTOT further objects to this Request to the extent it prematurely seeks information that may be the subject of expert discovery, including information regarding each such competitor's market share.

Subject to and without waiving any of the foregoing objections, PTOT will produce relevant, non-privileged documents responsive to this Request, to the extent any such documents are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 80:**

Documents and Things that support Your contention that there is a justiciable case or controversy over PTOT's infringement of the '995 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

PTOT objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent the '995 patent has been voluntarily dismissed by Viavi. PTOT objects to this Request as seeking information that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).  Accordingly, PTOT will not search for or produce documents responsive to this Request at this time.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents identified in response to, or relate in any way to, Your responses to Viavi's First Set of Interrogatories (Nos. 1-18).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

PTOT objects to this Request as vague, ambiguous, overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents . . . relate in any way to" PTOT's responses to the First set of Interrogatories.  PTOT further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege and work product doctrine. *See e.g., Burlington Northern & Santa Fe Ry Co. v. U.S. Dist. Court (Kapsner)*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005); *Finjan, Inc. v. Sonicwall, Inc.*, No. 17CV04467BLFVKD, 2018 WL 4998149, at *3-4 (N.D. Cal. Oct. 15, 2018).

Subject to and without waiving any of the foregoing objections, PTOT will produce documents identified in response to Viavi's First Set of Interrogatories.

Date: January 19, 2021                    Respectfully submitted, by

                                          */s/ David S. Bloch*

                                          David S. Bloch (SBN 184530)
                                          blochd@gtlaw.com
                                          GREENBERG TRAURIG, LLP
                                          4 Embarcadero Center, Suite 3000
                                          San Francisco, CA 94111-5983
                                          Telephone: 415.655.1271
                                          Facsimile: 415.520.5609

                                          *Attorneys for Defendant*
                                          *Platinum Optics Technology Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on this 19th day of January, 2021, via electronic mail, upon all counsel of record.

<u>*/s/ David S. Bloch*                       </u>