# Exhibit 4

(Redacted Version of
Document Sought to be Sealed)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VIAVI SOLUTIONS INC., | § § § | Case No. 5:20-cv-05501-EJD |
| Plaintiff, | § § | |
| v. | § § | |
| PLATINUM OPTICS TECHNOLOGY INC., | § § | |
| Defendant. | § § | |

---

## DEFENDANT PLATINUM OPTICS TECHNOLOGY INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-18)

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Local Rules of the Northern District of California, Defendant Platinum Optics Technology Inc. ("Defendant" or "PTOT"), by and through its attorneys, hereby objects and responds to Plaintiff Viavi Solutions Inc.'s ("Plaintiff" or "Viavi") First Set of Interrogatories (Nos. 1-18) dated December 3, 2020 (the "Interrogatories").

## PRELIMINARY STATEMENTS

PTOT's discovery and investigation in connection with this case are continuing. Accordingly, the objections and responses contained herein are based only upon the information presently available and known to PTOT. PTOT reserves the right to supplement and/or amend its objections and responses to these Interrogatories as the case develops and if and when PTOT discovers any additional relevant and responsive information.

PTOT further reserves the right to object to the admissibility of any of its objections or responses to these Interrogatories or to any of the documents produced in response to these Interrogatories, in whole or in part, at trial or in connection with any hearing, deposition, or other

proceeding in this action, on any grounds, including but not limited to authenticity, materiality, relevance, and/or privilege.  In addition, a statement that documents will be produced in response to a particular Interrogatory means only that they will be produced subject to and in accordance with PTOT's specific response if such documents or information exist, are in PTOT's possession, custody, or control, are relevant and nonprivileged, and can be located in a reasonable search of the most likely repositories of responsive documents.

## **GENERAL OBJECTIONS**

PTOT asserts the following General Objections to each of the Interrogatories.  In addition to these General Objections, PTOT also has stated specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories.  By setting forth such specific objections, PTOT does not intend to limit or restrict the General Objections. To the extent PTOT responds to Interrogatories to which it objects, such response shall not constitute a waiver of any general or specific objection.  The following General Objections shall be applicable to, and shall be incorporated by reference in, PTOT's response to each Interrogatory, whether or not mentioned expressly in any particular response.  PTOT does not waive any of its General Objections by stating specific responses and objections to any particular Interrogatory or by failing to repeat a General Objection.

1.      PTOT objects to the Interrogatories to the extent they purport to impose any requirement or discovery obligation other than or beyond that set forth in the applicable rules of the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, the Local Patent Rules for the Northern District of California, or other applicable rules of the Court. By responding herein, PTOT does not waive its right to object to or refuse to answer any discovery request not specifically provided for by the Federal Rules, the Local Rules, the Local Patent Rules, or any order of the Court in this case.

2.      PTOT objects to the Interrogatories to the extent they are vague and ambiguous, overbroad, duplicative, and unduly burdensome, and to the extent that they seek information not relevant to this litigation, and not proportional to the needs of the case, or are propounded for the purpose of harassment.  Nothing herein shall constitute an admission regarding the admissibility, truth, accuracy, or relevance of any issue, fact or document.  Reasonable assumptions will be made, where possible, as to the intended meanings.

3.      PTOT objects to the Interrogatories to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection.  To the extent that the Interrogatories may be construed as seeking such privileged or protected information or documents, PTOT hereby claims such privilege and invokes such protection.  The fact that PTOT does not specifically object to an individual Interrogatory on the ground that it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work product doctrine, common-interest privilege, or any other applicable privilege or protection.

4.      PTOT objects to the Interrogatories to the extent they seek information that is confidential or proprietary.  To the extent any of the Interrogatories call for PTOT's confidential or proprietary information or documents, PTOT will disclose such information and documents pursuant to a Protective Order entered in this case.[1]

---

[1] PTOT notes that the parties submitted a Stipulated Protective Order on January 6, 2021 where the only disputed issue was the form of the patent prosecution bar.  PTOT will designate and disclose confidential information consistent with the terms of the parties' agreed-upon Protective Order.

5.      PTOT qualifies its responses by noting that it has not yet completed discovery or investigation of the facts underlying this litigation.  Thus, PTOT objects to the Interrogatories to the extent they are premature and/or request facts or information that PTOT has not yet been able to obtain.  PTOT's investigation of the facts relating to this action is ongoing.  Because PTOT's future discovery and investigation may disclose the existence of additional relevant and responsive information, PTOT's responses are without prejudice to its right to utilize, produce, or introduce, at trial or any other proceeding, information or documentation which is inadvertently omitted, not yet known, or not yet ascertained, discovered, identified, or located by PTOT while responding to the Interrogatories.  Without obligating itself to do so, PTOT reserves the right to supplement, amend, or modify its responses to the Interrogatories.

6.      PTOT objects to any Interrogatory that is not reasonably limited in time or scope such that it seeks information or production that is neither relevant nor proportional to the needs of this case.

7.      PTOT objects to the Interrogatories to the extent they call for information or production of documents that is obtainable from a more convenient or less burdensome or less expensive source (including, without limitation, information or documents within the possession, custody or control of Plaintiff), are unreasonably cumulative or duplicative, or are unduly burdensome or expensive taking into account the needs of the case, the amount in controversy, and the issues at stake in the litigation.

8.      PTOT objects to Plaintiff's Definitions in their entirety as overly broad, unduly burdensome, and as vague and ambiguous.  Moreover, PTOT objects to the purported definitions of "Communication," "Document," "Thing," "Identify," "Describe in detail," "concerning," "relate to," "related to," "relating to," "all," "any," "and/or," "Person" and any other definition that

is outside of the scope of the applicable rules including the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, and the Local Patent Rules for the Northern District of California.  PTOT will interpret these terms only to the extent required by the applicable rules for the purposes of responding to the Requests.

9.      PTOT objects to Plaintiff's definition of "PTOT," "You" and/or "Your" as overly broad to the extent it covers non-parties.  PTOT construes these terms to mean and be limited to Platinum Optics Technology Inc. and will provide information as it exists within the relevant business records of Platinum Optics Technology Inc.

10.      PTOT objects to Plaintiff's definition of "Asserted Claims" as vague, ambiguous, overly broad and unduly burdensome as it seeks to include "any additional claims identified by Viavi during this litigation as being infringed."  For purposes of these requests, PTOT construes "Asserted Claims" to mean and be limited to the claims identified in Plaintiff's Infringement Contentions dated December 3, 2020 (the "Infringement Contentions"). Specifically, PTOT construes "Asserted Claims" to include: (1) claims 1, 4, 5, 8, 10, 11, 14, and 16-21 of U.S. Patent No. 9,354,369; (2) claims 1, 5-7, 11, 13-15, 18, 22-27 of U.S. Patent No. 9,588,269; and (3) claims 20, 21, 25, and 27-30 of U.S. Patent No. 10,222,526.

11.      PTOT objects to Plaintiff's definition of "Accused Filter" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is not meaningfully limited in scope, fails to identify specific products, and/or requires PTOT to perform a technical analysis.  Specifically, PTOT objects to this definition as overly broad in scope to the extent it includes "***any*** optical filter comprising at least two layers of Hydrogenated Silicon manufactured by PTOT" (emphasis added) and hereby incorporates by reference its objections to the definition of "Hydrogenated Silicon." PTOT also objects to this definition to the extent it seeks information outside of the possession,

custody, or control of PTOT and assumes that PTOT knowingly supplies optical filters for incorporation into downstream products that may be sold, offered for sale, or imported into the United States.  As a general matter, PTOT cannot and does not track whether its customers or their customers use, sell, offer for sale, or import into the United States downstream products that contain PTOT's filters.  PTOT also objects to the definition to the extent it prematurely seeks to construe a disputed claim term prior to the claim construction phase of the case.  PTOT also objects to the inclusion of products in the definition of "Accused Filter" that fall outside of the scope of Plaintiff's contentions.  PTOT will treat this term to mean and be limited to the optical filters that are specifically identified by Viavi in its Infringement Contentions, i.e., the "11246" optical filter. PTOT contends that because the "11246" filter was sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements (VIAVI006131 and VIAVI006137), and moreover has not been manufactured or sold since May 1, 2020, this filter does not and cannot infringe any of the Asserted Claims of the Asserted Patents.  Moreover, PTOT denies that the product identified by Viavi has been used, sold, offered for sale, or imported into the United States by PTOT or any third party on behalf of PTOT since May 1, 2020.  PTOT lacks information as to whether any other third party may have used, sold, offered for sale, or imported into the United States the identified product since May 1, 2020.

12.     PTOT objects to Plaintiff's definition of "Accused Sensor" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is not meaningfully limited in scope, fails to identify specific products, and/or requires PTOT to perform a technical analysis.  PTOT further objects to this definition as overly broad in scope to the extent it includes "***any*** lens or sensor assembly, or lens or sensor module" (emphasis added).  PTOT hereby incorporates by reference its objections to the definition of "Accused Filter."   PTOT is not aware of any "lens or sensor

assembly" or "lens or sensor module" that incorporates the filters identified by Viavi.  However, the Accused Filters identified by Viavi were sold to Viavi through intermediaries such that information regarding any "Accused Sensor" that includes the accused filters is equally available to Viavi and is already within Viavi's custody, control or possession.

13.     PTOT objects to Plaintiff's definition of "Accused Device" as vague, ambiguous, overly broad, and unduly burdensome to the extent it is not meaningfully limited in scope, fails to identify specific products, and/or requires PTOT to perform a technical analysis.  PTOT further objects to this definition as overly broad in scope to the extent it includes "***any*** mobile phone or tablet computer made, used, sold, offered for sale, or imported into the United States whose componentry includes an Accused Filter and/or Accused Sensor" (emphasis added). PTOT also objects to this definition to the extent it seeks information outside of the possession, custody, or control of PTOT and assumes that PTOT knowingly supplies optical filters for incorporation into downstream products that may be sold, offered for sale, or imported into the United States.  As a general matter, PTOT cannot and does not track whether its customers or their customers use, sell, offer for sale, or import into the United States downstream products that contain PTOT's filters. PTOT hereby incorporates by reference its objections to the definitions of "Accused Filter" and "Accused Sensor."  PTOT is not aware of any "mobile phone or tablet computer" that incorporates the filters identified by Viavi, nor has Viavi shown how the identified filters relate to any mobile phone or tablet made, used, sold, offered for sale, or imported into the United States by ███ However, the Accused Filters identified by Viavi were sold to Viavi through intermediaries such that information regarding any "Accused Device" that includes the accused filters is equally available to Viavi and is already within Viavi's custody, control or possession.  Moreover, in acquiring the Accused Filters, Viavi's agent claimed that the filters were for a "Security Camera."

7

PTOT provided the filters to Viavi's agent with that understanding but does not know or have any way to know whether Viavi's agent has indeed procured the filters for the represented stated purpose or some other purposes, except that Viavi has since submitted documents indicating that at least some of those filters were used for purposes of litigation.

14.     PTOT objects to Plaintiff's definition of "Accused Product" and incorporates by reference its objections to the definitions of "Accused Filter," "Accused Sensor," and "Accused Device" as stated above.  In addition, PTOT also objects to this definition as overly broad to the extent it seeks to include products other than those that are specifically identified by Viavi in its Infringement Contentions, i.e., the "11246" optical filter.  For the purposes of these Interrogatories, PTOT will limit the term "Accused Product" to mean the "11246" optical filter.

15.     PTOT objects to Plaintiff's definition of "Hydrogenated Silicon" in that it is vague, ambiguous, overly broad, unduly burdensome, and requires PTOT to perform a technical analysis in order to ascertain the scope of the definition. The phrase "any hydrogenated silicon layer including nitrogen or nitride" is vague, ambiguous and confusing in the context of the definition of "hydrogenated silicon."  It is not clear what Viavi intends to encompass by defining "hydrogenated silicon" by reference to layers that include nitrogen or nitride.  Additionally, PTOT further objects to defining "hydrogenated silicon" as meaning "hydrogenated silicon nitride" because hydrogenated silicon nitride is a different material than hydrogenated silicon.  Therefore, PTOT limits its responses to requests for information and documents concerning "hydrogenated silicon" to hydrogenated silicon materials whether crystalline or amorphous in form.  PTOT also objects to the definition to the extent it prematurely seeks to construe a disputed claim term prior to the claim construction phase of the case.  PTOT further objects to this definition as overly broad on the basis that Viavi has not accused any filters with any hydrogenated silicon nitride (or other

nitrogen-containing materials).  In addition, PTOT also objects to this definition as overly broad to the extent it seeks to include products other than those that are specifically identified by Viavi in its Infringement Contentions, i.e., the "11246" optical filter.  For the purposes of these Interrogatories, PTOT will treat this term to mean and be limited to that product.

16.     PTOT objects to Plaintiff's definition of "Low Angle Shift Filter Product" in that it is vague, ambiguous, overly broad, unduly burdensome, and requires PTOT to perform a technical analysis in order to ascertain the scope of the definition.  PTOT further objects to this definition as overly broad in scope to the extent it includes "*any* optical filter" (emphasis added). PTOT further objects to the definition to the extent it includes products that are irrelevant to the claims and defenses in this case and/or unknown to PTOT, and to the extent it is not sufficiently limited in time or scope.  PTOT also contends that discovery regarding unidentified filter products is not proportional to the needs of the case and render any requests incorporating this definition overly broad and unduly burdensome.  For the purposes of these Interrogatories, PTOT will provide further specific objections tailored to the specific requests.

17.     PTOT objects to Plaintiff's definition of "Viavi Low Angle Shift Filter" in that it is vague, ambiguous, overly broad, unduly burdensome, and requires PTOT to perform a technical analysis in order to ascertain the scope of the definition.  PTOT further objects to this definition as overly broad in scope to the extent it includes "*any* optical filter" (emphasis added).  PTOT further objects to the definition to the extent it includes products that are irrelevant to the claims and defenses in this case and/or unknown to PTOT, and to the extent it is not sufficiently limited in time or scope.  For the purposes of these Interrogatories, PTOT will treat this term to mean and be limited to those Viavi products identified by Viavi in Section D of its Infringement Contentions ("VIAVI'S PRODUCTS").

18.     PTOT objects to Plaintiff's definition of "Complaint" as vague and ambiguous and will interpret this term to mean the complaint filed by Plaintiff in this case on August 7, 2020.

19.     PTOT objects to Plaintiff's definition of "Related Foreign Actions" as vague and ambiguous and will interpret this term as it is reasonably understood by PTOT, which shall mean the case filed in Taiwan captioned as *Viavi Solutions Inc. v. Platinum Optics Technology Inc.*, Intellectual Property Court, Civil Case No. 19 (2019), and the case filed in China captioned as *Viavi Solutions Inc. v. Platinum Optics Technology Inc.*, Suzhou Intermediate People's Court, Suzhou IP Tribunal, Case No. 392 (2019) and as identified by Viavi in paragraph 11 of its Complaint.

20.     PTOT objects to Plaintiff's "Instructions" to the extent they seek to impose any burdens inconsistent with or in addition to PTOT's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, the Local Patent Rules for the Northern District of California, or any order of this Court.

21.     The foregoing objections and qualifications apply to each and every one of the Interrogatories and are incorporated by reference to the extent applicable to the specific Responses set forth below as though fully set forth therein.  The failure to mention any of the foregoing objections and qualifications in the specific Responses set forth below shall not be deemed a waiver of such objection or qualification.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

<u>**INTERROGATORY NO. 1:**</u>

Identify all Accused Filters made, used, sold, offered for sale, or imported into the United States by PTOT, a third party on behalf of PTOT, or any third party, and for each such use, sale, offer for sale, or importation of the Accused Filters, Identify:

- Your internal product identifiers;
- The date of each sale or importation;
- The quantity of the Accused Filters sold or imported;
- If applicable, the identity of the third party making, using, selling, offering for sale, or importing into the United States on behalf of PTOT;
- Product identifiers used externally by the third party (if different than Your internal identifiers); and
- The products in which each Accused Filter is, or was to be, incorporated,

and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

<u>**RESPONSE TO INTERROGATORY NO. 1:**</u>

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the needs of the case to the extent it requests PTOT to identify "all" Accused Filters made, used, sold, offered for sale, or imported into the United States.  PTOT further objects to this Interrogatory to the extent it assumes that PTOT knowingly makes or sells optical filters for incorporation into downstream products that may be sold, offered for sale, or imported into the U.S. and/or that PTOT (or any third party, whether on behalf of PTOT or not) uses, makes, sells, offers for sale, or imports optical filter products in the United States.  As a general matter, PTOT cannot and does not track whether its customers or their customers use, sell, offer for sale, or import into the United States downstream products that contain PTOT's filters.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows and hereby designates this response as Confidential under the protective order governing this case:

[REDACTED]

## INTERROGATORY NO. 2:

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify and Describe in detail, or illustrate (via cross-sectional image or otherwise), the filter structure of the Accused Filter including a detailed description of each formed layer, including, but not limited to, a layer's (1) chemical composition and concentration of each element in the layer, (2) material identity (such as, e.g., Hydrogenated Silicon, silicon dioxide, aluminum oxide, titanium dioxide, niobium pentoxide, and/or tantalum pentoxide), (3) thickness, (4) refractive indices over a wavelength range of 800 to 1100 nm, and (5) extinction coefficients over the wavelength range of 800 to 1100 nm, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

## RESPONSE TO INTERROGATORY NO. 2:

PTOT objects to this Interrogatory to the extent it uses vague and ambiguous terms including, but not limited to "filter structure" and "material identity."  PTOT objects to this Interrogatory on the basis that the term "Hydrogenated Silicon" is vague and ambiguous and hereby incorporates by reference its objection to that term.  To the extent understood, PTOT further

objects to this Interrogatory to the extent it improperly seeks a legal conclusion and/or prematurely requests an expert opinion as the term "Hydrogenated Silicon" is a claim element required by the Asserted Claims of the Asserted Patents.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows and hereby designates this response as Confidential under the protective order governing this case:

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

## INTERROGATORY NO. 3:

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify and Describe in detail, or illustrate (via transmission scan or otherwise), the wavelength range of the passband of the Accused Filter, the full width at half maximum of the passband of the Accused Filter, the blocking level of the Accused Filter outside the passband between a wavelength range of 400 to 1100 nm, and the center wavelength shift (in nanometers) of the Accused Filter when an incidence angle changes from 0° to 30°, and Identify the most knowledgeable person(s) regarding Your response.

## RESPONSE TO INTERROGATORY NO. 3:

PTOT objects to this Interrogatory to the extent it uses vague and ambiguous terms including, but not limited to "passband" and "full width at half maximum of the passband," and "center wavelength shift."  To the extent understood, PTOT further objects to this Interrogatory to

the extent it improperly seeks a legal conclusion and/or prematurely requests an expert opinion as these terms are claim element required by the Asserted Claims of the Asserted Patents.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows and hereby designates this response as Confidential under the protective order governing this case:

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

**INTERROGATORY NO. 4:**

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify and Describe in detail Your technique or method for forming or depositing the Hydrogenated Silicon layers in each Accused Filter, including, but not limited to, identification of all materials or chemicals present in and operational parameters for any deposition chamber.

**RESPONSE TO INTERROGATORY NO. 4:**

PTOT objects to this Interrogatory on the basis that the term "Hydrogenated Silicon" is vague and ambiguous and hereby incorporates by reference its objection to that term. PTOT further objects to this Interrogatory as vague and ambiguous to the extent it requests the identification of all "materials," "chemicals," and "operational parameters" in connection with "any deposition chamber." Moreover, PTOT objects to this Interrogatory to the extent it improperly seeks a legal conclusion and/or prematurely requests an expert opinion as the term "Hydrogenated Silicon" is a required claim element for the Asserted Claims of the Asserted Patents. PTOT further objects to this Interrogatory to the extent it is directed solely at PTOT's

trade secret and proprietary know-how and as overly broad, unduly burdensome, and neither relevant to either party's claims or defenses nor proportional to the needs of because none of the Asserted Claims of the Asserted Patents are directed to the "technique" or "method" of depositing layers in filters.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows: Based on these objections and the defects identified above, no further response is required.

**INTERROGATORY NO. 5:**

Identify and Describe in detail all information that You were provided by any third party including, but not limited to, ████████ related to any request to manufacture or supply the Accused Filters, including, but not limited to, any technical requirements or optical characteristics for such filters and any information related to any Accused Sensor or Accused Product into which such filters would be incorporated, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 5:**

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and neither relevant to either party's claims or defenses nor proportional to the needs of the case to the extent it requests "all information . . . related to any request to manufacture or supply the Accused Filters." Requests for "all documents," "all facts," or "all information" relating to a particular claim or allegation are facially defective. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).  PTOT also objects to this Interrogatory as vague and ambiguous to the extent it seeks information concerning "any third party" from whom PTOT received such request. PTOT further objects to this Interrogatory as vague and ambiguous to the extent it asks for the "technical requirements" and "optical characteristics" of the Accused Filters, as well as "any"

information related to any Accused Sensor or Accused Product into which [the Accused Filters] would be incorporated."

Subject to and without waiving any of the foregoing objections, PTOT responds as follows: The Accused Filters identified by Viavi were sold to Viavi through intermediaries such that the information sought by this Interrogatory is equally available to Viavi and is already within Viavi's possession, custody, and control.  PTOT is willing to meet and confer with counsel for Plaintiff to understand the scope and nature of any additional information that may be sought by this Interrogatory.  In addition, PTOT identifies the following individuals as knowledgeable about the subject matter of this Interrogatory: Hsing-Wen (Steven) Chen and Yu-Yun (Yolanda) Wu.

**INTERROGATORY NO. 6:**

Identify and Describe in detail all information that You were provided by any third party including, but not limited to, ▮▮▮▮▮▮ related to any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 6:**

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and neither relevant to either party's claims or defenses nor proportional to the needs of the case to the extent it requests "all information . . . related to any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product" that have not been identified or accused of infringement by Viavi.  *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).  PTOT objects to this Interrogatory on the basis that the terms "Viavi Low Angle Shift Filter" and "Low Angle Shift Filter Product" are vague and ambiguous and hereby incorporates by reference its objections to those terms.  PTOT further objects to this Interrogatory as vague and ambiguous to the extent it seeks information concerning "any third party" (including counsel) from whom PTOT received such information.

16

Subject to and without waiving any of the foregoing objections, PTOT responds as follows

and hereby designates this response as Confidential under the protective order governing this case:

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

## INTERROGATORY NO. 7:

Identify the date on which You first knew of, or had access to, any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, the identifier of any such Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Describe in detail the circumstances in which You first became aware of, or had access to, any such Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Identify the most knowledgeable person(s) regarding Your response to this Interrogatory.

## RESPONSE TO INTERROGATORY NO. 7:

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and seeking

information that is neither relevant to either party's claims or defenses nor proportional to the

needs of the case to the extent it asks for PTOT's knowledge regarding "any Viavi Low Angle

Shift Filter or Low Angle Shift Filter Product" that have not been identified or accused of

infringement by Viavi.  PTOT objects to this Interrogatory on the basis that the terms "Viavi Low

Angle Shift Filter" and "Low Angle Shift Filter Product" are vague and ambiguous and hereby

incorporates by reference its objections to those terms.  PTOT also objects to this Interrogatory as

vague and ambiguous to the extent it seeks the "identifier" of any such Viavi Low Angle Shift

Filter or Low Angle Shift Filter Product.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows

and hereby designates this response as Confidential under the protective order governing this case:

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████s

17

███████████████████████████████████████████████

██████████████████████████████

**INTERROGATORY NO. 8:**

Identify and Describe in detail any testing, analysis, reverse engineering, deconstruction, modeling, or investigations that You did or had commissioned on Your behalf on any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product, and Identify the most knowledgeable person(s) regarding Your response in this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 8:**

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the needs of the case to the extent it concerns "any Viavi Low Angle Shift Filter or Low Angle Shift Filter Product" that have not been identified or accused of infringement by Viavi. PTOT objects to this Interrogatory on the basis that the terms "Viavi Low Angle Shift Filter" and "Low Angle Shift Filter Product" are vague and ambiguous and hereby incorporates by reference its objections to those terms. PTOT also objects to this Interrogatory on the basis that each of the terms "testing," "analysis," "reverse engineering," "deconstruction," "modeling," and "investigations" is vague and ambiguous and renders this Interrogatory overly broad and unduly burdensome.

Subject to and without waiving any of the foregoing objections, PTOT responds as follow and hereby designates this response as Confidential under the protective order governing this case:

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████

**INTERROGATORY NO. 9:**

Describe in detail all steps You have taken or commissioned to design around or avoid infringement of the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 9:**

PTOT objects to the premise of this Interrogatory as assuming facts not in evidence and prematurely seeking PTOT's noninfringement contentions in violation of the Northern District of California's Patent Local Rules. Because PTOT does not infringe the Asserted Patents, Interrogatory No. 9 makes no sense as phrased. PTOT also objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common-interest privilege, and/or any other applicable privilege or protection. PTOT also objects to this Interrogatory to the extent it prematurely seeks information in light of the timetable provided in the Patent Local Rules.

Subject to and without waiving any of the foregoing objections, PTOT responds as follow: Based on these objections and the defects identified in this response, PTOT is unable to answer this Interrogatory as phrased because PTOT does not infringe the Asserted Patents. PTOT contends that because the "11246" filter—the sole product accused of infringement by Viavi— was sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements (VIAVI006131 and VIAVI006137), and moreover has not been manufactured or sold since May 1, 2020, this filter is licensed and therefore does not and cannot infringe any of the Asserted Claims of the Asserted Patents.

**INTERROGATORY NO. 10:**

Describe in detail all circumstances surrounding when You first knew of, or became aware of, any of the Asserted Patents or foreign or United States patent related to the Asserted Patents, and Identify all analysis that You performed or were provided regarding the scope of the Asserted Patents or foreign or United States patent related to the Asserted Patents and/or whether any such patents cover any Accused Product.

**RESPONSE TO INTERROGATORY NO. 10:**

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the

needs of the case to the extent it requires PTOT to describe "all circumstances" and identify "all analysis" regarding the subject of the Interrogatory. *See e.g., Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).  PTOT also objects to this Interrogatory to the extent it calls information prior to May 1, 2020, thereby seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.  Moreover, PTOT objects to this Interrogatory to the extent it seeks information that is as readily available to Viavi as it is to PTOT, including information regarding the Related Foreign Actions.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows: Based on PTOT's current investigation and understanding of the requested information, the information sought by this Interrogatory is not relevant to Viavi's claims and a response to this Interrogatory is unnecessary as Viavi has released its claims in connection with PTOT's products that were sold or manufactured prior to May 1, 2020 pursuant to the parties' Settlement Agreements.

**INTERROGATORY NO. 11:**

For each Accused Filter identified in Your response to Interrogatory No. 1, Identify all revenue, profits, and costs associated with the Accused Filters and the number of units made, used, offered for sale, sold and/or imported into the United States since May 1, 2020.

**RESPONSE TO INTERROGATORY NO. 11:**

PTOT has not manufactured or sold since May 1, 2020, the Accused Filters identified by Viavi, i.e., the "11246" optical filter.

**INTERROGATORY NO. 12:**

Identify all license agreements, indemnification agreements, covenants-not-to-sue, settlement agreements, purchase agreements, product development agreements, joint venture

agreements, or co-development agreements for intellectual property that You entered into (as licensor or licensee) that concern, relate to, or cover any Accused Products.

**RESPONSE TO INTERROGATORY NO. 12:**

PTOT objects to this Interrogatory because it is not sufficiently limited in time or geographic scope. PTOT also objects to this Request as vague and ambiguous to the extent it seeks "purchase agreements," "product development agreements," and "co-development agreements for intellectual property" regarding the Accused Products.

Subject to and without waiving any of the foregoing objections, PTOT identifies VIAVI00006131-36 and VIAVI00006137-42 pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 13:**

If You contend that any Accused Products identified in Your response to Interrogatory No. 1 do not directly or indirectly infringe any of the Asserted Claims, explain in detail the bases for Your contention and Identify all Documents supporting Your contention, including all facts supporting Your contention that "the accused filter comprises hydrogenated silicon nitride instead of hydrogenated silicon" and the optical characteristics of each such filter as a whole and for each such identified individual layer, and Identify the most knowledgeable person(s) regarding Your Response to this Interrogatory. See Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 15.

**RESPONSE TO INTERROGATORY NO. 13:**

PTOT objects to this Interrogatory to the extent is requests "all facts" and the identification of "all" documents concerning the subject of the Interrogatory. *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009). PTOT further objects to this Interrogatory on the basis that Viavi has only accused PTOT of indirect infringement. (*See e.g.,* Complaint (Dkt. No. 1) at ¶¶28, 35, 42.) Accordingly, PTOT will limit any response to this Interrogatory to Viavi's allegations of indirect infringement. PTOT also objects to this Interrogatory to the extent it improperly seeks a legal conclusion and/or prematurely requests an expert opinion. PTOT further

objects to this Interrogatory to the extent it seeks information regarding claim construction prior to the issuance of a claim construction ruling and to the extent it is premature in light of the present stage of discovery.   PTOT further objects to this Interrogatory to the extent it is vague and ambiguous in its reference to "the optical characteristics of each such filter as a whole and for each such identified individual layer."   PTOT also objects to this Interrogatory on the basis that it is cumulative of Plaintiff's other Interrogatories including, e.g., Interrogatory No. 2.   PTOT also objects to this Interrogatory to the extent it prematurely seeks information in light of the timetable provided in the Patent Local Rules.   In addition, PTOT objects to this Interrogatory as compound and improperly containing multiple discrete subparts each of which amounts to a separate interrogatory.

Subject to and without waiving any of the foregoing objections, PTOT responds as follow: PTOT has not made, used, sold, offered for sale, or imported into the United States the Accused Filters identified by Viavi, i.e., the "11246" optical filter.   Because these filters were sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements (VIAVI006131 and VIAVI006137), and moreover have not been manufactured or sold since May 1, 2020, they are subject to the terms of the Settlement Agreements.   PTOT incorporates by reference its Answer and further states that PTOT will supplement its response to this Interrogatory at an appropriate time in light of the claim construction schedule set by the Court.

**INTERROGATORY NO. 14:**

Identify the level of skill, experience, education, and/or training of one of ordinary skill in the art of the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 14:**

PTOT objects to this Interrogatory as improperly seeking a legal conclusion and/or prematurely requesting an expert opinion.

Subject to and without waiving any of the foregoing objections, PTOT responds as follow:

PTOT will provide a response in accordance with the schedule for expert disclosures set by the

Court.

**INTERROGATORY NO. 15:**

Identify and Describe in detail all non-infringing alternatives or substitutes for the claimed inventions of the Asserted Claims, and Describe in detail the basis for Your understanding that any such alternative would be acceptable to one or more of Your customers.

**RESPONSE TO INTERROGATORY NO. 15:**

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and seeking

information that is neither relevant to either party's claims or defenses nor proportional to the

needs of the case to the extent it requests "all" non-infringing alternatives or substitutes to the

"claimed inventions."  PTOT also objects to this Interrogatory to the extent it seeks information

that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or

any other applicable privilege or protection.  PTOT also objects to this Interrogatory as improperly

seeking a legal conclusion and/or prematurely requesting an expert opinion.  Moreover, PTOT

objects to this Interrogatory to the extent it seeks information regarding claim construction prior

to the issuance of a claim construction ruling.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows:

PTOT is willing to meet and confer with counsel for Plaintiff to understand the scope and nature

of this Interrogatory.

**INTERROGATORY NO. 16:**

If You contend that any Asserted Patent is unenforceable, explain in detail the bases for Your contention and Identify all Documents supporting Your contention, including all facts that support Your contentions that "the '269, '369 and '526 Patents are unenforceable" for "inequitable conduct" and "for failure to name the correct inventors of the alleged inventions."  Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 15-16.

**RESPONSE TO INTERROGATORY NO. 16:**

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the needs of the case to the extent is requests "all facts" and the identification of "all" documents concerning the subject of the Interrogatory.  PTOT also objects to this Interrogatory to the extent it improperly seeks a legal conclusion and/or prematurely requests an expert opinion.  PTOT further objects to this Interrogatory to the extent it seeks information regarding claim construction prior to the issuance of a claim construction ruling and to the extent it is premature in light of the present stage of discovery.  Moreover, PTOT objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or protection.  PTOT also objects to this Interrogatory as compound and improperly containing multiple discrete subparts each of which amounts to a separate interrogatory.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows: PTOT incorporates by reference and directs Viavi to PTOT's Invalidity Contentions served on January 15, 2021, in accordance with the schedule set by the Court.

**INTERROGATORY NO. 17:**

To the extent You contend that any accused infringement of any Asserted Patent is licensed, explain in detail the bases for Your contention and Identify all Documents supporting Your contention, including all facts that support Your contention that "Viavi's claims for relief are barred in part by licenses granted by Viavi to PTOT or by the doctrine of patent exhaustion." Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 16-17.

**RESPONSE TO INTERROGATORY NO. 17:**

 PTOT has not made, used, sold, offered for sale, or imported into the United States the Accused Filters identified by Viavi, i.e., the "11246" optical filter.  Because these filters were sold to Viavi through intermediaries prior to the effective date of the parties' Settlement Agreements

(VIAVI006131 and VIAVI006137), and moreover have not been manufactured or sold since May 1, 2020, they are subject to the terms of the Settlement Agreements.

**INTERROGATORY NO. 18:**

Explain in detail the bases for and Identify all Documents supporting Your contention, including all facts that support Your contention that Viavi's claims "for relief are statutorily limited in whole or part by Title 35 of the United States Code," including Your contention that Viavi's "claims for damages are limited under 35 U.S.C. § 287(b)(2)," and more specifically that Viavi "is barred from recovering damages from PTOT prior to the date PTOT had actual notice that it was allegedly infringing the claims of the Asserted Patents." Your Answer to Complaint, Affirmative Defenses, and Counterclaims (Dkt. No. 32) at 16.

**RESPONSE TO INTERROGATORY NO. 18:**

PTOT objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to either party's claims or defenses nor proportional to the needs of the case to the extent is requests "all facts" and the identification of "all" documents concerning the subject of the Interrogatory. PTOT also objects to this Interrogatory to the extent it improperly seeks a legal conclusion and/or prematurely requests an expert opinion. PTOT further objects to this Interrogatory to the extent it is premature in light of the present stage of discovery. Specifically, PTOT also objects to this Interrogatory to the extent it prematurely seeks information in light of the timetable provided in the Patent Local Rules. Moreover, PTOT objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiving any of the foregoing objections, PTOT responds as follows: PTOT will provide a response in accordance with the schedule set by the Court.

Date:  January 19, 2021                        Respectfully submitted, by

                                               */s/ David S. Bloch*

                                               David S. Bloch (SBN 184530)
                                               blochd@gtlaw.com
                                               GREENBERG TRAURIG, LLP
                                               4 Embarcadero Center, Suite 3000
                                               San Francisco, CA 94111-5983
                                               Telephone: 415.655.1271
                                               Facsimile: 415.520.5609

                                               *Attorneys for Defendant*
                                               *Platinum Optics Technology Inc.*


**[VERIFICATION TO FOLLOW]**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on this 19th day of January, 2021 via electronic mail, upon all counsel of record.

<u>/s/ David S. Bloch</u>