VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice*)
FCCimino@venable.com
Megan S. Woodworth (*pro hac vice*)
MSWoodworth@venable.com
Charles J. Monterio, Jr. (*pro hac vice*)
CJMonterio@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
WAHector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Attorneys for Plaintiff*
*Viavi Solutions Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PLATINUM OPTICS TECHNOLOGY INC., <br><br> Defendant. | Case No. 5:20-cv-05501-EJD (SVK) <br><br> **VIAVI SOLUTIONS INC.'S RESPONSE TO DEFENDANT PLATINUM OPTICS TECHNOLOGY INC.'S MOTION TO QUASH** <br><br> Hearing Date: April 20, 2021 <br> Time: 10:00 a.m. <br> Place: Courtroom 6 – 4th Floor <br> Judge: Hon. Susan van Keulen <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

## I.   INTRODUCTION

Viavi's subpoena to ▊ should not be quashed.  ***First***, the subpoena is narrowly tailored to ▊ *products that Viavi expressly identified* in its contentions, and ▊ has indicated its willingness to produce the information sought.  ***Second***, as a party, PTOT lacks standing to quash a subpoena to third-party ▊, who is not seeking that protection.  The single case PTOT cited to argue its motion is "procedurally proper" involved a subpoena for one of the parties' tax returns, not third-party information, and is inapplicable here.  ***Third***, PTOT's view on the scope of discovery is wrong and unsupported.  It argues that discovery is limited to the product *charted* in the contentions, but the law in this District permits discovery on all products *identified* in the contentions, and even the product's name is required *only* if publicly available.  ***Finally***, PTOT's claims of an "end around" are not credible—the ▊ subpoena seeks information about ▊ products expressly identified *by name* in the contentions, Viavi served it ***before*** the parties submitted their discovery letter, and PTOT never sought a stay pending summary judgment.  For these reasons, good cause exists to deny PTOT's motion to quash.

## II.   THE ▊ SUBPOENA IS NARROWLY TAILORED TO ▊ PRODUCTS *EXPRESSLY IDENTIFIED BY NAME* IN CONTENTIONS

Viavi provided PTOT with explicit notice that the accused filters are PTOT's *low angle shift filters supplied to* ▊ for ▊ products.  Before suit, Viavi wrote to PTOT and advised them that it believed "PTOT is supplying these filters to ▊" and that those sales infringe Viavi's patents. Dkt. No. 1-9.  Viavi specifically requested: "If Viavi's understanding of PTOT's sales activities is incorrect, please let us know immediately." *Id*.  PTOT did not dispute Viavi's understanding (and still has not denied it), and based on this information, Viavi filed suit.  After suit, Viavi identified those same filters in its contentions. Dkt. No. 45-5 at 2.  Relevant to the subpoena to ▊, Viavi ***expressly identified*** ▊ ***products by name*** in its contentions:

> B. ACCUSED INSTRUMENTALITIES
>
> Since May 1, 2020, as described below, PTOT has supplied and sold, and continues to supply and sell, low angle shift optical filters that are components for image sensors and optical lenses (the "Infringing PTOT Filters") that are for inclusion in

-1-

| | |
|---|---|
| 1 | mobile devices such as **the i**▮▮▮▮▮ |
| 2 | that infringe the '369, '269 and '526 patents (the "Asserted Patents") when the phone is used, offered for sale and sold in the United States, or imported into the |
| 3 | United States. *See* Attachments A-C. Upon information and belief, PTOT's "11246" optical filter or one or more filters substantially similar thereto is included |
| 4 | in the ▮▮▮▮▮ *Id*. |

Dkt. No. 45-5 at 2 (emphasis added).

Viavi also specifically identified how PTOT infringed by suppling these filters to ▮▮▮ and again **specifically identified** ▮▮▮ **and its products by name** as "[e]xemplary mobile phones":

> C. VIAVI'S INFRINGEMENT CONTENTIONS
>
> PTOT supplies the Infringing PTOT Filters to ▮▮▮▮▮ (or one of its intermediary suppliers) specifically for inclusion into lens assemblies that are subsequently incorporated into camera module assemblies with 3D capabilities ("Infringing 3D Modules"). The Infringing 3D Modules are then incorporated into electronic devices such as mobile phones. Mobile phone manufacturers like ▮▮▮ source the Infringing PTOT Filters so that its mobile phones can provide 3D sensing capabilities such as ▮▮▮▮▮ technologies in its mobile phones. ***Exemplary mobile phones***, combining the Infringing 3D Modules (which include the Infringing PTOT Filter) with other components, ***include the*** ▮▮▮▮▮.

Dkt. No. 45-5 at 2-3.

Accordingly, PTOT was provided explicit notice that the accused product was a component in ▮▮▮'s phones and Viavi specifically identified those products by name. Viavi also explained in detail its theory on why those filters in ▮▮▮ products infringe its patents. *Id*. at 2-5 and Attachments A-C. Viavi thus satisfied Local Rule 3-1. *See Sage Electrochromics, Inc. v. View Inc.*, 2013 U.S. Dist. LEXIS 127598, at *9, *13 (N.D. Cal. Sept. 6, 2013). Viavi is entitled to discovery from ▮▮▮ about the ▮▮▮ products Viavi specifically identified in its contentions.

**III.   ▮▮▮ HAS NOT MOVED TO QUASH; PTOT HAS NOT SHOWN STANDING**

▮▮▮ has not moved to quash and instead has indicated its intent to respond to the subpoena's narrow requests. Even though the subpoena is directed to ▮▮▮, not PTOT, PTOT nevertheless contends its Motion to quash is "procedurally proper," citing the *Sonista* case.

Motion at 2. But that case is inapposite. There, the court was addressing discovery from defendant's accountant of *defendant's own tax returns*, sensitive personal information having a unique discoverability standard with no applicability here. *Sonista, Inc. v. Hsieh*, No. 5:04-cv-4080 RMW (RS), 2005 U.S. Dist. LEXIS 57887, at *3-5 (N.D. Cal. Sep. 28, 2005). *Sonista*'s narrow holding does not support PTOT's general proposition that *parties* have standing to quash discovery to *non-parties*. To the contrary, parties like PTOT must establish standing to quash non-party subpoenas by making a showing that they have a personal right or privilege with respect to the documents requested. *See e.g.*, *Del Campo v. Mealing*, No. C 01-21151 JW, 2011 U.S. Dist. LEXIS 158018, at *8 (N.D. Cal. Sep. 29, 2011) ("a party lacks standing to challenge a subpoena issued to a nonparty, or third party, unless the party making the challenge claims a personal right or privilege with respect to the discovery sought in the subpoena."). Because PTOT failed to make this showing, its Motion is procedurally improper.

### IV.  PTOT'S VIEW OF DISCOVERY IS WRONG

PTOT's argument to avoid discovery is based on a misapplication of the law. PTOT asserts that discovery is limited to products that have been *charted* in claim charts in the infringement contentions. Motion at 2 ("discovery in this case is limited *to the product Viavi charted* in its Patent Local Rule 3-1 infringement contentions"). The two cases PTOT cites—*Genentech* and *Atmel*— do not stand for that interpretation of the Local Patent Rules. *Id*. The *Genentech* court neither considered nor limited discovery to charted products. Instead, the court addresses the sufficiency of the patentee's infringement theories, granting a motion to compel the patentee to provide more details. *See Genentech, Inc. v. Trs. of the Univ. of Pa.*, 2010 U.S. Dist. LEXIS 142450, at *5-11 (N.D. Cal. Dec. 13, 2010). The *Atmel* court also did not address or limit discovery to charted products. Instead, the court considered and denied a motion to amend infringement theories because they came three years into the case, six months after the *Markman* decision, and after plaintiff previously stated its contentions were definitive and spoke for themselves. *See Atmel Corp. v. Information Storage Devices*, 1998 U.S. Dist. LEXIS 17564, at *7-10 (N.D. Cal. Nov. 5, 1998). Accordingly, PTOT provides no support for the "charted" product limitation it wishes for, particularly to limit relevant third-party discovery.

1   Under the Local Patent Rules, discovery is permitted if the product is identified as
2   accused in the contentions by name or by description if the name is not publicly available. *See,*
3   *e.g., Tech. Licensing Corp. v. Blackmagic Design PTY Ltd.*, 2015 U.S. Dist. LEXIS 7419, at *13
4   (N.D. Cal. Jan. 22, 2015) (discovery allowed for products referred to by description in
5   contentions even though plaintiff was not able to identify them by name); *O.S. Sec. LLC v.*
6   *Schlage Lock Co.*, No. CV 14-00319-AG (DFMx), 2015 U.S. Dist. LEXIS 186875, at *2–5
7   (C.D. Cal. June 5, 2015) (discovery allowed for products referred to by description but not
8   expressly charted in initial infringement contentions). Viavi's contentions meet this standard.

9   Viavi specifically identified the accused product by describing it with the information in
10  its possession: the PTOT "low angle shift optical filters that are components … in mobile
11  devices such as the ███████████████████████████████████." Dkt. No. 45-5 at 2.
12  Those infringement contentions further explain that those filters are believed to be "PTOT's
13  '11246' optical filter or one or more filters substantially similar thereto." *Id*. Viavi provided a
14  detailed explanation of why filters in ███ products infringes its patents. *Id*. at 2-5 and
15  Attachments A-C. ███ has relevant information about the accused PTOT filter in its phones,
16  even if Viavi mislabeled the filter as the "11246" filter and PTOT and ███ call it something
17  else.

18  Even if the Rules required a specific model name (which they do not), Viavi still would
19  be entitled to discovery under the well-recognized *exception* that permits discovery on unnamed
20  products when that information could not readily be learned without discovery. *See Aavid*
21  *Thermalloy LLC v. Cooler Master Co.,* 2018 U.S. Dist. LEXIS 80275, at *4-5 (noting exception
22  allowing discovery of "unaccused products" if plaintiff "could not have discovered the product
23  absent discovery."); *Sage Electrochromics*, 2013 U.S. Dist. LEXIS 127598, at *13 (discovery
24  allowed where "products were not readily available" and plaintiff "was restricted by the fact that
25  it did not have reasonable access to [defendant]'s products."). That is the situation here. The
26  accused PTOT filter model name is not publicly available information, and the filter itself is not
27  readily available for purchase. PTOT has admitted that (1) its filters contain no markings on
28  them and (2) ███'s products do not contain any information to identify which have PTOT's

1  filters.  Dkt. No. 67-4 at 2-3 (PTOT's response to Facts 13 and 14).  Viavi is not required to do

2  the impossible—include in its contentions the name of a filter to which it has no access or

3  opportunity for discovery.  In this situation, the cases in this District permit reasonable

4  discovery—especially from non-parties who appear ready and willing to respond.

## V. PTOT DID NOT SEEK A STAY OF DISCOVERY DURING PENDANCY OF ITS SUMMARY JUDGMENT MOTION

7  Viavi is not doing an "end-around."  The subpoena to ▓▓▓▓ was served before the parties

8  submitted their Joint Discovery Letter Brief.  And while this Court's Order (Dkt. No. 64) denied

9  Viavi's motion to compel discovery from PTOT until after summary judgment, PTOT never

10  moved for a stay of discovery pending its summary judgment motion.  That is important because

11  the "Federal Rules of Civil Procedure do not provide for an automatic stay of discovery pending

12  resolution of a motion to dismiss."  *Azad v. Tokio Marine HCC - Med. Ins. Servs. Grp.*, No. 17-

13  cv-00618-PJH, 2017 U.S. Dist. LEXIS 81490, at *6 (N.D. Cal. May 26, 2017) (citations

14  omitted).  Indeed, "courts generally do not 'look favorably' upon requests for a blanket discovery

15  stay merely because a dispositive motion has been filed."  *Id*. (citing *NovelPoster v. Javitch

16  Canfield Grp.*, 2014 U.S. Dist. LEXIS 196981, at *1 (N.D. Cal. May 23, 2014)).  District courts

17  do not favor blanket stays of discovery because "delaying or prolonging discovery can create

18  unnecessary litigation expenses and case management problems."  *Salazar v. Honest Tea, Inc.*,

19  2015 WL 6537813, at *1 (E.D. Cal. 2015) (internal citation omitted).  And a pending dispositive

20  motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery."

21  *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-JST, 2013 U.S. Dist.

22  LEXIS 61848, at *7 (N.D. Cal. Apr. 29, 2013).  Accordingly, while the issues of PTOT's

23  discovery may be relevant to its pending summary judgement motion, without a stay of

24  discovery in this case, this Court should permit ▓▓▓▓ to respond to the narrow requests before it.

## VI. CONCLUSION

26  This Court should deny PTOT's Motion and allow ▓▓▓▓ to respond to Viavi's subpoena.

27  Viavi's subpoena does not seek information that exceeds the scope of discovery in this litigation.

28

-5-

| | | |
|---|---|---|
| Dated: March 19, 2021 | By: | |
| | | VENABLE LLP |
| | | */s/ William A. Hector* |
| | | Frank C. Cimino, Jr. (*pro hac vice*) |
| | | FCCimino@venable.com |
| | | Megan S. Woodworth (*pro hac vice*) |
| | | MSWoodworth@venable.com |
| | | Charles J. Monterio, Jr. (*pro hac vice*) |
| | | CJMonterio@venable.com |
| | | 600 Massachusetts Avenue, NW |
| | | Washington, D.C. 20001 |
| | | Telephone: (202) 344-4569 |
| | | Facsimile: (202) 344-8300 |
| | | William A. Hector |
| | | WAHector@venable.com |
| | | 101 California Street, Suite 3800 |
| | | San Francisco, CA 94111 |
| | | Telephone: (415) 653-3738 |
| | | Facsimile: (415) 653-3755 |
| | | *Attorneys for Viavi Solutions Inc.* |