UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PLATINUM OPTICS TECHNOLOGY INC., <br><br> Defendant. | Case No. 20-cv-05501-EJD (SVK) <br><br> **ORDER DENYING PLATINUM OPTICS TECHNOLOGY INC.'S MOTION TO QUASH; GRANTING VIAVI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 65, 69 |

Before this Court is Platinum Optics Technology Inc.'s ("PTOT") Motion to Quash Viavi Solutions Inc.'s ("Viavi") subpoena to ■. Dkt. 65. The Court ordered Viavi to show cause why PTOT's motion to quash should not be granted in light of a previous ruling by this Court. Dkt. 66. Viavi responded to the order to show cause and filed an administrative motion to file under seal Viavi's response to PTOT's motion to quash. Dkts. 69, 70.

"As a general rule, a party does not have standing to quash a subpoena issued to a nonparty." *American Broadcasting Companies Inc. v. Aereo, Inc.*, No. CV–12–80300–RMW, 2013 WL 1508894, at *2 (N.D. Cal. Apr. 10, 2013). However, "a party moving to quash a nonparty subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed." *Id.* (citation omitted). PTOT has not asserted a personal right or privilege in the information sought to be disclosed. Accordingly, the Court finds that PTOT does not have standing to quash the subpoena issued to ■.

While PTOT does not have standing to move to quash the subpoena, "[t]he Court has an independent obligation to avoid imposing undue burden or expense on a person subject to the subpoena." *Drummond Company, Inc. v. Collingsworth*, No. 13–mc–80169–JST (JCS), No. 13–mc–80171–JST (JCS), 2013 WL 6074157, at *17 (N.D. Cal. Nov. 18, 2013) (internal quotation

1    marks and citation omitted).  Here, Viavi represents that ▮ has indicated its willingness to

2    produce the information sought." Dkt. 69-4.  While Viavi does not cite to evidence in support of

3    this statement, ▮ is highly capable of objecting and/or moving to quash the subpoena if it

4    faced undue burden or expense.  At present, there is no such motion before the court.  Finally, and

5    more generally, discovery pending determination of the motion for summary judgment (Dkt. 45) is

6    not stayed.[1]  Accordingly, the Court **DENIES** PTOT's motion to quash Viavi's subpoena to

7    ▮.

8        As stated above, Viavi filed an administrative motion to file under seal Viavi's response to

9    PTOT's motion to quash.  Dkts. 69, 70.  Viavi has demonstrated that portions of its response "are

10   privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil

11   L.R. 79-5(b).  Additionally, Viavi has provided the declaration of William Hector (Dkt. 69-1) to

12   demonstrate that the material is sealable, as required under Civil Local Rule 79-5(d).

13   Accordingly, Viavi's motion to file under seal is **GRANTED**.  Any party may file objections to

14   this order within fourteen days. Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

15   **SO ORDERED.**

16   Dated: March 25, 2021

18   _Susan van Keulen_
19   SUSAN VAN KEULEN
     United States Magistrate Judge

---

[1] The Court's prior order (Dkt. 64) was premised on the identity of issues between the joint discovery submission (Dkts. 61, 62) and the motion for summary judgment (Dkt. 45).  Here, no such identity of issues is present in the subpoena to a third party.

United States District Court
Northern District of California