David S. Bloch (SBN 184530)
blochd@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: 415.655.1300
Facsimile: 415.520.5609

Vivian S. Kuo (*pro hac vice*)
kuov@gltaw.com
Andrew Sommer (*pro hac vice*)
sommera@gtlaw.com
Cyrus T. Frelinghuysen (*pro hac vice*)
frelinghuysenc@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC  20037
Telephone: 202.331.3100
Facsimile: 202.261.4747

Attorneys for Defendant
Platinum Optics Technology Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br>  Plaintiff, <br><br> v. <br><br> PLATINUM OPTICS TECHNOLOGY INC., <br><br>  Defendant. | Case No. 5:20-CV-5501-EJD <br><br> **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY** <br><br> Date:  June 10, 2021 <br> Time:  9:00 am <br> Crtrm:  4—5th Floor <br><br> Judge: Hon. Edward J. Davila |

PTOT's motion (ECF 82) seeks a stay pending resolution of a summary judgment motion that, if granted, will fully resolve this case. And should anything remain after summary judgment, the Court should stay the proceedings pending decisions on PTOT's three IPR petitions—which, if granted, would dispose of virtually the entire case. Viavi does not deny that a stay would conserve judicial and party resources, and that both summary judgment and the IPRs could materially narrow or dispose of the case. It nevertheless opposes PTOT's motion because PTOT and Viavi are "direct competitors." ECF 86 at 1.

That may be true in general, but not with respect to the products at issue here. It is undisputed that Viavi released all U.S. sales of any PTOT filters, including the sole accused filter in this case (the 11246 filter), prior to May 1, 2020. ECF 58-6 ¶ 2. It is likewise undisputed that the 11246 filter was not designed for ▮ devices or tablets,[1] and that PTOT has not sold the 11246 filter anywhere in the world after May 1, 2020. ECF 44-12 ¶¶ 2-3. Viavi concedes that it has not found evidence of *any* PTOT filter, including the 11246 filter, in any products in the United States. ECF 58-17 ¶ 21. Viavi now claims that *any* PTOT filters incorporated into ▮ smartphones must infringe. ECF 86 at 1. But that is not what its infringement contentions say, *see* ECF 44-6, and having never seen *any* PTOT filters in the U.S., its assertion that they nevertheless infringe is pure speculation.[2]

## 1. THERE IS GOOD CAUSE TO STAY PENDING SUMMARY JUDGMENT

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As part of the district court's "wide discretion in controlling discovery," stays pending dispositive motions should be granted where the "stay furthers the goal of efficiency for the court and litigants." *Little v. Seattle*, 863 F.2d 681, 685

---

[1] That the "11246" filter was not designed for any ▮ products also puts the lie to the idea that the filters PTOT supplies to ▮ are just 11246 filters with a different name.

[2] Indeed, the ▮ products alleged to contain PTOT filters are publicly available. Not having the "name" of PTOT's designation for its ▮-supplied filter—as Viavi now contends it needs—will not change this fact. Viavi still lacks the basis to accuse these unrelated PTOT filters because, Viavi: (1) has no idea if these PTOT filters have ever entered the United States, and (2) still has not and cannot map such filters to the claims of its patents as this Court's Local Patent Rules require.

(9th Cir. 1988) (a trial court does not abuse its discretion by staying discovery pending a dispositive issue); *see also Hamilton v. Rhoads*, 2011 U.S. Dist. LEXIS 123494, at *1-2 (N.D. Cal. Oct. 25, 2011). A stay is reasonable where—as here—the "pending motion [is] potentially dispositive of the entire case" and where the "pending dispositive motion can be decided absent discovery." *Hamilton*, 2011 U.S. Dist. LEXIS 123494, at *2. Viavi says such relief would be "extraordinary." ECF 86 at 1-2. Yet the Courts in *Hamilton*, *SanDisk Corp. v. STMicroelectronics, Inc.*, 2009 U.S. Dist. LEXIS 45931 (N.D. Cal. May 19, 2009), and *Walters v. Alameida*, 2008 WL 786851 (N.D. Cal. Mar. 20, 2008) all granted stays pending the resolution of dispositive motions.

Viavi also rehashes its argument that PTOT has "refused" to respond to discovery about filters not specifically identified in its infringement contentions. The Court already has considered and rejected Viavi's request for broader discovery pending a decision on PTOT's summary judgment motion. ECF 64. Viavi offers no reason for the Court to disturb that decision. Instead, judicial efficiency dictates that the Court should stay other proceedings where the pending motion "is potentially dispositive." *Hamilton*, 2011 U.S. Dist. LEXIS 123494, at *2.

**2.    THE STAY SHOULD CONTINUE THROUGH A DECISION ON THE IPRS**

"Courts in this district often grant stays pending [the] IPR process in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome" of IPRs. *Roche Molecular Sys. v. Cepheid*, 2015 U.S. Dist. LEXIS 2109, at *7-8 (N.D. Cal. Jan. 7, 2015). "Several cases have granted a stay even where, as here, the PTAB has not yet decided whether to institute an IPR." *Id*. at *11; *see also Zomm, LLC v. Apple Inc*., 391 F. Supp. 3d 946, 958 (N.D. Cal. 2019) (granting pre-institution motion to stay); *see also Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc*., 2018 WL 4859167, at *1 (N.D. Cal. Sept. 28, 2018) ("Courts have recognized a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."). Indeed, the Court has stayed cases that are much further along than this one. *See e.g.*, *Affinity Labs of Texas LLC v. Samsung Elecs Co., Ltd*., 2014 U.S. Dist. LEXIS 105850, at *2 (N.D. Cal. Aug. 1, 2014) (granting motion to stay pending IPR, although two of five patents in suit had been construed, because "significant work remains, fact discovery is not yet

closed, and no trial date has been set."). As discussed in the Motion and below, all three factors weigh in favor of a stay.

### a. A stay will not unduly prejudice Viavi

Viavi does not dispute that PTOT has been diligent in filing its IPR petitions or moving for a stay pending IPRs. The law is clear that mere delay is not unduly prejudicial. *Twilio, Inc. v. TeleSign Corp.*, 2018 WL 1609630, at *2 (N.D. Cal. Apr. 3, 2018); *Chrimar Sys. Inc. v. Ruckus Wireless, Inc.*, 2016 WL 5403595, at *5 (N.D. Cal. Sept. 26, 2016). Instead, Viavi emphasizes that the parties are allegedly "competitors that supply competing filters for the same customer … for the same products." ECF 86 at 3. According to Viavi, the parties' status as "direct competitors" means that "any delay in the final resolution of this case will prejudice Viavi's position with this key customer, allowing PTOT to make further inroads and take additional market share." *Id*. at 3-4. The argument fails, however, for three distinct reasons.

First, if a delay in this case of less than six months would cause such prejudice to Viavi, Viavi should have sought an injunction. It did not, and that failure to move belies its assertion of prejudice. *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (district court erred in denying stay where plaintiff's failure to move for a preliminary injunction "contradict[ed] [plaintiff's] assertion that it needs … relief as soon as possible.").

Second, Viavi has not established, and cannot establish, that it competes with PTOT *in the United States*. Viavi has not found *any* PTOT filters in the United States. ECF 58-17 ¶ 21. The idea that competition between the parties "strongly weights against a stay" requires Viavi to at least show that the parties actually compete head-to-head in the U.S.—something Viavi cannot do. Besides, even the case Viavi cites rejects the idea that direct competition between the parties outweighs the policy considerations favoring a stay. *VirtualAgility Inc.*, 759 F.3d at 1319.

Third, Viavi cannot show that the alleged competition poses a risk of irreparable harm. Viavi insists that it is suffering harm because it competes directly with PTOT. But neither the documents it relies upon, nor the history of this case, supports that notion. It is undisputed that the May 2020 settlements in China and Taiwan excused all sales prior to the settlement date. So to show that

1  PTOT's alleged subsequent infringement (by products Viavi has never seen and cannot identify)
2  eroded Viavi's prices, Viavi would need to show that its prices dropped after May 2020 due to
3  increased competition from PTOT. Its documents show no such thing.
4        Exhibits A (ECF 85-5) and B (ECF 85-6) are 2017-2018 contracts between Viavi and ▮
5  They indicate prices per unit of ▮. Exhibit C (ECF 85-7) is a March 2020 price proposal
6  that envisions ▮
7  ▮. All of these proposals and contract modifications took place before the May 2020
8  settlement with PTOT. Exhibits D (ECF 85-8) and E (ECF 85-9) are 2020-2021 roadmaps and
9  contracts with volume-based prices of between ▮
10 ▮ ECF 85-9
11 at 3. None of these documents mention PTOT (or any other competitor), none of them suggest that
12 Viavi owns the patents on the optical filters in question, and one of them expressly acknowledges
13 that ▮ will buy filters from other suppliers as well. ECF 85-7 at 5 (▮
14 ▮). Viavi alleges that its business failings would not have occurred "but for"
15 the alleged infringement by PTOT, ECF 85 at 4, but it cannot blame the fluctuations of the
16 marketplace on a filter that is no longer even sold by PTOT. *VirtualAgility Inc.*, 759 F.3d at 1320
17 ("evidence of competition [in the United States] is weak and the patentee's [failure] in seeking
18 preliminary injunctive relief belie[s] its claims that it will be unduly prejudiced by a stay").
19       **b.   The case is in its early stages**
20       Because fact discovery is not complete, expert discovery has yet to be set, and no trial date
21 has been set, this case is still in an early stage. *See* ECF 34, 81. It is not "advanced," as Viavi
22 asserts. *Palo Alto Networks, Inc. v. Packet Intelligence LLC*, 2020 U.S. Dist. LEXIS 178254, at *3
23 (N.D. Cal. Sep. 28, 2020) (granting stay pending IPR where, although trial date had been set, fact
24 discovery was ongoing and expert discovery had not begun). The summary judgment hearing date,
25 June 10th, is only one month before the first institution decision is scheduled to be handed down by
26 the PTAB.

### c. Resolution of the IPRs will simplify the issues

All but one of the asserted claims in this case are challenged in the IPRs. Viavi says this is insufficient overlap. ECF 86 at 7 (citing *Asetek Holdings, Inc. v. Cooler Master Co. Ltd.*, 2014 WL 1350813, at *3 (N.D. Cal. Apr. 3, 2014)). But *Asetek Holdings,* and the cases it collects, involved several additional patents not challenged in any IPR petitions. *Asetek Holdings,* 2014 WL 1350813 at *3. The fact that, here, a single claim might remain is no reason to refuse a stay: "there can still be simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged in [IPRs]." *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014). A "proper simplification analysis would look to what would be resolved by [the IPRs] versus what would remain." *Id*.

Viavi contends that the "uncertainty" surrounding whether the IPRs will be instituted weighs against granting a stay. But Viavi itself admits that the IPRs will more likely than not be granted. ECF 86 at 7 ("56% of petitions were instituted in the most recent fiscal year"). Even more, the PTAB's decision "could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014). Even if the PTAB institutes review but ultimately thinks PTOT is wrong, a stay will streamline this case because PTOT will be barred from asserting invalidity arguments "on any ground that [PTOT] raised or reasonably could have raised during [its] *inter partes* review." 35 U.S.C. § 315(e)(1). Thus, even if there is some "uncertainty" as to whether the IPRs will be instituted, the issues for litigation are likely to be simplified regardless of what happens at the PTAB.

Viavi's supporting law does not match the facts of this case. *See, e.g., Varian Med. Sys. v. ViewRay, Inc.*, 2020 U.S. Dist. LEXIS 164720, at *2–4 (N.D. Cal. Sept. 9, 2020) (denying motion to stay where claim construction order was issued, a trial date was set, and a pretrial schedule was instituted); *Quanergy Sys. v. Velodyne Lidar, Inc.*, 2017 U.S. Dist. LEXIS 212836, at *2–3 (N.D. Cal. Dec. 28, 2017) (denying joint motion to stay after completion of claim construction); *GoPro, Inc. v. C&A Mktg.*, 2017 U.S. Dist. LEXIS 92480, at *11–12 (N.D. Cal. Jun. 15, 2017) (denying

motion to stay where institution of IPR would leave an entire unrelated patent asserted in the litigation); *Aylus Networks, Inc. v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 157228 (N.D. Cal. Nov. 6, 2014) (denying motion to stay because *no* factors weighed in favor of a stay); *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2014 U.S. Dist. LEXIS 147258 (N.D. Cal. Oct. 14, 2014) (same). Here, by contrast, *all* of the factors weigh in favor of a stay, and Viavi's claim that it and PTOT are competitors does not change that calculation.

**CONCLUSION**

To enhance judicial efficiency, preserve party resources, and avoid a multiplicity of proceedings, the Court should stay this case until it rules on summary judgment. And if Viavi's case survives summary judgment, the Court should maintain the stay until the PTAB can weigh in on the patentability of the '369, '269 and '526 patents.

Dated: May 7, 2021

GREENBERG TRAURIG, LLP

By: */s/ David S. Bloch*

David S. Bloch (SBN 184530)
blochd@gtlaw.com
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: 415.655.1300
Facsimile: 415.520.5609

Vivian S. Kuo (*pro hac vice*)
kuov@gltaw.com
Andrew Sommer (*pro hac vice*)
sommera@gtlaw.com
Cyrus T. Frelinghuysen (*pro hac vice*)
frelinghuysenc@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC  20037
Telephone: 202.331.3100
Facsimile: 202.261.4747

Attorneys for Defendant
Platinum Optics Technology Inc.