UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>  Defendant. | Case No. 5:20-cv-05501-EJD<br><br>**ORDER GRANTING MOTION TO STAY; CONTINUING HEARING DATE FOR SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 82 |

This patent infringement suit was initiated in August of 2020. Plaintiff Viavi Solutions Inc. alleges that Defendant Platinum Optics Technology Inc. has manufactured and sold optical filters that utilize Plaintiff's patented filter designs. The patents-in-suit are U.S. Patent Nos. 9,354,369 ("the '369 patent"), 9,588,269 ("the '269 patent") and 10,222,526 ("the '526 patent"). Defendant contends that there is a license that precludes infringement, in part. Defendant further contends that the accused products do not infringe the patents-in-suit and that the patents are invalid.

There are two motions pending before the Court: (1) Defendant's motion for summary judgment (Dkt. No. 45) and (2) Defendant's motion to stay (Dkt. No. 82). Defendant contends that summary judgment should be granted because it has a license for the only accused product by virtue of prior litigation and resulting settlement between the parties, and it has not manufactured

or sold the accused product since the settlement.  More specifically, Defendant contends that the parties' settlement provided for a release of infringement liability and therefore a license to certain of Plaintiff's patents, including the patents-in-suit, for all worldwide sales of the accused "11246" filter prior to May 1, 2020.  Mot. at 3.  In the motion to stay, Defendant requests a stay of the action pending a ruling on the motion for summary judgment and, in the event any part of the case remains after that ruling, a stay pending final resolution of three petitions for *Inter Partes* Review filed by Defendant with the Patent Trial and Appeal Board ("PTAB") challenging all but one of the asserted claims in the patents-in-suit.

Courts in this district will stay discovery pending summary judgment under appropriate circumstances.  *Walters v. Alameida*, 2008 WL 786851, at *1 (N.D. Cal. Mar. 19, 2008) (staying discovery until threshold question of qualified immunity is decided).  Courts will also stay a lawsuit pending PTAB proceedings.  *Twilio, Inc. v. TeleSign Corp.*, 2018 WL 1609630, at *1 (N.D. Cal. Apr. 3, 2018).  Courts "examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).

Here, all of the factors above favor staying this case.  First, fact discovery is in its early stages, expert discovery has not begun, and a trial date has not been set.  There is substantial work remaining before the case is ready for trial.

Second, a stay pending the PTAB's decision on whether to institute IPR petitions will promote efficiency by avoiding the expenditure of limited judicial resources between now and when the last PTAB institution decision will be rendered in September of 2021.  *Evolutionary Intelligence v. Yelp*, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013) (the liberal policy favoring stays pending reexamination warrants a stay even if the Patent Office is still considering

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING MOTION TO STAY; CONTINUING HEARING DATE FOR SUMMARY JUDGMENT MOTION

2

1    whether to grant a party's reexamination request); *Anza Tech., Inc. v. Toshiba Am. Elec.*

2    *Components Inc.*, 2018 WL 4859167, at *2 (N.D. Cal. Sept. 28, 2018) (noting that it is not

3    uncommon for courts to stay litigation pending reexamination prior to the PTO deciding to

4    reexamine the patent). And if the PTAB does initiate review, a final decision could eliminate trial

5    of an issue (when a claim is canceled) or facilitate trial "by providing the district court with the

6    expert view of the PTO (when a claim survives the reexamination proceeding)." *Evolutionary*

7    *Intelligence*, 2013 WL 6672451, at *5. Defendant's IPR petitions cover all but one of the asserted

8    claims and a PTAB decision has the potential to streamline the case significantly. A stay is also

9    likely to avoid inconsistent results.

10          Third, a stay will not unduly prejudice Plaintiff. Defendant filed timely requests for

11   reexamination with the PTO and a timely motion to stay before this Court. The Court recognizes

12   that Plaintiff and Defendant are competitors, which can weigh against issuing a stay. *See Hewlett-*

13   *Packard Co. v. ServiceNow, Inc.*, 2015 U.S. Dist. LEXIS 47754, at *7 (N.D. Cal. Apr. 9, 2015)

14   ("[C]ompetition between parties can weigh in favor of finding undue prejudice" and denial of a

15   stay. (quotations omitted)). Here, however, there is a serious question as to whether the parties are

16   competitors in the United States. *See* Reply at 3, Dkt. No. 89-3 *SEALED*. Moreover,

17   Defendant represents that it has not sold the 11246 filter anywhere in the world after May 1, 2020.

18   *Id*. at 1. Plaintiff asserts that Defendant's other filters must infringe; however, Plaintiff's

19   infringement contentions only identify the 11246 filter. *See* Dkt. No. 44-7 *SEALED*. The

20   Court also recognizes that *inter partes* review, if instituted, may take two to three years to

21   complete, which may delay trial in this Court. Nevertheless, mere delay is not unduly prejudicial.

22   *Twilio, Inc. v. TeleSign Corp.*, 2018 WL 1609630, at *2 (N.D. Cal. Apr. 3, 2018); *Chrimar Sys.*

23   *Inc. v. Ruckus Wireless, Inc.*, 2016 WL 5403595, at *5 (N.D. Cal. Sept. 26, 2016).

24          Defendant's motion to stay is GRANTED. The tutorial and claims construction scheduled

25   for June 10, 2021 is taken off calendar. The parties shall file a joint status report within seven

26   days of the PTO's decision. Although not requested, the Court continues the hearing date for the

motion for summary judgment to 9:00 a.m. on September 16, 2021.

**IT IS SO ORDERED.**

Dated: May 11, 2021.

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING MOTION TO STAY; CONTINUING HEARING DATE FOR SUMMARY JUDGMENT MOTION

4