UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br>  Plaintiff, <br><br> v. <br><br> PLATINUM OPTICS TECHNOLOGY INC., <br><br>  Defendant. | Case No.  5:20-cv-05501-EJD <br><br> **ORDER DENYING MOTION TO LIFT STAY** |

Plaintiff Viavi Solutions Inc. ("Viavi") brings this patent infringement suit against Defendant Platinum Optics Technology Inc. ("PTOT"), alleging that PTOT has manufactured and sold optical filters that infringe Viavi's U.S. Patent Nos. 9,354,369 ("the '369 patent"), 9,588,269 ("the '269 patent") and 10,222,526 ("the '526 patent").  Before the Court is Viavi's motion to lift the stay on this action.  Dkt. No. 102.

The Court finds this matter is appropriate for resolution without oral argument.  Civ. L.R. 7-1(b).  Having considered the parties' moving papers, the Court DENIES the motion to lift the stay.

**I.  BACKGROUND**

Viavi filed this action on August 7, 2020.  Dkt. No. 1.  On May 11, 2021, the Court stayed the action pending final resolution of the petitions for *inter partes* review ("IPR") that PTOT filed before the Patent Trials and Appeals Board ("PTAB") challenging all but one of the asserted claims from the patents-in-suit.  Dkt. No. 95.

On August 27, 2021, Viavi moved to lift the stay, citing the PTAB's denial of institution

Case No.: 5:20-cv-05501-EJD
ORDER DENYING MOT. TO LIFT STAY
1

1    on the IPRs for the '269 and '526 patents.  Dkt. No. 102.  At that time, Viavi believed that a denial
2    on the '369 patent was imminent and represented that even if IPR were instituted on the '369
3    patent, it would dismiss its claims as to that patent in order to proceed with the litigation.  *Id.*
4          On October 7, 2021, the PTAB granted institution on the '369 patent.  Dkt. No. 116-1, Ex.
5    A.  PTOT's requests for rehearing on the '269 and '526 IPRs remain pending.  *Id.*, Exs. B and C.

## II.   LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a [U.S. Patent and Trademark Office ("PTO")] reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted); *see also Twilio, Inc. v. TeleSign Corp.*, No. 16-CV-06925-LHK, 2018 WL 1609630, at *1 (N.D. Cal. Apr. 3, 2018).  In determining whether to grant a stay pending such proceedings, courts "examine three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted).  "[T]he court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly."  *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C.2002).

## III.  DISCUSSION

The Court previously considered the three factors at issue and determined that a stay was appropriate.  Dkt. No. 95.  Nothing has changed in this litigation since that time: the case remains in its early stages with no trial date.  Even if the PTAB denies PTOT's requests for rehearing on the denied IPR petitions, the similarities between the claims of all three asserted patents and the fact that the '269 and '526 patents are continuations of the '369 patent suggest that at the very least, the PTAB decision on the '369 IPR could have claim construction implications for the other two patents, if not a preclusive effect.  *See Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d

Case No.: 5:20-cv-05501-EJD
ORDER DENYING MOT. TO LIFT STAY
2

1333, 1342-43 (Fed. Cir. 2013). Viavi's proposal to dismiss the '369 patent, therefore, would not necessarily simplify the issues in this action.

Viavi argues that there has been a significant change in circumstances with respect to the third factor of prejudice. The Court previously acknowledged that the parties are competitors, which could weigh against a stay, but it also observed that "there is a serious question as to whether the parties are competitors *in the United States*." Dkt. No. 95 at 3 (emphasis added). Viavi says it has since located a mobile phone in the United States that contains what it believes to be an infringing filter manufactured by PTOT. Dkt. No. 102 at 4. Viavi points to its pending motion to amend its infringement contentions in support of this argument, but that motion does not clearly answer the question of whether the parties compete in the United States. In that motion, Viavi freely admits that "there is no product identifier or anything on the filter that would identify the manufacturer as PTOT," and that Viavi can only determine whether a filter is Viavi-made. Dkt. No. 104 at 5 n.4. Viavi further asserts that "the only other manufacturer that Viavi is aware of qualified to supply LAS filters" to the manufacturer of that particular mobile phone is PTOT. *Id.* at 5 n.5. But this is far from conclusive evidence that the filter in the phone Viavi obtained was, in fact, manufactured by PTOT. The fact that PTOT supplies filters to this common customer for this particular phone does not rule out the possibility that there are yet other filter manufacturers in the market besides PTOT and Viavi. Finally, to the extent Viavi claims that it has lost market share over the last year, the Court observes that (1) Viavi cites only to its prediction of such loss, not actual evidence of such loss, and (2) Viavi again acknowledges the existence of other competitors besides PTOT. *Compare* Dkt. No. 102 at 5 *with* Dkt. No. 58-17 ¶ 11. Viavi's arguments concerning the parties' U.S. competition are simply too speculative in nature to support a finding of prejudice. *See Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *4 (N.D. Cal. Aug. 16, 2013) (finding no real prejudice because plaintiff failed to point to any specific prejudice from a delay that is more than speculative.").

Accordingly, the Court is not persuaded that there has been any change in circumstance that would justify lifting the stay. Rather, the only material change—the fact that the PTAB has

Case No.: 5:20-cv-05501-EJD
ORDER DENYING MOT. TO LIFT STAY

3

instituted IPR on the '369 patent and the potential of that proceeding to streamline this one—weighs in favor of maintaining the stay.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Viavi's motion to lift the stay. The January 27, 2022 hearing on the motion and the case management conference scheduled for October 21, 2021 are VACATED.

**IT IS SO ORDERED.**

Dated: October 20, 2021

EDWARD J. DAVILA
United States District Judge