UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br>  Plaintiff, <br><br> v. <br><br> PLATINUM OPTICS TECHNOLOGY INC., <br><br>  Defendant. | Case No.  5:20-cv-05501-EJD <br><br> **ORDER GRANTING MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 137 |

Plaintiff Viavi Solutions Inc. ("Viavi") brings this patent infringement suit against Defendant Platinum Optics Technology Inc. ("PTOT"), alleging that PTOT has manufactured and sold optical filters that infringe Viavi's U.S. Patent Nos. 9,354,369 ("the '369 patent"), 9,588,269 ("the '269 patent") and 10,222,526 ("the '526 patent"). On May 11, 2021, the Court stayed the action pending final resolution of the petitions for *inter partes* review ("IPR") that PTOT filed before the Patent Trials and Appeals Board ("PTAB") challenging all but one of the asserted claims from the patents-in-suit. Dkt. No. 95. On October 20, 2021, the Court denied Viavi's motion to lift the stay. Dkt. No. 121. Now before the Court is Viavi's motion to reconsider the Court's October 20, 2021 order denying Viavi's motion to lift the stay on this action. Dkt. No. 137.

The Court finds this matter is appropriate for resolution without oral argument. Civ. L.R. 7-1(b). Having considered the parties' moving papers, the Court GRANTS the motion for reconsideration. The Court finds that the factual circumstances concerning the status of the three IPRs underlying its previous order denying the motion to lift the stay have changed, such that a

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING MOT. FOR RECON.

1

stay will not longer simplify the issues in question or trial of the case. *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002); *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (describing three factors for considering a stay pending IPR). While the question of whether Viavi and PTOT compete against one another in the United States remains open, that open question alone does not justify maintaining the stay.

Viavi previously represented to the Court that if IPR were instituted on the '369 patent, it would dismiss all its claims concerning that patent. Dkt. No. 102 at 1, 3 ("Viavi *will* dismiss the '369 patent from this case if the IPR is instituted.") (emphasis added). The Court will hold Viavi to its word. Viavi shall dismiss all claims asserting the '369 patent by **March 7, 2022**. Following that dismissal, the Court shall lift the stay and set a schedule for further proceedings.

**IT IS SO ORDERED.**

Dated: March 2, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING MOT. FOR RECON.
2