UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> PLATINUM OPTICS TECHNOLOGY INC., <br><br> Defendant. | Case No.  5:20-cv-05501-EJD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Re: ECF No. 180, 193 |

Before the Court is Plaintiff's motion to dismiss its patent infringement suit. ECF No. 193. The Court heard arguments on December 15, 2022. For the reasons discussed below, the Court **GRANTS** Viavi's motion to dismiss its patent infringement claims. Accordingly, Viavi's claims are **DISMISSED** with prejudice. The Court also **DENIES AS MOOT** PTOT's motion for summary judgment.

I.  **BACKGROUND**

Plaintiff Viavi Solutions, Inc. ("Viavi") is a U.S.-based company that designs low angle shift ("LAS") optical filters using hydrogenated silicon for 3D motion sensing. Compl., ECF No. 1 ¶¶ 3, 5, 8. It holds various patents associated with this technology, including U.S. Patent Nos. 9,354,369 ("the '369 patent"), 9,588,269 "(the '269 patent"), 10,222,526 ("the '526 patent"), and 9,945,995 ("the '995 patent") (collectively, the "Asserted Patents"). *Id.* ¶ 4. Viavi alleges that suppliers to electronic device manufacturers incorporate these LAS patented filter designs into their optical filters, which, in turn, are used to produce sensing systems in mobile phones and tablets that use facial and gesture recognition technology produced by third-party companies. *Id.*

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.

1

¶¶ 10, 13.

Defendant Platinum Optics Technology, Inc. ("PTOT") is a Taiwan-based company. *Id.* ¶ 19. PTOT manufactures optical filters that employ hydrogenated silicon allegedly using patented technology. *Id.* ¶ 10. Viavi alleges that PTOT supplies "at least one low angle shift optical filters, the PTOT "11246" optical filter or a filter that is not materially different than that" (hereinafter, the "11246 Filter"), into 3D sensing modules incorporated into cell phones and tablets which are ultimately imported and sold in the U.S. *Id.* ¶¶ 14–15. Viavi asserts that PTOT has been supplying its filters to a particular third-party company (referred to hereinafter as "Company") that designs cell phones and tablets sold in the U.S. ECF No. 193 at 5. Viavi alleges that it sent PTOT a letter explaining its belief that Defendant's filters are infringing the Asserted Patents and accusing Defendant of selling its filters for use in products that it knows are intended for U.S. markets. Compl. ¶ 17; *see* ECF No. 1-9, Ex. 9.

In the instant action, Viavi alleges four causes of action for infringement of U.S. patents arising under 35 U.S.C. §§ 271 and 281–285. In sum, Viavi claims that PTOT is liable for actively inducing infringement of at least one claim of each of Asserted Patents in violation of 35 U.S.C. § 271(b).[1] *Id.* ¶¶ 26–53. In its prayer for relief Viavi seeks declaratory relief that PTOT infringes the Asserted Patents, compensatory damages, and other supplemental damages such as attorneys' fees. *Id.* ¶¶ 1–4. PTOT counterclaims for declaratory judgment of non-infringement and invalidity of the Asserted Patents. *See generally* ECF No. 32.

The parties have a history of patent infringement litigation. Before this action was commenced, Viavi filed patent infringement lawsuits in China and Taiwan against PTOT in 2019. Compl. ¶ 11. The cases involved three optical filters, "PTOT's "11246," "TW" and "11694" optical filters," which included at least one of Viavi's filter designs. *Id.* ¶ 12. The lawsuits were ultimately dissolved and dismissed. *Id.* ¶ 11.

---

[1] The parties stipulated to voluntary dismissal with prejudice of Viavi's first patent infringement claim asserting the '369 patent. *See* ECF No. 152.

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.

2

The posture of the present motion is unique. The Court lifted the stay in March 2022. ECF No. 153. The stay was entered pending final resolution of the petitions for *inter partes* review ("IPR") that PTOT filed before the Patent Trials and Appeals Board ("PTAB") challenging all but one of the asserted claims from the patents-in-suit. ECF No. 95. PTOT subsequently re-noticed its motion for summary judgment.[2] *See* PTOT's Re-Notice of Mot. for Summ. J., ECF No. 180. PTOT's motion asserts that Viavi cannot sustain its claims for patent infringement as to the 11246 Filter. A few months after Defendant filed the motion for summary judgment—and before the Court ruled on it—Plaintiff moved to voluntarily dismiss the case after the parties were unable to agree to a stipulated dismissal. *See* Pl.'s Mot. to Dismiss ("Mot."), ECF No. 193.

A.     **Events Preceding Viavi's Motion to Dismiss**

As noted, Viavi's complaint alleges that PTOT was supplying optical filters using Viavi's patented technology for use in "electronic devices that are used, offered for sale, sold, and imported into the United States." Compl. ¶ 13. However, Viavi could not identify a specific infringing filter before filing suit and instead alleged that PTOT was continuing to supply the 11246 Filter or a "similar" filter. *See* ECF No. 185 at 2. Consequently, Viavi's infringement contentions chart only the 11246 Filter. *Id*. at 3.

In July of 2021—approximately five months after Viavi had served its infringement contentions on PTOT, exclusive of the time the case was stayed—Viavi allegedly discovered an infringing filter (Filter #25) believed to be produced by PTOT in a mobile phone sold by the Company that Viavi had purchased in Colorado. Viavi moved to amend its infringement contentions by "supplement[ing] its infringement contentions to add a different filer, or Filter #25, as an accused instrumentality and claim charts relating to it," claiming that this amendment would not change its theory of infringement. ECF No. 185 at 6. Magistrate Judge van Keulen denied

---

[2] The Court administratively terminated PTOT's motion for summary judgment filed on January 20, 2021, and vacated the hearing on September 20, 2021, subject to renewal after Judge van Keulen ruled on Viavi's motion to amend. ECF No. 111. PTOT re-noticed its motion on September 12, 2022.

Viavi's request, finding that "Filter #25 is an entirely different product than the 11246 Filter, which has been the focus of the case up until this time." *Id.* at 10. The denial was based on the Court's findings that Viavi was not sufficiently diligent in discovering a basis for the proposed amendments and that amendment would unduly prejudice PTOT. *Id.* at 6–11.

Around this same time, Viavi filed a second lawsuit against PTOT in this Court asserting infringement of the Asserted Patents as to other optical filters that PTOT provides to the Company and are found in the U.S., which includes the filter in Viavi's denied amendment to the infringement contentions. *See Viavi Sols., Inc. v. Platinum Optics Tech. Inc.*, No. 21-cv-6655-EJD, ECF No. 1 (N.D. Cal.). Both actions are pending before this Court.

## II.   LEGAL STANDARD

Rule 41 of the Federal Rules of Civil Procedure govern the voluntary dismissal of actions, permitting a court to order dismissal of claims "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). However, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . . ." *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986). A district court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

## III.   DISCUSSION

The impetus of this motion is a disagreement over dismissal of the action. Neither party wishes to continue to litigate, but the parties were unable to find common ground to voluntarily dismiss the action under Fed. R. Civ. P. 41(a)(1)(A)(ii).

Part of the disagreement over how to dismiss the action relates to PTOT's condition that any stipulated dismissal includes language to the effect of finding that PTOT is the "prevailing

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.
4

party" such that PTOT could pursue attorneys' fees under 35 U.S.C. § 285. Viavi contends that a voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) would not hinder PTOT from pursuing attorneys' fees under § 285.

However, PTOT refused to dismiss the action using Viavi's proposed language and informed Viavi of alternative language under which it would be willing to dismiss the action. *See* ECF No. 199-2. The parties were unable to reach an agreement. As a result, Viavi moved for a court order of dismissal asking the Court to grant a dismissal with prejudice on the 11246 Filter as well as the ability to seek fees after the Court enters the judgment. Mot. at 3–4. Viavi's proposed dismissal states as follows:

> The only product Viavi charted as part of its infringement contentions in this case is the 11246 filter.
>
> Viavi licensed and released all sales of the 11246 filter prior to May 1, 2020, and therefore accused in this case only sales by Defendant Platinum Optics Technology Inc. ("PTOT") since May 1, 2020.
>
> According to PTOT, there have been no sales of the 11246 filter by PTOT since May 1, 2020. Viavi's claims of patent infringement against PTOT's 11246 filter sold after May 1, 2020, are dismissed with prejudice because the 11246 filter has not been sold in the United States, and to the extent the 11246 filter is not sold in the United States in the future.
>
> PTOT's Counterclaims in this Action are dismissed without prejudice.
>
> Nothing in this Order shall affect Viavi's ability to litigate its infringement claims in Case No. 5:21-cv-06655 against other products.

ECF No. 193-1.

PTOT opposes Viavi's motion, arguing that it is procedurally improper for the Court to dismiss the action in its entirety because PTOT has pled counterclaims for noninfringement and invalidity in its Answer (*see* ECF No. 32).[3] PTOT's Opp'n to Viavi's Mot. to Dismiss ("Opp'n"), ECF No. 199 at 9. PTOT requests that these counterclaims be adjudicated in its motion for summary judgment which is fully briefed. *See* Def.'s Mot. for Summ. J., ECF No. 45 at 3–4.

---

[3] PTOT further contends that any order of dismissal should permit PTOT to seek attorneys' fees and costs, but PTOT does not seek an award of attorneys' fees at this time.

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.
5

The Court first addresses dismissal of PTOT's counterclaims before addressing whether PTOT is the "prevailing party" under § 285.

### A.     Dismissal of the Action

"A motion for voluntary dismissal should be granted absent a showing by the defendant that it will suffer resulting 'legal prejudice,'" which includes "prejudice to some legal interest, some legal claim, [or] some legal argument." *Blue Spike, LLC v. Adobe Sys.*, Inc., No. 14-CV-01647-YGR, 2015 WL 13655824, at *2 (N.D. Cal. May 4, 2015) (citing *Optimal Mkts., Inc. v. FTI Consulting, Inc.*, No. 08-5765 SC, 2009 WL 1704665, at *2 (N.D. Cal. June 17, 2009). Viavi does not challenge the factual sufficiency of PTOT's counterclaims; Viavi challenges only whether PTOT can show that it will be prejudiced by their dismissal.

PTOT counterclaimed seeking declaratory judgment of non-infringement and invalidity of the Asserted Patents in its Answer. ECF No. 32. The Federal Rules of Civil Procedure treats dismissal of actions with counterclaims differently, stating that: "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, [plaintiff's] action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Accordingly, the Court must consider whether PTOT's counterclaims for declaratory relief can be independently adjudicated. *Berger v. Seyfarth Shaw, LLP*, No. C 07–05279-JSW, 2008 WL 2468478, at *1 (N.D. Cal. June 17, 2008) ("The Court has complete discretion whether or not to hear a counterclaim for declaratory judgment.").

"Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (quotations omitted). On the other hand, "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.

6

controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc). Courts in this district have refused to dismiss counterclaims simply because they appear duplicative. *Stickrath v. Globalstar, Inc.*, No. C07-1941-TEH, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008) (noting that a court "should dismiss or strike a redundant counterclaim only when it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.") (quotations and citations omitted)). Courts have also required defendants to make some showing of prejudice. *Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2019 WL 2476620, at *8 (N.D. Cal. June 13, 2019).

Claims seeking declaratory relief for non-infringement are not merely duplicative of a plaintiff's claims; a counterclaim for declaratory relief serves the purpose of ensuring that "[a defendant] can go on to develop its products without fear of infringing the invalid patent." *Stickrath*, 2008 WL 2050990, at *4. Various California courts have similarly found that declarations of non-infringement are useful "procedural safeguards for defendants accused of non-infringement," *Eagle Eyes Traffic Indus. USA Holding v. AJP Distribs. Inc.*, No. 2:18-CV-01583-SJO, 2018 WL 4859260, at *3 (C.D. Cal. June 22, 2018), and have analyzed claims of non-infringement based on their purpose. *See, e.g., Avocent Huntsville, LLC v. ZPE Sys., Inc.*, No. 3:17-CV-04319-WHO, 2018 WL 4859527, at *8 (N.D. Cal. July 23, 2018) (dismissing defendant's counterclaim of non-infringement where plaintiff's surviving claim of patent infringement "will necessarily address the content of [] [defendant's] counterclaim"); *Fitness Anywhere LLC v. Woss Enters. LLC*, No. 14-CV-01725-BLF, 2014 WL 4802432, at *3 (N.D. Cal. Sept. 26, 2014) (denying plaintiff's dismissal of the counterclaims as duplicative where they served the purpose of allowing the accused infringer to continue seeking a declaration of non-infringement even should the plaintiff voluntarily dismiss its infringement claims); *Berger v. Seyfarth Shaw, LLP*, No. 07-CV-05279-JSW, 2008 WL 2468478, at *2 (N.D. Cal. June 17, 2008).

Likewise, a counterclaim for invalidity generally has an independent useful purpose. Indeed, "[a] party seeking a declaratory judgment of invalidity presents a claim independent of the

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.

7

patentee's charge of infringement." *Id.* at 96. For example, "declaratory judgment claim[s] for invalidity serves an additional useful purpose of informing the public as to the validity of the patents." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993).

However, in this case PTOT's counterclaims serve no useful purpose since Viavi seeks to dismiss the case with prejudice. Viavi contends that a dismissal under Rule 41(a)(2) with prejudice gives PTOT what it seeks: "a judgment with prejudice in its favor and the ability to seek fees as the prevailing party." Reply in Support of Pl.'s Mot. to Dismiss, ECF No. 203 at 1 (emphasis in original). The Court agrees. PTOT's counterclaims for non-infringement need not serve as a procedural safeguard to protect Defendant from a future suit alleging infringement of the Asserted Patents as to the 11246 Filter—the only accused product—where plaintiff would be precluded from refiling the same claim under a court-ordered entry of judgment of dismissal with prejudice. The effect would be the same whether this Court grants Viavi's dismissal with prejudice or whether the Court grants PTOT's motion for summary judgment of non-infringement as to the 11246 Filter: Viavi could not later accuse PTOT of infringing the Asserted Patents as to the 11246 Filter. Under such circumstances, PTOT's counterclaims for non-infringement are not only duplicative, but they also serve no useful purpose.

Regarding PTOT's claims for invalidity, such claims would normally retain an "additional useful purpose of informing the public as to the validity of the patents." *Cardinal Chem. Co.*, 508 U.S. at 100. However, the circumstances here are unique. PTOT asserts the same counterclaims for invalidity of the Asserted Patents in Viavi's second suit alleging infringement of the same Asserted Patents.[4] *See Viavi Sols., Inc. v. Platinum Optics Tech. Inc.*, No. 21-CV-6655-EJD, ECF No. 1 (N.D. Cal.). Accordingly, PTOT's counterclaims for invalidity will be litigated in the second suit such that PTOT will not be prejudiced by dismissal of its counterclaims in this action.

---

[4] Viavi's second suit alleges violation of the '269, '526, and '995 patents and not the '369 patent. While the '369 patent was asserted in this action, the parties had stipulated to dismiss from this action after PTOT had counterclaimed for invalidity of the '369 patent. Accordingly, infringement of the '369 patent no longer appears to be at issue.

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.

8

1    PTOT asserts no other grounds under which it would suffer prejudice if the Court were to dismiss
2    this action.
3        Accordingly, dismissal of PTOT's counterclaims for declaratory relief are appropriate
4    under these circumstances.

### B. Prevailing Party Under § 285

PTOT requests that any dismissal be conditioned on PTOT being able to seek an attorneys' fee award under § 285. Opp'n at 5–7, 11.

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (emphasis added). In patent actions, whether a litigant is a "prevailing party" is a question of Federal Circuit law. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). The test to determine whether a litigant is a prevailing party is if (1) there is a change in the parties' legal relationship (2) that has the necessary judicial imprimatur to be judicially sanctioned. *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. CV 19-6359-GW-JCX, 2020 WL 7889048, at *3 (C.D. Cal. Nov. 23, 2020), aff'd, 41 F.4th 1372 (Fed. Cir. 2022) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001)).

The Federal Circuit has held that a defendant "prevails" as the result of a Rule 41 dismissal where the dismissal has "sufficient judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties." *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007) (quotations and citations omitted). This includes voluntary dismissals with prejudice. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) ("The dismissal of a claim with prejudice, however, is a judgment on the merits under the law of the Federal Circuit."). Indeed, the Federal Circuit has found that, "as a matter of patent law, the dismissal with prejudice, based on the covenant and granted pursuant to the district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.

9

entertain [the defendant's] fee claim under 35 U.S.C. § 285." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006).

Here, Viavi moves for dismissal with prejudice pursuant to Rule 41(a)(2), in which case PTOT qualifies as a prevailing party under § 285 and therefore may seek attorneys' fees.[5]

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Viavi's motion to dismiss its patent infringement claims against PTOT without adopting Viavi's proposed language of dismissal. Viavi's claims are **DISMISSED with prejudice**. PTOT's counterclaims are **DISMISSED without prejudice**.

PTOT's re-noticed motion for summary judgment of non-infringement at ECF No. 180 is thus **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: May 2, 2023

EDWARD J. DAVILA
United States District Judge

---

[5] The parties' dispute whether a stipulated dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) would be sufficient to deem a party the "prevailing party" under § 285. Since Viavi moves for dismissal under Rule 41(a)(2), the Court need not consider whether a defendant would be the "prevailing party" following a dismissal with prejudice under Rule 41(a)(1)(A)(ii).

Case No.: 5:20-cv-05501-EJD
ORDER GRANTING PL.'S MOT. TO DISMISS; DENYING AS MOOT DEF.'S MOT. FOR SUMM. J.

10