UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>        Defendant. | Case No.   20-cv-05501-EJD<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: ECF No. 218 |

In this patent infringement suit, Defendant Platinum Optics Technology ("PTOT") requests that the Court find this case exceptional under 35 U.S.C. § 285, determine to sanction Plaintiff Viavi Solutions Inc. ("Viavi") and its counsel under 28 U.S.C. § 1927 and the Court's inherent power, and award PTOT $826,654 in attorneys' fees and $8,400 in costs. Motion for Attorneys' Fees ("Motion" or "Mot."), ECF No. 218. The Court heard oral argument on October 26, 2023. ECF No. 234. Having considered the parties' written submissions and oral argument, the Court GRANTS in part the Motion.

**I.    BACKGROUND**

Viavi is a U.S.-based company that designs low angle shift optical filters using hydrogenated silicon for 3D motion sensing. Compl., ECF No. 1 at ¶¶ 3, 5, 8. It holds various patents associated with this technology, including U.S. Patent Nos. 9,354,369 (the "'369 patent"), 9,588,269 (the "'269 patent"), 10,222,526 (the "'526 patent"), and 9,945,995 (the "'995 patent"). *Id.* ¶ 4.

PTOT is a Taiwan-based company. *Id.* ¶ 19. PTOT manufactures optical filters that

employ hydrogenated silicon allegedly using patented technology. *Id.* ¶ 10.

### A. Litigation in China and Taiwan (the "Asia Litigations")

As outlined in this Court's order on Viavi's motion to dismiss, the parties have a history of patent infringement litigation. *See* Order on Viavi's Motion to Dismiss ("MTD Order"), ECF No. 210. Before this action, Viavi filed patent infringement lawsuits in China and Taiwan ("Asia Lawsuits") against PTOT in 2019. Compl. ¶ 11; Mot. 2. The cases involved three optical filters, PTOT's "11246," "TW," and "11694" optical filters. Compl. ¶ 12. The lawsuits were ultimately dissolved and dismissed in April 2020. *Id.* ¶ 11. The settlement agreements provided a release of infringement liability as to certain of Viavi's patents for all worldwide sales of PTOT's products––including the accused PTOT "11246" filter involved in the Asia Litigations (the "11246 Filter")––manufactured or sold prior to May 1, 2020. ECF No. 44-3.

### B. Subsequent Litigation in the United States

Before filing suit in this District, Viavi sent PTOT a letter on July 14, 2020, stating that "[i]t has come to [Viavi's] attention that since May 1, 2020, [PTOT] has manufactured and sold additional low angle shift bandpass filters that utilize Viavi's patented technology" and alleging PTOT of "supplying [] filters to [Company[1]] for incorporation into downstream products sold in the United States." ECF No. 1-9. Viavi contends that this letter "put PTOT on specific notice that the filters at issue were those supplied to [Company] for products sold in the U.S. after May 2020." Viavi's Opposition to PTOT's Motion for Attorneys' Fees ("Opp."), ECF No. 224-4 at 5.

Three weeks after sending the letter, and having received no response from PTOT, Viavi sued PTOT in this Court in August 2020 asserting infringement of the '369 patent, the '269 patent, the '526 patent, and the '995 patent (collectively, the "Asserted Patents").[2] *See generally* Compl. Viavi's Complaint referred to the Asia Litigations: "[t]he Chinese and Taiwanese litigation

---

[1] The Court refers to "Company" throughout this Order to maintain the confidentiality of the third-party company, which has been redacted from the parties' filings.
[2] Viavi voluntarily dismissed its claim asserting the '995 patent on November 6, 2020 (ECF No. 30), and the parties filed a joint stipulation of voluntary dismissal of the '369 patent on March 7, 2022 (ECF No. 152).

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
2

between Viavi and PTOT involved three (3) optical filters (referenced herein as PTOT's '11246,' 'TW' and '11694' optical filters)[.]" *Id.* ¶ 12.

The Complaint alleged generally that, since May 2020, PTOT has supplied optical filters "that utilize Viavi's patented filter designs" for use in "electronic devices that are used, offered for sale, sold, and imported into the United States." *Id.* ¶ 13. On information and belief, Viavi alleged that "PTOT is supplying at least one of its low angle shift optical filters, the PTOT '11246' optical filter or a filter that is not materially different than that [], for incorporation into electronic devices—such as mobile phones and/or tablet devices—that are sold throughout the United States, including this District." *Id.* ¶ 15. Viavi also attached to the Complaint claim charts comparing the Asserted Patents to the "PTOT '11246' Optical Filter"—one of the filters subject to the Asia Lawsuits and the subsequent settlement agreement. Compl., Ex. 10, ECF No. 1-10. The Complaint did not attach any other claim charts.

On November 9, 2020, PTOT filed an Answer denying infringement and asserting that "Viavi's claims for relief are barred in part by licenses granted by Viavi to PTOT or by the doctrine of patent exhaustion." PTOT's Answer to Complaint, Affirmative Defenses, and Counterclaims, ECF No. 32 at 16–17.

On December 3, 2020, Viavi served its infringement contentions and described the accused products as "low angle shift optical filters that are components for image sensors and optical lenses" that were "supplied and sold" by PTOT since May 1, 2020. Viavi's Infringement Contentions ("IFC"), ECF No. 44-7 at 2. Viavi explained that "[u]pon information and belief, PTOT's '11246' optical filter or one or more filters substantially similar thereto" would fall within this scope of what is an accused product. *Id.* To support its contentions, Viavi attached claim charts again comparing the Asserted Patents to the 11246 Filter. *Id.*, Exs. A–C. Viavi did not chart any other accused product. Viavi contends that its infringement contentions detailed its infringement theories "and used the 11246 filter, which matched [Company's] specifications, as an example of how the claims read onto the PTOT filter." Opp. 6. Put differently, Viavi's infringement contentions "accuse[d] by description," rather than accusing specific products, and

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
3

its infringement contentions were "not limited to the one chart" comparing the Asserted Patents to the 11246 Filter. *See* 4/26/2022 Hearing Tr., ECF No. 216 at 11:1-14.

Viavi served discovery on the same day requesting information about other filters beyond the 11246 Filters. *See* Viavi's Interrogatories to PTOT, ECF No. 61-5 at 2 (defining "Accused Filter" to include "any optical filter comprising at least two layers of Hydrogenated Silicon manufactured by PTOT").

On January 20, 2021, PTOT filed a motion for summary judgment on the grounds that the only product identified in Viavi's infringement contentions—the 11246 Filter—was licensed in the Asia Litigations, and the 11246 Filter had not been manufactured or sold since the settlement of those lawsuits on May 1, 2020. PTOT's Motion for Summary Judgment ("MSJ"), ECF No. 45 at 2. In support of the motion, PTOT filed a declaration under oath confirming that (1) PTOT did not design the 11246 Filter for inclusion in any mobile devices or tablets made by Company, and (2) PTOT had not manufactured or sold the 11246 Filters since May 2020. Wu Declaration in Support of PTOT's Motion for Summary Judgment ("Wu Declaration"), ECF No. 44-13 at 4. Viavi opposed the motion and argued that the infringement contentions were "not limited to" the 11246 Filter, but include other, similar filters, the names of which were not available to Viavi. Viavi's Opposition to MSJ ("MSJ Opp."), ECF No. 59 at 1.

On May 11, 2021, the Court stayed the case pending final resolution of the *inter partes* review ("IPR") proceedings that PTOT filed before the Patent Trials and Appeals Board challenging all but one of the asserted claims from the Asserted Patents. ECF No. 95.

In July 2021—approximately five months after Viavi had served its infringement contentions on PTOT, exclusive of the time the case was stayed—Viavi allegedly discovered an infringing filter ("Filter #25") believed to be PTOT's in a mobile phone sold by Company that Viavi had purchased in Colorado. MTD Order 3; Opp. 8. Viavi moved to amend its infringement contentions on August 27, 2021 to include Filter #25 as an accused filter. Viavi's Motion to Amend, ECF No. 104. On September 20, 2021, the Court administratively terminated PTOT's motion for summary judgment and vacated the hearing subject to renewal after Judge van Keulen

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
4

1  ruled on Viavi's motion to amend.  ECF No. 111.

2       On August 21, 2021, while the initial lawsuit was stayed pending IPR proceedings, Viavi
3  filed a second lawsuit against PTOT in this Court asserting infringement of the Asserted Patents as
4  to other optical filters that PTOT allegedly provides to Company.  *See Viavi Sols., Inc. v. Platinum*
5  *Optics Tech. Inc.*, No. 21-cv-6655-EJD, ECF No. 1 (N.D. Cal.).  Viavi brought the second lawsuit
6  asserting the same patents "to ensure that its proposed amended contentions could proceed,
7  whether as amended contentions in this action or initial contentions in the second action."  Order
8  Denying Viavi's Motion to Amend ("Mot. to Amend Order"), ECF No. 168 at 4.

9       The Court lifted the stay on March 7, 2022.  ECF No. 153.  On June 10, 2022, Judge van
10  Keulen denied Viavi's motion to amend its infringement contentions.  Mot. to Amend Order 1.  In
11  so holding, the Court found that "Filter #25 is an entirely different product than the 11246 Filter,
12  which has been the focus of the case up until this time."  *Id.* at 10.  The denial was based on the
13  Court's findings that Viavi was not sufficiently diligent in discovering a basis for the proposed
14  amendments and that amendment would unduly prejudice PTOT.  *Id.* at 6–11.

15       On September 12, 2022, PTOT re-noticed its motion for summary judgment asserting that
16  Viavi could not sustain its infringement claims as to the 11246 Filter.  ECF No. 180.  Before the
17  Court ruled on PTOT's re-noticed motion for summary judgment, Viavi moved to voluntarily
18  dismiss the case on September 12, 2022, after the parties were unable to agree to a stipulated
19  dismissal.  *See* ECF No. 193.

20       On May 2, 2023, this Court granted Viavi's motion to dismiss, dismissing Viavi's claims
21  with prejudice and dismissing PTOT's counterclaims without prejudice.  MTD Order 10.  The
22  Order also denied as moot PTOT's re-noticed motion for summary judgment.  *Id.*

23       PTOT filed the Motion for Attorneys' Fees now before the Court on June 16, 2023,
24  seeking $826,654 in attorneys' fees and $8,400 in costs.  Viavi filed an opposition to the motion
25  on July 31, 2023, and PTOT filed a reply on August 14, 2023 (PTOT's Reply in Support of
26  Motion for Attorneys' Fees ("Reply"), ECF No. 228).  On October 23, 2023, PTOT filed a
27  statement of recent decision notifying the Court regarding an update in a pending appeal

28  Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
5

concerning one of international litigations. ECF No. 233. The Court heard oral argument on October 26, 2023. ECF No. 234.

## II. LEGAL STANDARD

### A. 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts consider "the totality of the circumstances" when deciding whether a case is "exceptional." *Id.* In making the determination, courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quotation marks and citation omitted). Under this test, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555.

Courts do not award attorneys' fees as "a penalty for failure to win a patent infringement suit." *Id.* at 548 (quotation marks and citation omitted). "The legislative purpose behind § 285 is to prevent a party from suffering a 'gross injustice,'" not to punish a party for losing. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017); *see also Vasudevan Software, Inc. v. Microstrategy, Inc.*, No. 11-cv-06637-RS, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015) ("[O]ther courts in this district have suggested that merely taking an aggressive stance while positing stretched or unsuccessful infringement theories does not, without more, warrant fee-shifting."); *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-2590-CW, 2014 WL 6068384, at *8 (N.D. Cal. Nov. 13, 2014) (finding "frivolous arguments" and other missteps, only some of which were inadvertent, too minor to justify a fee award); *Kreative Power, LLC v. Monoprice, Inc.*, No. 14-cv-02991-SI, 2015 WL 1967289, at *5 (N.D. Cal. Apr. 30, 2015). An

exceptional case determination must find support in a "preponderance of evidence." *Octane Fitness*, 572 U.S. at 557–58.

## B.   28 U.S.C. § 1927

"An award of fees under Section 1927 'must be supported by a finding of subjective bad faith.'" *Nelson v. SeaWorld Parks and Entertainment, Inc.*, No. 15-CV-02172-JSW, 2021 WL 8134398, at *2 (N.D. Cal. July 9, 2021), *aff'd sub nom. Morizur v. SeaWorld Parks & Ent., Inc.*, No. 21-16495, 2022 WL 15761398 (9th Cir. Oct. 28, 2022). A court may find bad faith "when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* "Similarly, 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose[,]' a court has the inherent power to impose attorneys' fees as a sanction." *Id.*

## III.   DISCUSSION

PTOT contends this case is exceptional under 35 U.S.C. § 285 and asks the Court to award PTOT $826,654 in attorneys' fees and $8,400 in costs. Mot. 25. PTOT also asks the Court to sanction Viavi and its counsel under 28 U.S.C. § 1927 and the Court's inherent power. *Id.*

### A.   Whether the Case Is Exceptional Under 35 U.S.C. § 285

In granting Viavi's motion to dismiss, the Court found that PTOT is the prevailing party and may seek fees. MTD Order 10. The parties do not dispute that PTOT is the prevailing party in this action. Thus, the Court considers whether this case is exceptional under 35 U.S.C. § 285 based on the strength of PTOT's litigating position or the manner in which it was litigated.

#### 1.   Viavi's Pre-Suit Investigation

PTOT first contends that Viavi's infringement claims were "baseless from the outset" because Viavi did not conduct any pre-filing investigation. Mot. 9. PTOT argues that the "full extent" of Viavi's pre-filing inquiry was to send a letter to PTOT based on a rumor it heard from unspecific sources in Asia. *Id.* Viavi responds that its pre-filing investigation consisted of much more, including because prior to filing suit, Viavi: (1) knew the settlement agreements from the

Asia Litigations provided PTOT a limited license for its past infringement, (2) learned from "sources in Asia" that PTOT was selling its filters to Company for incorporation into mobile devices in the United States, (3) knew the filters must be a specific, specialized filter designed to meet Company's strict technical requirements, (4) understood Company expected all filters incorporated into its mobile devices to "perform identically, regardless of supplier," and (5) together with its counsel, analyzed a PTOT-manufactured filter (the 11246 Filter) that met Company's strict technical requirements to confirm it infringed the Asserted Patents. Opp. 12. While it "may have identified the wrong product name or number," Viavi maintains that it had a good faith belief that PTOT "was selling unlicensed, infringing filters to [Company] after May 1, 2020, for incorporation into [Company] mobile devices that were being sold in the U.S." Opp. 13. In other words, Viavi contends that it was reasonable to describe the type of filters it was accusing ("low angle shift optical filters . . . for incorporation into electronic devices . . . sold throughout the United States") and rely on one filter as exemplary to accuse these different, yet-to-be identified filters under the circumstances. Compl. ¶ 15.

The Court finds that Viavi's pre-suit investigation fell short of what is required before filing a patent infringement suit. Viavi was required to "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Viavi argues that it "analyzed" "the 11246 filter," and "determined it infringed the Asserted Patents." Opp. 12. This scrutiny of the 11246 Filter, Viavi claims, coupled with its knowledge related to Company's strict technical requirements for inclusion of filters in its products and information learned from industry sources, demonstrates that Viavi's pre-filing investigation was adequate. *Id.*

The Court is not convinced. Viavi based its infringement theories on one identifiable product: the 11246 Filter—a filter expressly licensed under the settlement agreements in Asia. Compl. ¶ 15. Indeed, Viavi identified the 11246 Filter in the Complaint, attached claim charts to the Complaint comparing the Asserted Patents to only the 11246 Filter, and identified the 11246

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
8

1   Filter in its infringement contentions.  But Viavi's only basis for believing that PTOT was selling

2   products (the 11246 Filter or otherwise) outside of the scope of what was expressly released

3   pursuant to the parties' settlement agreements was what it "learned from sources in Asia."

4   Opp. 12.

5          The Complaint accused PTOT of supplying the 11246 Filter, and other filters like it, "for

6   incorporation into electronic devices" "that are sold throughout the United States."  Compl. ¶ 15.

7   At the time it filed suit however, Viavi lacked evidence that (1) the *11246 Filter* was incorporated

8   in electronic devices sold in the United States, (2) that *any other PTOT filter* was incorporated in

9   electronic devices sold in the United States, and (3) the Company's technical specifications (which

10  PTOT's filters allegedly met) practice any claim of the Asserted Patents.  Without more than a

11  "reasonable belief," Viavi's contention that meeting Company's specification necessarily shows

12  infringement is speculative.  *See* Opp. 14.  Even if the 11246 Filter met Company's technical

13  specifications and showed infringement, Viavi still had no evidence the 11246 Filter was

14  incorporated into Company's mobile devices that are sold in the United States.  Instead, it was

15  relying on its sources to supply that information.  Reliance on rumor to form the foundation of

16  Viavi's infringement theory was insufficient.  Viavi contends that the rumors proved accurate, but

17  that does not demonstrate that Viavi's pre-suit investigation was adequate.  Nor does it change

18  what Viavi was required to do before filing suit.  Viavi provides no persuasive reason why it could

19  not have investigated and confirmed the truth of the rumor *prior* to filing suit.  While Viavi

20  contends that PTOT's "infringing filters were incorporated into [Company] devices that were

21  already on sale and in the U.S. when Viavi filed its Complaint," it remains unclear why Viavi

22  could not obtain and inspect a mobile device as it had in other litigations.  Viavi acknowledges

23  that it reverse-engineered "the [11246] filter that it reasonably believed met [Company's] technical

24  requirements."  Opp. 14; *see also* ECF No. 61-3 ("Viavi has reverse-engineered many competitive

25  filters during its enforcement campaign").  And more importantly, Viavi acknowledged that it

26  could have "hunted and searched" for Filter #25 (or other filters) earlier.  4/26/2022 Hearing Tr.,

27  ECF No. 216 at 17:9-13.  Viavi should have investigated further before filing suit.  *Yufa v. TSI*

28  Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
9

*Inc.*, 2014 WL 4071902, at *3 (N.D. Cal. Aug. 14, 2014) (finding pre-suit investigation inadequate where plaintiff "filed [the] action without purchasing or testing any of [the] accused products to determine if they infringed").

Viavi's failure to produce evidence that it conducted any investigation to ascertain whether the 11246 Filter or another allegedly infringing PTOT filter had entered the stream of commerce in the United States before suing demonstrates an inadequate pre-filing investigation. This weighs in favor of finding exceptionality. *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017) (finding no error "in treating pre-suit diligence as a factor in the totality-of-the-circumstance approach").

### 2. Viavi's Reliance on the 11246 Filter

Next, PTOT argues that Viavi's reliance on the 11246 Filter—a product Viavi had licensed to PTOT in connection with the Asia Litigations—to assert infringement underscores the unreasonableness of its claims. Mot. 12. Viavi counters that, because sales *after* May 1, 2020, are excluded from the parties' settlement agreements, and its allegations "consistently have been limited to sales *after* May 1, 2020," Viavi has not accused any licensed products. Opp. 16.

Reviewing the Complaint, the pre-filing letter attached to Complaint, and Viavi's infringement contentions, Viavi did repeatedly represent that it was alleging only infringement of sales after May 1, 2020. Compl. ¶ 13 ("On information and belief, since the resolution of the earlier lawsuits (on or about May 1, 2020), PTOT has manufactured and sold optical filters that utilize Viavi's patented filter designs."), *see also id.* ¶¶ 32, 39, 46, 53; *see also* Compl., Ex. 9. Counsel also stated at the hearing on its motion to amend that Viavi's allegations deliberately carved out licensed filters. *See* 4/26/2022 Hearing Tr., ECF No. 216 at 46:18–21 ("No matter what they are called, we are not accusing any filter sold before May 1st, 2020, only post-settlement date"). But this is at odds with the claim chart Viavi attached to its Complaint, which compares the 11246 Filter (sold by PTOT to Viavi's agent in China *prior* to May 1, 2020, and expressly within the scope of the license) to the Asserted Patents. Compl., Ex. 10, ECF No. 1-10; ECF No. 45-7 at 21 (invoice from sale of 11246 Filter dated Sept. 10, 2018). Viavi's Complaint

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
10

explains that it is alleging "the '11246' Filter" "*or* a filter that is not materially different than that." Compl. ¶ 15 (emphasis added). As explained above, Viavi presented no evidence that the 11246 Filter was being sold post-May 1, 2020, such that those sales would fall outside the scope of the license agreement.

To the extent Viavi relied on the expressly licensed 11246 Filter to assert infringement, doing so was unreasonable. To the extent Viavi relied on filters "not materially different" from the expressly licensed 11246 Filter, that, too, was insufficient for the reasons explained above. Namely, that Viavi had not identified any allegedly infringing PTOT filter in any device in the United States prior to filing suit.

### 3. Viavi's Manner of Litigation

Turning to Viavi's litigation strategy, PTOT contends that Viavi's post-filing conduct "was equally exceptional" because PTOT "spelled out plainly for Viavi that its case was meritless due to Viavi's failure to locate and analyze a PTOT filter in the United States." Mot. 13.

#### a. January 20, 2021 Declaration

PTOT faults Viavi for refusing to dismiss the case after PTOT filed its motion for summary judgment on January 20, 2021. Mot. 13. At that time, PTOT told Viavi "that it had accused a licensed product and was seeking improperly to expand the case to cover filters Viavi had never seen, had not shown were in [Company's] products in the United States, and had not analyzed for infringement as required by the Patent Local Rules." Mot. 4.

In support of its motion for summary judgment, PTOT submitted the Wu Declaration stating that it "has not manufactured or sold any [11246] filters since May 2020." Wu Declaration 4. Viavi argues that it indeed stopped pursing the 11246 Filter when it learned this information and did not challenge the declaration. *See* 10/26/2023 Hearing Tr. at 28:13–14, ECF No. 236. Faced with summary judgment, Viavi argues that it "teed up" an issue regarding the scope of its infringement contentions and whether it was "entitled to discovery on products that were substantially similar in the design to the 11246 [filter]"—a position Viavi contends was supported by case law from this District. *Id.* at 28:21-25. But during the hearing on Viavi's

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
11

1    motion to amend over a year after PTOT filed for summary judgment, counsel told the Court that

2    it was keeping the claim charts based on the 11246 Filter in the infringement contentions as "belt

3    and suspenders." 4/26/2022 Hearing Tr. at 45:11–18. Even with the benefit of the Wu

4    Declaration stating the opposite, Viavi explained it would drop its claims related to the 11246

5    Filter if discovery revealed that PTOT is no longer making the 11246 Filter. *See id.* at 45:11–22;

6    *see also* Mot. to Amend Order 6, n. 2.

7          The record demonstrates that Viavi tried to keep its claims against the 11246 Filter in the

8    case despite the Wu Declaration. When PTOT explained that it had stopped selling the 11246

9    Filter, Viavi should have, at a minimum, abandoned all claims with respect to that filter. Any

10   claims against the 11246 Filter after receiving the declaration were "clearly untenable." *Location*

11   *Based Servs., LLC v. Niantic, Inc.*, No. 17-CV-04413-NC, 2018 WL 7569160, at *1 (N.D. Cal.

12   Feb. 16, 2018) ("As to the substantive strength (or weakness) of a party's litigation position,

13   courts in this district tend to award fees when a plaintiff persists with a clearly untenable claim, or

14   adduces no evidence in support of its position."). Viavi failed to drop claims against the 11246

15   Filter "amidst [the Wu Declaration] that would prove fatal" to those claims. *Bayer CropScience*,

16   851 F.3d at 1307 (affirming exceptionality finding where plaintiff sought injunction even after

17   testimony "that debunked [plaintiff's] claims"); *see also Smart Wearable Techs. Inc. v. Fitbit Inc.*,

18   No. 17-CV-05068-VC, 2018 WL 3201751, at *1 (N.D. Cal. June 27, 2018) (awarding attorneys'

19   fees where plaintiff "continued to assert infringement theories that were outside the scope of its

20   contentions and unsupported by any real evidence" following summary judgment).

21         This supports a finding of exceptionality.

### b.    Discovery Process

23         PTOT contends that Viavi misused the discovery process by accusing one product "to

24   obtain discovery about other unidentified products." *Id.* On this issue, the parties submitted a

25   Joint Discovery Letter Brief on February 24, 2021. ECF No. 61-3 ("Letter Brief"). Judge van

26   Keulen denied without prejudice Viavi's request for discovery in light of the pending motion for

27   summary judgment. ECF No. 64. But whether Viavi was entitled to discovery beyond the scope

28   Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
12

of the 11246 Filter was never resolved because the Court denied as moot PTOT's motion for summary judgment. *See* ECF No. 210.

The Court finds Viavi's position on whether it was entitled to discovery beyond the 11246 Filter weak. Patent Local Rule 3-1(b) requires plaintiffs asserting patent infringement to identify "each accused apparatus, product, device, process, method, act, or other instrumentality … of which the party is aware." This identification must be "as specific as possible." *Id.* Plaintiffs asserting infringement are also required to produce a "chart identifying specifically where and how each limitation of each asserted claim is found within each" accused product. *Id.* at (c). The Rule permits narrow exceptions to this specific identification requirement "if the plaintiff does not know of the allegedly infringing product when it serves its infringement contentions and could not have discovered the product absent discovery." *See Kelora Sys., LLC v. Target Corp.*, No. 11-1548-CW-LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011). In such circumstances, the plaintiff nevertheless must "articulate how the [unknown] accused products share the same, or substantially the same, infringing [structure]" with a named product. *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. 11-cv-6239-MMC-DMR, 2012 WL 6184394, at *3 (N.D. Cal. Dec. 11, 2012) (finding adequate disclosure where patentee identified "the allegedly infringing products with a narrow categorical definition which articulates how all accused products share the same allegedly infringing structure"); *Silicon Labs. Inc. v. Cresta Tech. Corp.*, 2015 WL 846679, at *2 (N.D. Cal. Feb. 25, 2015) ("in order to rely on a claim that one accused product represents another for purposes of Rule 3–1(c), a patentee must do more than state as much. A patentee must state *how*") (emphasis in original). Simply asserting that a product "operate[s] in substantially the same manner" as another accused product does not satisfy Rule 3–1(c). *Williamson v. Google LLC*, No. 15-CV-00966-BLF, 2018 WL 11414612, at *3 (N.D. Cal. Oct. 1, 2018) (finding infringement contentions insufficiently disclosed infringement theory where contentions "lone mention of [product], in a parenthetical within [] footnote," failed "to explain *how* [product] shares the same critical characteristics as the other accused products") (emphasis in original).

Here, Viavi's infringement contentions charted one product: the 11246 Filter. The

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
13

contentions also stated Viavi's belief that "PTOT's '11246' optical filter *or one or more filters substantially similar thereto* is included in [Company's] mobile phones." ECF No. 45-5 at 2.  But Viavi articulated no support in its contentions for this position.  Viavi thus failed "to explain *how* [the other filters] share[] the same critical characteristics as the [11246 Filter]." *Williamson*, 2018 WL 11414612, at *3.

More importantly, by January 20, 2021, Viavi was on notice that PTOT had not manufactured or sold any 11246 Filters since May 2020.  So it was objectively unreasonable, at a minimum after that date, for Viavi to maintain its contentions as to filters *substantially similar* to the 11246 Filter—a filter that was no longer at issue.

Thus, the Court finds Viavi's discovery strategy after January 20, 2021 weighs in favor of finding exceptionality.  *Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374 (Fed. Cir. 2015) (vacating failure to award fees when district court detailed plaintiff's discovery strategy which included filing motions which were "seriously contradictory and unreasonable").

\* \* \*

Evaluating the totality of the circumstances, the Court finds that this case is exceptional in certain respects, and PTOT should be awarded some of its fees.  Viavi's pre-suit theory of infringement—the foundation of which rested on an admitted rumor—was attenuated and unsupported.  Viavi should have preliminarily conducted a more fulsome investigation.  That said, Viavi had a weak, but not objectively baseless, belief that it could accuse the filters it did by description as compared to the 11246 Filter and later supplement its contentions through information revealed in discovery.

But when Viavi received PTOT's declaration in support of its motion for summary judgment conclusively shutting the door on its infringement claims as to the 11246 Filter, Viavi should have recognized its claims against the 11246 Filter were clearly untenable and dropped them.  Instead, Viavi refused to drop the 11246 Filter from the case until further discovery confirmed what was already stated in the Wu Declaration.  Doing so unnecessarily prolonged this litigation and caused PTOT to expend unnecessary fees.  *In re PersonalWeb Techs. LLC*, 85 F.4th

1148, 1159 (Fed. Cir. 2023) (affirming district court's award of fees where party "unnecessarily prolonged the action" by refusing to stipulate to non-infringement despite adverse claim construction). Viavi's reasonable course of action would have been to stipulate to non-infringement of the 11246 Filter immediately after receiving the Wu Declaration. Without the 11246 Filter in the case, Viavi was left with only claims against a category of uncharted filters accused by comparison to the 11246 Filter. It was objectively unreasonable for Viavi to maintain its claims beyond this point in the case.

Viavi "may have filed a weak infringement lawsuit," but the claims against the 11246 Filter, and the filters accused by comparison to the 11246 Filter, "became baseless after the [the Wu Declaration]." *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360 (Fed. Cir. 2017).

Accordingly, the Court finds it appropriate to award some of PTOT's attorneys' fees incurred from January 20, 2021.

### B. Whether Sanctions Are Warranted Under 28 U.S.C. § 1927

PTOT also requests that the Court sanction Viavi and its counsel under 28 U.S.C. § 1927. Mot. 16. "An award of fees under Section 1927 'must be supported by a finding of subjective bad faith.'" *Nelson*, 2021 WL 8134398, at *2. A court may find bad faith "when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* "Similarly, 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose[,]' a court has the inherent power to impose attorneys' fees as a sanction." *Id.*

The Court is not convinced that Viavi's counsel's conduct has risen to the level of misconduct required under § 1927. Although weak and ultimately unsuccessful, Viavi's positions were not knowingly reckless. The Court does not find that Viavi or its counsel acted with "subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."). Under Ninth Circuit law, "bad faith is present when an attorney knowingly or recklessly

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
15

1  raises a frivolous argument or argues a meritorious claim for the purpose of harassing an
2  opponent." *Id.*

3  As discussed above, Viavi's pre-suit investigation was inadequate and its position
4  regarding the scope of its infringement contentions was weak and perhaps inappropriate to
5  continue. However disappointing the conduct, the Court will not find that Viavi's counsel
6  knowingly or recklessly raised a frivolous argument or argued a meritorious claim for the purpose
7  of harassing an opponent.

8  Accordingly, the Court declines to find sanctions warranted under either § 1927 or the
9  Court's inherent power. *Blixseth*, 796 F.3d at 1007.

**C.     Costs**

PTOT seeks non-taxable expenses totaling $8,400 for expert witness fees incurred as part of PTOT's opposition to Viavi's motion to amend. Viavi argues that the Court should not award costs because "[t]here is no evidence of record that demonstrates Viavi sought to deceive PTOT (through its pre-filing investigation or discovery conduct) or litigate in bad faith." Opp. 24.

"Section 285 allows a district court to award attorney's fees for exceptional conduct, but the statute has been read to exclude expert witness fees." *Finjan, Inc. v. Juniper Networks, Inc.*, No. 17-cv-05659 WHA, 2021 WL 3140716, at *3 (N.D. Cal. July 26, 2021) (citing *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377 (Fed. Cir. 1994)). Expert fees, however, can be awarded as sanctions pursuant to Section 1927 or a court's inherent powers. *Id.* "Not every case qualifying as exceptional under Section 285 will also qualify for sanctions pursuant to Section 1927 or the court's inherent power." *Id.* To justify an award of sanctions, a district court must assess whether a particular case goes sufficiently beyond exceptional within the meaning of Section 285. *Id.*

Here, PTOT retained an expert to respond to "newfound technical arguments" to refute Viavi's "new infringement theory" based on Filter #25. Mot. 24. Use of the court's inherent authority to impose sanctions "is reserved for cases where the district court makes a finding of fraud or bad faith whereby the very temple of justice has been defiled." *MarcTec, LLC v. Johnson*

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
16

*& Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012) (quotations omitted).  As PTOT has not established fraud or the requisite bad faith, the court "enjoys no discretion to employ inherent powers to impose sanctions" in the form of PTOT's expert witness fees.  *See Amsted*, 23 F.3d at 378.

## IV.   AMOUNT OF FEES

PTOT submitted a declaration in support of its requested amount of fees and costs. Declaration of David S. Bloch in Support of PTOT's Motion for Attorney Fees and Costs, ECF No. 218-1.  Viavi challenges the reasonableness of the requested fees.  Opp. 24.

As set forth below, the Court requests that PTOT submit its billing records for fees, and the Court will determine the reasonableness of the requested fees separately.

## V.   CONCLUSION

For the foregoing reasons,

- PTOT's Motion for Attorney Fees and Costs is GRANTED IN PART.
- The Court will determine the reasonableness of the requested fees separately. Within four weeks of this Order, PTOT is ordered to submit billing records for fees requested following January 20, 2021, including any request for fees associated with the preparation of this Motion.  The Court will permit PTOT to redact the limited portions of billings entries PTOT contends contain privileged information, but PTOT must lodge an unredacted version with the Court.  The submission should be organized in a chart informing the Court of the timekeepers and number of hours applicable to each category.  The Court provides the below chart as an example but defers to PTOT on the format of its submission.

| Date | Hours Billed | Timekeeper | Billing Entry Description | Category |
|---|---|---|---|---|
| [Date] | [Hours] | [Name] | [Description] | [*e.g.*, Opposition to Motion to Dismiss] |

- Viavi may file a supplemental brief, not to exceed eight pages, to address the reasonableness of the fees set forth in PTOT's billing records within three weeks of

Case No.: 20-cv-05501-EJD
ORDER GRANTING IN PART MOT. FOR ATTYS' FEES
17

PTOT's submission.

- PTOT may file a five-page reply within one week of Viavi's submission.

**IT IS SO ORDERED.**

Dated: March 19, 2024

_____
EDWARD J. DAVILA
United States District Judge