UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>        Defendant. | Case No. 20-cv-05501-EJD<br><br>**ORDER REGARDING ATTORNEYS' FEES**<br><br>Re: ECF No. 239 |

      Previously, the Court granted in part Defendant Platinum Optics Technology Inc.'s ("PTOT") Motion for Attorneys' Fees. Order Granting in Part Fee Motion ("Fees Order"), ECF No. 238. In the Fees Order, the Court found that this case is exceptional in certain respects, and PTOT should be awarded some of its fees incurred following January 20, 2021. The Court reserved the question of reasonableness of PTOT's requested fees and ordered PTOT to submit billing records. *See* Fees Order 17.

      In its prior motion, PTOT requested attorney fees totaling $826,654 and costs of $8,400. PTOT Motion for Attorney Fees and Costs ("Mot."), ECF 218 at 25. Following the Court's Fees Order, PTOT submitted a memorandum regarding the billing records of the fees requested in addition to a summary of the requested fees and a supporting declaration. PTOT's Mem. re Billing Records ("Billing Mem."), ECF No. 239; Declaration of David S. Bloch in Support of Billing Mem., ECF No. 239-1. PTOT's updated fee request totals $970,665. Plaintiff Viavi Solutions Inc. challenges the reasonableness of PTOT's request. Viavi's Opposition to Billing Mem. ("Opp."), ECF No. 243.

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES

1

For the following reasons, the Court will award some of PTOT's requested fees.

## I.   BACKGROUND

The Court set forth a detailed factual background in its Fees Order and will briefly restate relevant facts for context. Fees Order 1–6. This case concerns patents related to low angle shift optical filters. Viavi and PTOT were involved in litigation in China and Taiwan (the "Asia Litigations") prior to Viavi initiating the present suit. On January 20, 2021, PTOT filed a motion for summary judgment on the grounds that the only product identified in Viavi's infringement contentions—the 11246 Filter—was licensed in the Asia Litigations, and the 11246 Filter had not been manufactured or sold since the settlement of those lawsuits on May 1, 2020. In support of the motion, PTOT filed a declaration under oath (the "Wu Declaration") confirming that (1) PTOT did not design the 11246 Filter for inclusion in any mobile devices or tablets made by Company[1], and (2) PTOT had not manufactured or sold the 11246 Filters since May 2020.

On August 21, 2021, while the present lawsuit was stayed pending *inter partes* review ("IPR") proceedings, Viavi filed a second lawsuit against PTOT in this Court asserting infringement of the same asserted patents as to other optical filters. *See Viavi Sols., Inc. v. Platinum Optics Tech. Inc.*, No. 21-cv-6655-EJD, ECF No. 1 (N.D. Cal.) ("-6655 Action"). Viavi brought the second lawsuit asserting the same patents "to ensure that its proposed amended contentions could proceed, whether as amended contentions in this action or initial contentions in the second action." Order Denying Viavi's Motion to Amend, ECF No. 168 at 4.

In the Fee Order, the Court determined that following receipt of the Wu Declaration, which demonstrated that claims against the 11246 Filter were clearly untenable, Viavi's failure to dismiss the case unnecessarily prolonged this litigation and caused PTOT to expend unnecessary fees. Accordingly, the Court determined that this case was exceptional in certain respects under 35 U.S.C. § 285 and granted in part PTOT's motion for attorneys' fees from January 20, 2021— the date Viavi received the Wu Declaration. The Court also ordered PTOT to submit billing

---

[1] As in past orders, the Court refers to the relevant third-party here as "Company."

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
2

records for the requested fees, which the Court evaluates in this Order.

## II. LEGAL STANDARD

### A. Exceptional Case Status

In patent infringement actions, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; *see Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). Supreme Court precedent determining the reasonableness of fees applies uniformly to all federal fee-shifting statutes permitting the award of reasonable fees, such as § 285. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Furthermore, courts "apply Federal Circuit law to the issue of attorney fees in patent infringement cases." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004). District courts have "'considerable discretion' in determining the amount of reasonable attorney fees under § 285" because of "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Homeland Housewares, LLC v. Sorensen Rsch.*, 581 Fed. Appx. 887, 881 (Fed. Cir. 2014) (quoting *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012)) (internal quotation marks omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Court has already determined that this case is exceptional, meriting an award of some attorneys' fees. Viavi urges this Court to apply a "but for" standard under which fees are "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." Opp. 2 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017)). PTOT does not dispute a "but for" standard is correct but responds that all fees incurred after January 20, 2021 were only incurred "but for" Viavi's decision to keep the litigation going. PTOT Reply in Support of Billing Memorandum ("Reply"), ECF No. 244 at 2. Both parties agree *Fox v. Vice*, 563 U.S. 826 (2011) governs. In *Fox*, the Supreme Court held that when a plaintiff asserts both frivolous and non-frivolous claims, the defendant may recover only the amount incurred because of the frivolous claims. *Id.* at 826. In such cases, fees are determined according to "whether the fees requested would not have

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES

3

accrued but for the" misconduct. *Id.* at 839–40; *see also Goodyear*, 581 U.S. at 108 ("the court can shift only those attorney's fees incurred because of the misconduct at issue"). An award that "extends further than that—to fees that would have been incurred without the misconduct—then . . . crosses the boundary from compensation to punishment." *Id.* The Federal Circuit has explained that fees awarded under § 285 are "compensatory, not punitive" and "[i]n such a statutory sanction regime, a fee award may go no further than to redress the wronged party for losses sustained." *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1279 (Fed. Cir. 2018) (quoting *Goodyear*, 581 U.S. at 108) (internal marks omitted). "Critically, the amount of the award must bear some relation to the extent of the misconduct." *Id.*

### B.     Reasonableness of Fees

In examining the reasonableness of fees and in applying the "but for" standard, the mechanics of the determination "does not require a tedious, line-by-line investigation of the hours . . . expended." *Rembrandt*, 889 F.3d at 1280. *Goodyear* details this Court's task:

> This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment. The court's fundamental job is to determine whether a given legal fee-say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct. The award is then the sum total of the fees that, except for the misbehavior, would not have accrued. But as we stressed in Fox, trial courts undertaking that task need not, and indeed should not, become green-eyeshade accountants . . . . The essential goal in fee shifting is to do rough justice, not to achieve auditing perfection. Accordingly, a district court may take into account its overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Goodyear*, 581 U.S. at 110 (cleaned up); *see also Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15-CV-01879-BEN-BLM, 2020 WL 5645331, at *5 (S.D. Cal. Sept. 22, 2020) (applying the *Goodyear* standard in the § 285 context).

For guidance on the reasonableness of fees so that this Court may do "rough justice," it still looks to the lodestar amount, which is presumptively reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1161 (9th Cir.

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
4

2018); *see also Flowerider Sur*, 2020 WL 5645331, at *4–6 (applying both the "but for" standard and the lodestar method). The lodestar calculation requires examination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* (citing *Hensley*, 461 U.S. at 433).

The reasonable hourly rate is determined by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stetson*, 465 U.S. 886, 895 n.11 (1984)). The relevant community is typically the forum in which the district court sits; in this case, the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The prevailing market rate is guided by attorney affidavits as well as "decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience." *Trujillo v. Orozco*, No. 17-CV-00566-EJD, 2018 WL 1142311, at *2 (N.D. Cal. Mar. 2, 2018); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The number of hours is based only on the amount of time "reasonably expended on the litigation" and excludes "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433–34. The moving party bears the initial burden of providing relevant documentation. *Id.* at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* Furthermore, while the lodestar amount provides guidance, "[t]here is no precise rule or formula for making these determinations." *Id.* at 436. A court "necessarily has discretion in making this equitable judgment." *Id.* at 437. As such, as part of its assessment of the reasonable hours, the Court considers "whether a given legal fee . . . would or would not have been incurred in the absence of the sanctioned conduct." *Flowerider Sur*, 2020 WL 5645331, at *5.

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
5

### III. DISCUSSION

In its original motion for fees, PTOT requested attorney fees totaling $826,654 and costs of $8,400. Mot. 25. PTOT's updated request seeks a total of $970,665. In evaluating PTOT's requested fees, the Court organizes its analysis using the same categories used by Viavi to challenge the fees. Before reaching the challenged categories of fees, the Court first addresses the reasonableness of rates.

#### A. Reasonable Hourly Rate

Reasonable hourly rates for determining the lodestar figure are the "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895; *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008) (holding that "to determine an award of attorneys' fees, a court in general should use the forum rate in the lodestar calculation"). In establishing the reasonable hourly rate, the Court may take into account, among other factors, "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988) (internal marks and citation omitted).

PTOT's fee request is based upon the following hourly rates of Greenberg Traurig, LLP: $930.00 for shareholder David Bloch; $855.00 for shareholder Vivian Kuo; $825.00 for Shareholder Andrew Sommer; $605.25 for shareholder (of counsel during his work on this case); $727.50 for of counsel Cyrus Frelinghuysen; $490.50 for associate Jade Chen; $517.50 for associate Gregory Winter; $490.50 for associate Katie Albanese; $135 for legal support specialist Raymond Lee; $351 for paralegal Mark A. Ferragamo; $346.50 for paralegal Sambath Meas; $369 for paralegal Stanley M. Bryant; $535 for senior paralegal Dennis Meraz; $486 for associate Yoon-Woo Nam; $495 for associate Soyeon Jeong; $639 for associate Danielle Zapata; and $535.50 for associate Kelly Buckley. *See* Declaration of David Bloch In Support of Motion for Attorneys' Fees, ECF No. 218-1 at 7; *see also* Billing Mem. 7.

Here, the Court observes that Raymond Lee, Legal Support Specialist, is billed at $135/hour and Dennis Meraz, Senior Paralegal, is billed at $535/hour. Billing Mem. 7. The Court

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
6

1  was surprised by both rates. The Court is unaware of firms billing for non-lawyer/non-paralegal
2  time, and $535 per hour for paralegal time appears to be outside the reasonable range in this
3  district. *See TPCO US Holding, LLC v. Fussell*, No. 23-CV-01324-EMC, 2023 WL 5111986, at
4  *3 (N.D. Cal. Aug. 9, 2023) (noting that paralegal's rate of $305 is "above the average market rate
5  of $150–$240 for paralegals in the Bay Area" but "justified by her two-decades worth of
6  experience"). But Viavi challenged neither rate, and the Court declines to sua spote reduce them.
7  Under the circumstances of this case, the Court finds the remaining rates to be in line with "the
8  rate prevailing in the community for similar work performed by attorneys of comparable skill,
9  experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir.
10 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum*, 465 U.S. at 895,
11 n.11).

### B.     "But-For" Standard

The Court first considers Viavi's argument that the Court should exclude fees unrelated to the exceptional conduct or involving issues where Viavi's position was justified and successful. Opp. 1–2.

#### 1.     Filings Related to Motion to Stay

PTOT seeks to recover fees incurred in connection with PTOT's Motion to Stay Pending *IPR* ($34,372), Viavi's Motion to Lift Stay ($37,503), and Viavi's Motion for Reconsideration of Denial of Motion to Lift Stay ($33,075). Viavi argues the Court should exclude these fees because they "bear no relation to the exceptional conduct finding" and were instead predicated on PTOT's unsuccessful IPRs. Opp. 2.

In response, PTOT argues that it would not have incurred costs to stay the case pending IPR had Viavi dismissed the case sooner. Reply 2. PTOT filed the motion to stay on April 16, 2021. ECF No. 82. Strictly speaking, PTOT is correct that all fees incurred after January 20, 2021 related to the present action were only incurred "but for" Viavi's decision to keep the litigation going following that date. It was reasonable for PTOT to move to stay the case to save costs, and the Court determines that PTOT is entitled to its requested fees in this category.

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
7

### 2.  Briefing and Hearing Regarding Prosecution Bar Scope

PTOT seeks to recover fees relating to litigation of the prosecution bar ($6,360). Viavi argues these fees are unrelated to the alleged misconduct and should be excluded in whole. Opp. 2–3. On January 14, 2021, Judge van Keulen ordered the parties to submit supplemental briefing by January 20, 2021. ECF No. 40. Given the timing of the ordered supplemental briefing, which occurred prior to (or contemporaneous with) receipt of the Wu Declaration, the Court declines to award PTOT its fees incurred in connection with the briefing and hearing regarding the prosecution bar scope. Thus, the Court will reduce the total fee amount by $6,360.

### 3.  PTOT's Motion to Quash

PTOT seeks to recover $3,960 incurred with its motion to quash a third-party subpoena Viavi issued relating to PTOT optical filters that were sold after May 1, 2020. Judge van Keulen denied the motion because PTOT failed to establish its own standing to quash the subpoena. ECF No. 77. Viavi argues PTOT incurred fees in relation to this motion due to its own failure to research adequately whether it could bring such a motion, not any conduct by Viavi. Opp. 3. Although PTOT incurred these fees following the date of the Wu Declaration, the Court exercises its discretion to decline to award the fees. Time on this effort is excluded from the fee award, and each party shall bear their own costs associated with PTOT's unsuccessful motion to quash. Thus, the Court will reduce the total fee amount by $3,960.

### 4.  Viavi's Motion to Amend Contentions

PTOT seeks $165,226 in connection with its work opposing Viavi's motion to amend its infringement contentions. Viavi argues that the Court should not award these fees because it "reasonably believed it was entitled to continue pursuit of discovery into other such filters even in light of the Wu Declaration." Opp. 3. And because Viavi amended to accuse a non-11246 Filter, it argues that PTOT "cannot show that the conduct the Court found exceptional (i.e., continued pursuit of the 11246 filter) is the sole reason that it incurred fees opposing this motion." *Id.*

As the Court observed in the Fees Order, Viavi's counsel stated during the hearing on the motion to amend that it was keeping the claim charts based on the 11246 Filter in the infringement

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
8

contentions as "belt and suspenders." Fee Order 11–12. Even with the benefit of the Wu Declaration, Viavi explained it would drop its claims related to the 11246 Filter *if discovery revealed* that PTOT is no longer making the 11246 Filter. *Id.* at 12. Viavi's representations during the hearing undermine any after-the-fact stated intent to drop claims based on the 11246 Filter. PTOT is entitled to its attorneys' fees arising out of Viavi's motion to amend its infringement contentions.

### 5. Viavi's Motion to Dismiss

PTOT seeks $45,575 in fees in connection with its work opposing Viavi's motion to dismiss. Viavi argues that although PTOT disagreed with specific wording in Viavi's proposed order, it should not be compensated for its unsuccessful challenge to this motion, which does not bear a "but for" relation to the misconduct. Opp. 3–4. The Court agrees PTOT is not entitled to recover fees related to Viavi's motion to dismiss. Although PTOT argues that Viavi "refused to stipulate to a straightforward order," Viavi was entitled to challenge dismissal terms it believed were unfavorable. The Court is disappointed the parties could not reach agreement to obviate the need for motion practice. But Viavi was ultimately seeking to dismiss its own case against PTOT's 11246 Filter *with prejudice*. ECF No. 192-3.

Each side shall bear its own costs related to Viavi's motion to dismiss. Thus, the Court will reduce the total fee amount by $45,575.

### 6. Settlement

Viavi argues that PTOT's request for $115,953 in fees relating to the parties' mediation were not incurred as part of the present case and should be excluded in full. Opp. 4. On January 5, 2023, this Court issued an order in the -6655 Action referring the case to Judge DeMarchi for mediation. -6655 Action, ECF No. 125. Mediation was held on February 1, 2023. By that point, Viavi had already moved to dismiss the present case.

PTOT contends that, although settlement was ordered in the -6655 Action, the settlement discussion covered the present action, too. Reply 3. Nevertheless, PTOT responds that it will reduce the requested fees by 50%, presumably to account for the inclusion of the -6655 Action.

Reply 3–4. Beyond the 50% reduction, Viavi argues the requested fees for mediation should be further reduced by 22% because they are excessive, redundant, or otherwise unnecessary. Opp. 7. Specifically, Viavi takes issue that paralegal Stanley M. Bryant spent 16 hours making binders of exhibits to prepare for mediation ($5,904), and PTOT seeks fees billed by three attorneys for the duplicative tasks of preparing for and participating in the mediation ($28,827). *Id.* at 7–8.

While the Court appreciates PTOT's willingness to reduce the requested amount by 50%, additional reductions are warranted. First, the Court recognizes that paralegal support for a complex mediation can be costly. But 16 hours of binder preparation strikes the Court as excessive, and the Court will award only half of the requested fees for binder preparation. Second, as for the number of attorneys preparing for and participating in the mediation, the Court finds that three attorneys is unnecessary. Two attorneys' involvement in settlement is more than sufficient. Accordingly, the total amount for those three attorneys' time spent preparing for and participating in mediation will be reduced by 33%.

In sum, PTOT originally requested $115,953 in fees related to settlement efforts. It then agreed to reduce that amount by half, so the new starting amount is $57,977. The Court will further reduce that amount by $2,952 (50% of the paralegal time) and $9,609 (33% of the duplicative attorney time). The Court will therefore reduce the original amount by $70,537, and the total amount awarded for this category comes to $45,416.

### C. Reasonable Fee Award

Viavi also challenges certain categories of requested fees as being unreasonable and requests that the Court reduce certain fees accordingly. Opp. 4–5.

#### 1. PTOT's Renewed Motion for Summary Judgment

Viavi urges the Court to reduce PTOT's requested fee amount of $32,967 for PTOT's renewed motion for summary judgment where the parties simply filed one-page "re-notices" of their previously filed summary judgment motions. Opp. 4 (citing ECF Nos. 180, 194, 198). PTOT seeks to recover $6,683 billed for 17.3 hours spent by paralegal Mr. Bryant preparing binders of briefs and exhibits. PTOT argues the amount is reasonable and recoverable because

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
10

1  "his activities were required by the Court's standing orders." Reply 4. PTOT appears to be

2  referencing the Court's standing order requiring chambers copies for dispositive motions. Even

3  so, the task of preparing chambers copies can typically be handled by non-billing secretarial

4  support staff, and, in any event, 17 hours of binder preparation again seems excessive. The Court

5  will reduce the request by 50%.

6  Viavi also challenges PTOT's block billing time entries because they lack sufficient

7  information for Viavi (and the Court) to assess the exact time spent on each task. Opp. 5. The

8  Court agrees that block billing makes it impossible to identify how much time was dedicated to

9  which task. Rather than parse out the block billed entries, PTOT argues the motions worked on

10 related to the challenged time would not "have been necessary but for Viavi's misconduct." Reply

11 4. The Court will apply a 20% reduction to those entries block billed. *Welch v. Metro. Life Ins.*

12 *Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to

13 reduce hours that are billed in block format").

14 Accordingly, the Court reduces the original requested amount of $32,967 of fees for

15 PTOT's renewed motion for summary judgment by $3,342 (50% of paralegal time) and $5,061

16 (20% of Cyrus T. Frelinghuysen's 34.5 hours totaling $25,305.74 which were block billed).

17 PTOT is entitled to recover $24,564 of its fees in this category.

### 2. PTOT's Cost Bill

19 Viavi requests a reduction in the $26,748 PTOT seeks related to the cost bill because

20 PTOT's attorneys "unreasonably billed more than three times the fees than the $8,201.04 in costs

21 sought." Opp. 5 (citing ECF No. 213). PTOT agrees to reduce the requested amount to $8,201 to

22 "break even." Reply 4. With this $18,547 reduction, the Court finds PTOT's requested fees in

23 preparing the cost bill reasonable. PTOT is entitled to recover $8,201 for this category.

### 3. PTOT's Motion for Fees ($233,895) and Supplemental Submission ($73,515)

26 For its motion for fees ($233,895) and supplemental submission ($73,515), PTOT seeks

27 $307,410 in fees incurred for roughly 450 hours of work on these motions. Viavi argues that this

28 Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES

11

amount is "facially unreasonable" and should be reduced "off the top by 20%." Opp. 5–6 (citing *Harrison v. Metro. Life Ins. Co.*, No. 13-cv-05585-VC, 2016 U.S. Dist. LEXIS 112742, at *7-8 (N.D. Cal. June 21, 2016) (reducing fees based on finding that "[i]t is facially unreasonable to devote almost 100 hours of attorney time to a fee motion – particularly given that" the hours spent on the fees motion accounted for roughly a fifth of the overall hours sought) and *East West Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 U.S. Dist. LEXIS 242618, at *19 (N.D. Cal. Dec. 20, 2021) (reducing fees sought for an attorneys' fees motion "because in total the amount billed far exceeds the reasonableness of the fee requested")).

Over PTOT's objection, the Court finds it appropriate to reduce the $233,895 in fees PTOT seeks for its fee motion (ECF No. 218) by 27% for PTOT's unsuccessful arguments seeking sanctions under § 1927 and expert witness fees. Fees Order 15–17. PTOT's entries (ECF No. 239-29) do not specify the time spent on these claims, so the Court finds it appropriate to reduce the amount of fees proportional to the briefing on these issues. As Viavi notes, 10 of 37 pages in PTOT's motion for attorneys' fees and reply (or 27%) were devoted exclusively to the unsuccessful arguments. *See* Mot. at §§ III.B, IV.B; PTOT Reply in Support of Attorneys' Fees Motion, ECF No. 229, at §§ II.B, II.C. Accordingly, a reduction of 27% is reasonable under these circumstances.

Viavi's challenge to PTOT's decision to bill multiple PTOT matters under the same billing number is well taken. Viavi should not be penalized for PTOT's decision to group multiple matters into one code and then be responsible for PTOT's time spent disaggregating the time entries. However, PTOT states it is not seeking to recover the hours spent disaggregating time entries unrelated to the present case. Reply 5. Nevertheless, the Court does find that over 50 hours and $31,533.70 spent specifically for the "redactions" and "relevance" for the supplemental fee submission to be somewhat excessive and will reduce that amount by 50%.

In sum, PTOT originally sought $233,895 for its motion for fees and $73,515 for its supplemental submission for a total of $307,410. The Court will reduce that amount by $83,000.70 (27% of fees motion) and $15,766.85 (50% of fees incurred related to "redactions" and

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
12

"relevance" of supplemental fees submission).

####    4.      Settlement

Viavi argues that even if the Court finds that the fees incurred for the parties' mediation should not be entirely excluded, the Court should significantly reduce the requested $115,953 in fees. Opp. 7–8. The Court addressed a reduction in the settlement fees above. *See supra* Section III.B.6.

####    5.      Other Discovery and Expert Discovery

PTOT seeks to recover $28,702 for fees incurred related to "other discovery" and $3,087 for "expert discovery." Viavi requests that the Court reduce both amounts. As to "other discovery" fees, Viavi argues that extensive redactions preclude review for causal connection or reasonableness. Opp. 8. And for "expert discovery," Viavi seeks to exclude the entire amount because the time entries similarly fail to include information sufficient to determine a causal connection to the exceptional conduct or whether they were incurred as part of the present case (as compared to the -6655 Action or the IPRs). *Id.*

Turning first to the "other discovery" fees, the Court has reviewed the billing records and finds that PTOT may have been overzealous in its redactions. One of the heavily redacted sections identified by Viavi (Billing Mem., Ex. A at 43, rows 12–19) concerns fees incurred relating to the third-party subpoena of the Company. For reasons explained above, the Court excluded fees related to PTOT's motion to quash and will exclude the amounts requested in rows 14–16 ($4,149). *See supra* Section III.B.3. The Court will also exclude $1,289.25 in fees claimed that appear to have been incurred for the -6655 Action. *See id.*, Ex. A at 44, rows 12–14 (referring to review of the "new complaint" and "new patent").

The Court declines to exclude the "Expert Discovery" fees because, unlike the entries above that clearly refer to the "new complaint," it is not apparent from the identified billing entries (Ex. A at 31, rows 16–17) whether the fees were incurred as part of the -6655 Action or the IPRs. The Court has no reason to doubt PTOT's representations that these entries were appropriated allocated to the present case.

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
13

In sum, the Court will reduce the fee award by $5,438.25.

### 6.     Motion to Compel Discovery

PTOT seeks $21,293 in fees for the motion to compel discovery. Viavi identifies an inconsistency between the claimed $21,293 incurred between 2/24/21–3/1/21 on the one hand, and the spreadsheet showing only one entry totaling $550.13. PTOT responds that Viavi correctly identified that the motion to compel discovery does not appear in the 2/24–3/1/24 timeframe but instead in the time entries run from 2/2–2/24/21. In other words, PTOT made a mistake in the chart in its supplemental billing memorandum. Despite this oversight regarding the correct billing time frame, the Court confirmed the entries exist in the 2/2–2/24/21 period and will not reduce the amount for PTOT's minor error.

## IV.    CONCLUSION

For the foregoing reasons, PTOT's motion for attorneys' fees is GRANTED IN PART AND DENIED IN PART. With the above reductions, the Court finds that PTOT is entitled to $713,077.20 in fees.

**IT IS SO ORDERED.**

Dated: December 12, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-05501-EJD
ORDER REGARDING ATTORNEYS' FEES
14