UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM OPTICS TECHNOLOGY INC.,<br><br>Defendant. | Case No.  20-cv-05501-EJD<br><br>**ORDER GRANTING MOTION TO WAIVE THE *SUPERSEDEAS* BOND REQUIREMENT**<br><br>Re: ECF No. 247 |

On December 12, 2024, the Court granted in part and denied in part Defendant Platinum Optics Inc.'s ("PTOT") motion for attorneys' fees and awarded PTOT $713,077.20 in fees. ECF No. 245.  Viavi filed a Notice of Appeal of that order on January 9, 2025.  ECF No. 246. Before the Court is Viavi's motion to waive the supersedeas bond requirement.  ECF No. 247 ("Mot." or "Motion").

**I.   LEGAL STANDARD**

Pursuant to Rule 62(b) "a party may obtain a stay of the proceedings to enforce the judgment by providing a bond or other security."  Under Rule 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond."  Fed. R. Civ. P. 62(d).  "District courts have inherent discretionary authority in setting supersedeas bonds."  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 09-CV-05235-MMC, 2017 WL 2311249, at *1 (N.D. Cal. May 26, 2017) (quoting *Rachel v. Banana Republic, Inc.*, 831 F.3d 1503, 1505. n.1 (9th Cir. 1987)).  "This includes the discretion to allow other forms of judgment guarantee, and broad discretionary power to waive the bond requirement if it sees fit."  *Id.* (quoting *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012)).

Case No.: 20-cv-05501-EJD
ORDER GRANTING MOTION TO WAIVE BOND REQUIREMENT
1

In determining whether to waive the bond requirement, courts have considered the following factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial condition that the requirement to post a bond would place other creditors of the defendant in an insecure position." *See id.* (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)); *see also Kranson v. Fed. Express Corp.*, 11-cv-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) ("[c]ourts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement").

Viavi "has the burden to objectively demonstrate the reasons for departing from the usual requirement of a full supersedeas bond." *Cotton*, 860 F. Supp. 2d at 1028 (internal quotation and citation omitted).

## II.     DISCUSSION

Viavi argues that the Court should stay payment of the fee award without requiring a *supersedeas* bond because Viavi's ability to pay the award "is so plain the expense of a supersedeas bond would be a waste of money." Mot. 2. The Court finds the *Dillion* factors favor waiving the bond requirement.

As to the first and second factors, the collection process would not be complex because Viavi has established that it can promptly pay PTOT. Viavi's accounting department has already "taken steps to ensure" that the fee award can be paid if affirmed on appeal. *See* Beck Decl. ¶ 5, ECF No. 246-1 ("Viavi's accounting department has already accrued for the possibility that the full judgment, and any interest thereon, may be required after conclusion of the appeal"). Additionally, Viavi has shown that it has a practice of paying debts shortly after they are due, and in this instance, Viavi sufficiently demonstrates that it can pay any judgment within 30 days of any affirmed decision on appeal. *See id.* ¶ 7 (attesting that Viavi paid PTOT damages owed within 10 days after order to do so in international proceeding). Factors one and two thus favor waiving the

Case No.: 20-cv-05501-EJD
ORDER GRANTING MOTION TO WAIVE BOND REQUIREMENT
2

bond requirement.

Next, as to the third and fourth factors, Viavi has shown that the Court can be confident in Viavi's ability to pay the award and the availability of the funds. For example, Viavi has a $2.2B market cap and, as reported in the Form 10-Q quarterly report filed in November 2024, Viavi holds total assets of $1.74B. *See* Beck Decl.¶ 3, Ex. A. PTOT argues that Viavi's size alone does not warrant waiver of the bond, and uncertainties regarding international tariffs may impact Viavi's financial health. Opp. 6.[1] Although "size is no guarantee of solvency," *Translogic Tech., Inc. v. Hitachi, Ltd*, 2006 U.S. Dist. LEXIS 17290, at *16–17 (D. Or. Apr. 5, 2006), the Court is satisfied in this instance that Viavi has the funds to pay the judgment promptly. Nor is the Court convinced by PTOT's speculative assumptions about the future. The award is relatively small and represents a fraction of Viavi's assets. Accordingly, factors three and four favor waiving the bond requirement.

As to the final factor, Viavi has not shown that its requirement to post a bond would disadvantage its current creditors. Thus, this factor does not favor waiving the bond requirement.

\* \* \*

On balance, the Court finds that all but the final factor favor waiving the bond requirement pending appeal. The Court will therefore exercise its discretion to waive the requirement of a bond in this case pending Viavi's appeal to the Federal Circuit.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Viavi's Motion to Waive the Supersedeas Bond Requirement.

**IT IS SO ORDERED.**

Dated: March 3, 2025

EDWARD J. DAVILA
United States District Judge

---

[1] PTOT's cited cases are not persuasive because those courts denied waiver based on circumstances not present here. *See* Opp. 5–6.

Case No.: 20-cv-05501-EJD
ORDER GRANTING MOTION TO WAIVE BOND REQUIREMENT
3